UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT SCOTT GRIZZLE,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, et al.<br><br>　　　　　　　　　Defendants. | Case No.: 17-CV-813-JLS (PCL)<br><br>**ORDER (1) ADOPTING IN PART REPORT AND RECOMMENDATION; (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF Nos. 55, 63) |

Presently before the Court is Plaintiff Elliot Scott Grizzle's Complaint, ("Compl.," ECF No. 1). Certain Defendants[1] have moved to dismiss the Complaint, ("MTD," ECF No. 55). Also before the Court is Plaintiff's Opposition to the Motion to Dismiss, ("Opp'n," ECF No. 59) and Moving Defendants' Reply in Support of the Motion, ("Reply," ECF No. 60). Magistrate Judge Peter C. Lewis has issued a Report and

---

[1] These Defendants are Carl Brewer, Thomas Camalleri, Benjamin Cole, Cristian Davida, Matthew M. Ellsworth, Gregory Epps, Eric Froisted, William Gore, Jeremy Hepler, Edgar Huerta, Jesse Johns, Lena LoveLace, Ryan LoveLace, Nathan McKemmy, Francis Mondragon, Jin Moon, Joseph Navarro, Patrick Newlander, Anthony Oliver, Christopher Olsen, Christopher Simms, Karl Warren, and Anthony White, (hereinafter, "Moving Defendants").

1

Recommendation regarding the Motion, ("R&R," ECF No. 63), to which Plaintiff has filed an Objection ("Obj.," ECF No. 68.), and to which Moving Defendants have filed a Reply,[2] ("Reply R&R," ECF No. 69).

Having considered the Parties' arguments and the law, as well as all supporting documents, the Court rules as follows.

## BACKGROUND

Judge Peter C. Lewis's Report and Recommendation contains a complete and accurate recitation of the relevant portions of the factual and procedural histories underlying Plaintiff's Complaint. (*See* R&R 2–5.)[3] This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

In his Complaint, Plaintiff alleges (1) Defendants violated his Fourteenth Amendment right to due process, (2) Defendants violated his Eighth Amendment right to sleep, and (3) Defendants violated his Eight Amendment right to exercise. Moving

---

[2] Moving Defendants did not file a separate objection but stated an objection in their Reply. The Court will consider the objection.

[3] Pin Citations refer to the CM/ECF page number electronically stamped at the top of each page.

Defendants' Motion to Dismiss argues (1) Plaintiff's housing in administrative segregation does not implicate due process protections, (2) Plaintiff's alleged inability to sleep and the timing of the recreation are insufficient to implicate the Eighth Amendment, and (3) the Complaint fails to state any factually plausible claims for personal liability against the Moving Defendants. Judge Lewis recommends this Court grant Moving Defendants' Motion to Dismiss as to all three claims. Plaintiff has filed an Objection to the R&R, therefore this Court will review, *de novo*, those parts of the R&R to which Plaintiff objects and will review for clear error the parts of the R&R to which Plaintiff does not object.

## I. Legal Standard

42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. Placement in Administrative Segregation

Plaintiff alleges his placement in solitary confinement is a violation of the Fourteenth Amendment because he has not received verbal or written notice as to the reason for the confinement. (Compl. 17.) Moving Defendants argue that Plaintiff has no Fourteenth Amendment claim because administrative segregation does not implicate Due Process protections. (MTD 4.)

Due process requires that "[p]rison officials must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated" for administrative purposes. *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). In addition, "prison officials must inform the prisoner of the charges against the prisoner or their reasons for segregation" and "allow the prisoner to present his view." *Id*. The prisoner, however, is not entitled to "detailed written notice of charges, representation of counsel or counsel-

3

17-CV-813-JLS (PCL)

substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." *Id*. at 1100–01.

Here, Plaintiff alleges he was immediately placed in administrative segregation upon arrival to San Diego County Jail ("SDCJ") on August 3, 2016. (Compl. 11.) Plaintiff asked why he was placed in confinement, but was denied an adequate answer. (*Id.*) On August 4, 2016, Plaintiff filed an inmate request "seeking notice of the reason for plaintiff's placement in solitary confinement." (*Id.*) Plaintiff never received a response back. (*Id.*) After one week in administrative segregation, Plaintiff filled out a grievance form "objecting to his placement in solitary confinement and the complete denial of due process in the form of notice, hearing and periodic review." (*Id.* at 13.) Plaintiff never received a response back about the grievance form. (*Id.*) Plaintiff filled out another grievance form contesting his placement in administrative segregation without due process on March 30, 2017. (*Id*. at 16.) Plaintiff again received no response to the grievance form. (*Id.*)

Moving Defendants argue that Plaintiff's placement in administrative segregation does not implicate Due Process rights. (MTD 4.) Moving Defendants also claim Plaintiff's placement in administrative segregation was within the San Diego Sheriff's authority to manage the jail. (*Id.* at 4–5.) Judge Lewis found that Plaintiff's Fourteenth Amendment Right to Due Process was violated and recommends the Court deny the Motion to Dismiss for this claim. (R&R 8–9.) Moving Defendants have not objected to Judge Lewis's recommendation.

Plaintiff should have received (1) an informal, nonadversary hearing within a reasonable time after being placed in administrative segregation for administrative purposes, (2) a written decision describing the reasons for placing him in administrative segregation, and (3) an opportunity to present his view. *Toussaint*, 801 F.2d at 1100. Plaintiff did not receive any of these recognized rights upon being placed in administrative segregation. The Court finds the denial of an informal, nonadversary hearing within a reasonable time after administrative segregation is a constitutional violation. The Court agrees with Judge Lewis that Plaintiff has sufficient stated a claim with regards to

placement in administrative segregation. The Court **ADOPTS** the R&R as to this claim. Moving Defendants' Motion to Dismiss this claim is **DENIED**.

## III. Conditions of Incarceration

In Plaintiff's second and third cause of action, he argues his Eighth Amendment rights were violated because he has been deprived of sleep and outdoor exercise. (Compl. 17.) Plaintiff asserts that he was a pretrial detainee at the time SDCJ committed the alleged violations. (*Id.* at 11.) Both Moving Defendants and Plaintiff analyze the second and third causes of action under the Eighth Amendment. (*Id.* at 17; MTD 6.) Judge Lewis analyzes the causes of action under the Fourteenth Amendment. (R&R 9.)

The Fourteenth Amendment protects the rights of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004) (quoting *Bell*, 441 U.S. at 535). During the period of detention prior to trial, a pretrial detainee may be properly subject to the conditions of the jail so long as they do not amount to punishment. *Bell*, 441 U.S. at 536–37. "Unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate a pretrial detainee's right to be free from punishment." *Hatter v. Dyer*, 154 F. Supp. 3d 940, 945 (C.D. Cal. 2015) (citing *Block v. Rutherford*, 468 U.S. 576, 584 (1984)). "While a pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pretrial detainees." *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008). The Court will analyze Plaintiff's second and third causes of action under the Fourteenth Amendment.

### A. Sleep Deprivation

Plaintiff alleges his constitutional rights were violated because he was placed in a brightly illuminated prison cell with constant disruptions and was deprived of sleep. (Compl. 11–13, 15, 17.) Moving Defendants do not dispute that Plaintiff was subject to illumination and noise but argue that Plaintiff's inability to sleep was incidental to

5

17-CV-813-JLS (PCL)

incarceration and there are adequate penological justifications for the lighting being turned on nineteen hours a day and sounds that resulted in loss of sleep. (MTD 7.) Moving Defendants assert that Plaintiff's loss of sleep does not constitute a constitutional violation. (*Id.* at 6.)

*1. Constant Illumination Claim*

Plaintiff asserts that he was deprived of sleep due to constant illumination in his prison cell. (Compl. 12.) Moving Defendants argue that there are adequate penological justifications for the lighting practices at SDCJ. (MTD 7.) Judge Lewis found that there was a legitimate penological purpose for lights being turned on for nineteen hours a day and the lighting did not constitute punishment. (R&R 12.) Judge Lewis reasoned that because the lighting did not constitute punishment, Plaintiff has not sufficiently stated a constitutional violation. (*Id.*)

Various courts have analyzed the issue of illuminated prison cells. In *LeMaire v. Maass*, the court held that the plaintiff's rights had been violated when he alleged he had been subjected to constant illumination for twenty-four hours a day. 745 F. Supp. 623, 636 (D. Or. 1990), *vacated on other grounds*, 12 F.3d 1444 (9th Cir. 1993). The court determined "there is no legitimate penological justification for requiring plaintiff to suffer physical and physiological harm by living in constant illumination" where constant illumination meant twenty-four hours of lighting per day. *Id.* The court based its finding on expert testimony that twenty-four hour per day lighting "makes sleep difficult and exacerbates the harm" and on the fact that the defendants there did not cite to any legitimate penological justification for the constant lighting. *Id.* In *Keenan v. Hall*, the Ninth Circuit relied on *LeMaire* and determined that there was a triable issue of fact on a continuous lighting claim where a prisoner was subjected to two large fluorescent lights that were kept on twenty-four hours a day for six months, and the prisoner claimed that the lighting caused him "'grave sleeping problems' and other and psychological problems." 83 F.3d 1083, 1091 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). The court noted that the prison officials in that case had "no legitimate penological justification for requiring

inmates to suffer physical and psychological harm by living in constant illumination." *Id.* at 1090.

In contrast, the prisoner in *Hampton v. Ryan* was confined to a prison cell that was illuminated but dimly lit for six hours on weekdays and four hours on weekends. No. CV 03-1706-PHX-NVW, 2006 WL 3497780, at *35–37 (D. Ariz. Dec. 4, 2006) *aff'd*, 288 Fed. Appx. 404 (9th Cir. 2008). During this time, the security lights were dimmed to the brightness of a child's nightlight in order to facilitate sleep. *See id.* The court found that the illumination was not punitive in nature and that there was a penological justification for the security lights because they "allow[] for regular security checks on inmates while maintaining officer safety." *Id.* at *37.

In *Walker*, the plaintiffs relied on *Keenan* and *LeMaire* to support their assertion that twenty-four hour illumination violated their constitutional rights. *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1013–14 (S.D. Cal. 2006). The court determined that the lighting conditions in those two cases were constitutional violations because of the alleged physiological harm caused by the lighting, not because the lights were turned on. *Id.* at 1014. The defendants in *Walker* asserted there was a penological justification for the twenty-four hour lighting because the lighting permitted guards to perform cell counts. *See id.* at 1015. The court found "[c]ontinuous low-wattage lighting may [] be permissible where it is based on a legitimate prison security concern." *Id.* (citing *King v. Frank*, 371 F. Supp. 2d 977 (W.D. Wis. 2005)). The court determined the plaintiff had not pled a constitutional violation. *See id.*

The present case is different from *LeMaire*, because Plaintiff has not alleged he was subject to constant bright light illumination during his detention. SDJC dims the cell lighting for five hours during the night to allow inmates to sleep, while still permitting officers to see inside the cells to monitor inmates. (Compl. 12; MTD 8.) Thus, this case is more similar to *Hampton* and *Walker*, because Plaintiff is not subject to constant bright light illumination and the illumination has a penological justification which is to allow security guards to monitor inmates at night. Moving Defendants justify the lighting

7

conditions by stating that "officers need to be able to see inside cells in order to monitor inmates during the night." (MTD 8.) This Court finds the lighting conditions do not constitute punishment, therefore Plaintiff has not alleged a constitutional violation.

In Plaintiff's Objection to the R&R, Plaintiff does not present any new arguments that were not previously addressed in his Opposition to Motion to Dismiss. (Obj. 3–4.) Plaintiff also requests leave to amend to properly plead the sleep deprivation claim. (Obj. 5.) Having reviewed Judge Lewis's R&R, as well as Plaintiff's Objection to the R&R, the Court **OVERRULES** Plaintiff's Objection as to this claim, **ADOPTS** the R&R, and **GRANTS** Moving Defendants' Motion to Dismiss this claim.

*2. Excessive Noise Claim*

Plaintiff also alleges that mentally ill inmates' screaming, banging, and throwing of feces and trash hindered Plaintiff's ability to sleep. (Compl. 13.) Moving Defendants argue that these noises are out of their control and are incidental to incarceration. (MTD 7.) Judge Lewis found the noise conditions were not so excessive as to amount to a violation of Plaintiff's right. (R&R 12.) Again, Plaintiff objects to the R&R as to this issue.[4] (Obj. 3.)

"[T]he Eighth Amendment requires that [inmates] be housed in an environment that, if not quiet, is at least reasonably free of excess noise." *Keenan*, 83 F.3d at 1091 (second alteration in original) (quoting *Toussaint v. McCarthy*, 597 F. Supp. 1388, 1397 (N.D. Cal. 1984), *aff'd in part, rev'd in part on other grounds*, 801 F.2d 1080 (9th Cir. 1986)). In *Keenan*, the court determined the plaintiff had produced sufficient evidence to state an issue of material fact because he alleged "that at all times of day and night" inmates "were screaming, wailing, crying, singing, and yelling" and there was "a constant, loud banging" for a period of six months. *Id.* at 1090. Similarly, the court in *Toussaint* found that an "unrelenting, nerve-racking din" constituted excess noise such that it violated the inmate's

---

[4] Plaintiff's Objection to the R&R repeats arguments from his Opposition to the Motion to Dismiss and requests leave to amend claims with regards to the sleep deprivation issue.

Eighth Amendment rights. 597 F. Supp. at 1397–98; *but see Mendoza v. Blodgett*, No. C-89-770-JBH, 1990 WL 263527, at *2, 5 (E.D. Wash. Dec. 21, 1990) (holding that the prisoner's one night without sleep did not rise to the level of a constitutional violation).

Unlike in *Keenan* and *Toussaint*, Plaintiff here has not alleged how often the noise by other inmates caused him sleep deprivation. Plaintiff has only broadly alleged "inmates [] screamed, yelled, banged loudly, threw feces and trash." (Compl. 13.) Plaintiff has not stated how often the noise occurred, nor that it was constant. The Court cannot find that the noise is "excessive" and therefore, Plaintiff has not alleged the noise level violates his constitutional rights. *Keenan*, 83 F.3d at 1091.

In sum, Plaintiff has not presented sufficient facts to support his assertion that lighting conditions and noise levels constitute punishment, therefore Plaintiff has not sufficiently stated a Fourteenth Amendment due process right violation. This Court **ADOPTS** the R&R, **OVERRULES** Plaintiff's Objections to the R&R, and **GRANTS** Moving Defendants' Motion to Dismiss this claim.

### *B. Denial of Yard Time*

Plaintiff asserts that the scheduled recreational time for administrative segregation inmates is from 1:00 a.m. to 3:30 a.m., during the period where lights are dimmed. (Compl. 12.) He also asserts that he has no access to outdoor exercise. (*Id.*) Plaintiff alleges that the timing of the exercise during sleeping hours and the lack of outdoor exercise is a constitutional violation. (*Id.*) Moving Defendants argue that Plaintiff's discontent with the timing of exercise is not a valid claim and due to SDCJ's urban setting, the lack of outdoor exercise is not a violation. (MTD 8.)

"Deprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation." *Keenan*, 83 F.3d at 1089 (citing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979)). In *Spain*, the court recognized "some form of regular outdoor exercise is extremely important to the psychological and physical well-being of the inmates." 600 F.2d at 199. "[P]ractical difficulties that arise in administering a prison facility from time to time might justify an occasional and brief

deprivation of an inmate's opportunity to exercise outside." *Allen v. Sakai*, 48 F.3d 1082, 1088 (9th Cir. 1994). However, "the cost or inconvenience of providing adequate [exercise] facilities is not a defense to the imposition of a cruel punishment." *Spain*, 600 F.2d at 200.

### 1. Choice Between Sleep and Exercise

Plaintiff first alleges that his constitutional rights have been violated because he had to choose between exercise and sleep. (Compl. 15.) He argues the only time he is permitted exercise, from 1:00 a.m. to 3:30 a.m., is during one of the two blocks of time where the lights are dimmed in his cell. Moving Defendants argue that the timing of Plaintiff's recreation is not a violation because Plaintiff has been allotted time to exercise even if the timing is unappealing to Plaintiff. (MTD 8.) Judge Lewis found that Plaintiff had not sufficiently stated a claim because the inconvenient timing of exercise time was not a punishment and thus not a Constitutional violation. (R&R 14.)

In his objections to the R&R, Plaintiff cites to *Allen v. City of Honolulu*, where the court determined "an inmate cannot be forced to sacrifice one constitutionally protected right solely because another is respected." 39 F.3d 936, 938–39 (9th Cir. 1994). (Obj 4.) There, the prisoner had to choose between exercise and library time. *Id.* The court found for the prisoner, because forcing a prisoner to choose between two constitutionally protected rights was a violation and the prison official offered no justification for his failure to afford the prisoner with both law library and exercise time. *Id.; see also Hebbe v. Pliler* 627 F.3d 338 (9th Cir. 2010) (finding the prisoner had sufficiently alleged a constitutional violation as the prisoner was forced to choose between exercise and law library time).

Similarly here, Plaintiff alleges he must choose between two recognized rights, exercise and sleep. Moving Defendants acknowledge that SDCJ must provide a minimum of three hours of recreation time over a period of seven days. (MTD 8 (citing *Minimum Standards for Local Detention Facilities*, Title 15-Crime Prevention & Corrections, § 1065 (2012)).) The *Minimum Standards for Local Detention Facilities* is authorized by California Penal Code § 6030, which requires Board of State and Community Corrections

to establish minimum standards for local correctional facilities. Inmates are also entitled to confinement conditions which do not result in chronic sleep deprivation. *See Keenan*, 83 F.3d at 1090; *Chappell v. Mandeville*, 706 F.3d 1052, 1060 (9th Cir. 2013).

It is true that SDJC provides Plaintiff with more than the required time for exercise. If Plaintiff exercises even two days of the week, he could exercise for 5 hours per week, which is more than is required by the *Minimum Standards*. Moving Defendants argue "while the deputies may have been aware of the inconvenience of the timing, Plaintiff has also not set forth any facts that deputies did not have a valid reason for the scheduling of his recreation time." (MTD 9). But what is lacking is Moving Defendants' assertion of any valid reason for scheduling the recreation time during the exact period the lights are dimmed to permit sleeping. Without any valid justification to force inmates to choose between these two protected rights, the Court finds Plaintiff has pled a constitutional violation. This Court **REJECTS** the R&R as to this claim and **DENIES** Defendants' Motion to Dismiss.

*2. Denial of Outdoor Exercise*

Plaintiff also claims that he has been denied access to outdoor exercise for eight months. (Compl. 1, 12.) SDCJ allows administrative segregation inmates and pretrial detainees exercise time in the "recreation yard" for two and half hours per day. (*Id.*) The "recreation yard" is an enclosed room with no direct sunlight. (*Id.*) Judge Lewis found that the lack of outdoor exercise was a constitutional violation and recommended the Court deny the Motion to Dismiss as to this claim. (R&R 14.) Moving Defendants object and argue that due to the constraints of urban jails, Plaintiff's allegations of lack of outdoor exercise does not rise to a constitutional violation. (Reply R&R 3.) Moving Defendants assert that the urban environments limits the facility from having an outside recreation yard. (*Id.*)

In *Spain*, the court held that a prison's policy of not affording outdoor recreation violated the Eighth Amendment. *Spain*, 600 F.2d at 200; *see also Sakai*, 48 F.3d at 1087– 88 (finding a constitutional violation when the prisoner had only been allowed forty-five

minutes of outdoor exercise per week for a period of six weeks); *Keenan*, 83 F.3d at 1090 (reversing summary judgment because the plaintiff had presented sufficient evidence to proceed on his Eight Amendment violation claim as his exercise was confined to a 10 foot by 12 foot room). In *Lopez v. Smith*, the court found the prisoner had sufficiently stated a constitutional violation as articulated by the standard in *Sakai* when the prisoner had been denied all outdoor exercise for a period of forty-five days. 203 F.3d 1122, 1133 (9th Cir. 2000). Here, Plaintiff has alleged a greater harm than in *Lopez v. Smith*, as Plaintiff had no outdoor exercise for a period of eight months. (Compl. 1, 13.)

Moving Defendants object to the R&R's finding that the denial of outdoor recreation was a constitutional violation because Ninth Circuit precedent does not address jails in an urban setting. (Reply R&R 3.) Moving Defendants assert that the urban setting of the jail prevents SDCJ from allowing inmates outdoor recreation, but Moving Defendants do not claim that is impossible to provide outdoor exercise, especially to inmates that are housed at SDCJ for an extended period of time. (*Id.*) In *Spain*, the court determined that "[t]he cost or inconvenience of providing adequate [exercise] facilities [] is not a defense to the imposition of cruel punishment." *Spain*, 600 F.2d at 200. There, the court based its decision on the fact that the denial of outdoor recreation was not temporary as adjustment center prisoners had no outdoor recreation for four years and because the prison had failed to give adequate justification as to why adjustment center inmates were not allowed outdoor exercise for the duration of their confinement in the adjustment center. *Id.* The case at hand is similar to *Spain* because the denial of outdoor exercise was not temporary as Plaintiff did not receive outdoor exercise for a period of eight months. This Court finds Plaintiff has sufficiently stated that the deprival of outdoor exercise was a constitutional violation. For these reasons, this Court **ADOPTS** the R&R, **OVERRULES** Moving Defendants' objection to the R&R, and **DENIES** Moving Defendants' Motion to Dismiss this claim.

### IV. Section 1983 Affirmative Participation Requirement

Plaintiff has sufficiently pled two constitutional violations under the Fourteenth

Amendment, but Plaintiff must also allege personal participation by Moving Defendants in the deprivation of his rights. Plaintiff alleges that all listed Defendants are liable for constitutional violations because Defendants were put on notice of the violation of due process and were "deliberately indifferent" to Plaintiff's pain and suffering. (Compl. 17–18.) Moving Defendants argue that Plaintiff failed to allege plausible claims against each Defendant because Plaintiff has not alleged they personally participated in the violations. (MTD 9.)

A person "subjects" another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made. *Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A plaintiff must allege facts, not simply conclusions that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The court will first address the liability of Sheriff Gore and then will address the remaining Moving Defendants.

### A. Sheriff Gore

Plaintiff alleges Sheriff Gore was deliberately indifferent to Plaintiff's pain and suffering. (Compl. 18.) On March 30, 2017, Plaintiff wrote a letter to Defendant Gore "putting him on notice of the [] issues suffered by plaintiff." (*Id.* at 15.) Moving Defendants contend that Sheriff Gore is not liable because there is no vicarious liability under section 1983 and Plaintiff has failed to allege personal participation in the deprivation of rights. (MTD 9.) Judge Lewis found that Plaintiff had failed to adequately allege personal participation on the part of all listed Defendants because the Complaint states no further action beyond negligence which is insufficient for a claim under 42 U.S.C. § 1983. (R&R 14–15.)

There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v.*

*Sanderson,* 9 F.3d 1433, 1437–38 (9th Cir.1993). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Supervisory prison officials may only be held liable for the alleged unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent officials personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson*, 588 F.2d at 743. "Supervisory liability can exist[] even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights' and is the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citing *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987)).

The prisoner in *Brummet v. County of San Diego* alleged Sheriff Gore was responsible for the custom and policy of prison officials not checking on prisoners suffering from heroin withdrawal regularly. No. 12cv1428–LAB (BGS), 2013 WL 1285144, at *5 (S.D. Cal. Mar. 25, 2013). The court determined that a policy of housing some inmates with serious medical problems in the general population and not checking on them regularly amounts to deliberate indifference to medical needs. *Id.* The court found that this deliberate indifference was enough to hold Sheriff Gore responsible under supervisory liability. *Id.*

Here, Plaintiff alleges that Sheriff Gore is "overall responsible for the jail and all its policies and procedures." (Compl. 3.) The constitutional violations in the present case are the lack of outdoor exercise, the timing of recreation time, and Plaintiff not receiving an informal non-adversary hearing within a reasonable time after he was placed in administrative segregation. Plaintiff alleges these violations are due to the policies put in place by Sheriff Gore and that he put Gore on notice of the violations. (Compl. 17–18.) The Court finds Plaintiff has sufficiently pled that supervisory liability exists for Sheriff

14

17-CV-813-JLS (PCL)

Gore.

The Court **REJECTS** the R&R as to this Defendant and **DENIES** Defendants' Motion to Dismiss Defendant Sheriff Gore.

### B. All Moving Defendants Except Sheriff Gore

Plaintiff also lists twenty-two individuals as Defendants. (Compl. 3.) Plaintiff alleges that he "personally spoke" to twenty-two of the listed Defendants and because Defendants did not take action they were deliberately indifferent to Plaintiff's pain and suffering. (*Id.* at 14.) Moving Defendants assert that Plaintiff has not sufficiently pled factual allegations to establish a plausible claim for each named Defendant. (MTD 9.) Judge Lewis found that Plaintiff stated no facts indicating that Moving Defendants affirmatively caused the deprivation. (R&R 15.)

Prisoners must establish prison officials' "deliberate indifference" to unconstitutional conditions of confinement in order to find liability. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). The standard for deliberate indifference is the same for plaintiffs who bring a constitutional claim under the Eighth Amendment or the Fourteenth Amendment. *Castro v. Cty. of L.A.*, 833 F.3d 1060, 1068 (9th Cir. 2016), *petition for cert. filed*, (U.S. Aug. 15, 2016) (No. 12-56829). Mere negligence is insufficient to show deliberate indifference. *Munoz v. Kolender*, 208 F. Supp. 2d 1125, 1147 (S.D. Cal. 2002) (citing *Farmer*, 511 U.S. at 836). A prison official can be found liable for denying an inmate humane conditions of confinement if the official knows of and disregards an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837.

In *Yasin v. Flynn*, the prisoner alleged that the defendants had subjected him to inhumane living conditions and that he spoke to defendants about his grievances. 17-cv-01057-BAS-JLB, 2017 WL 5495097, at *7–8 (S.D. Cal. Nov. 16, 2017). The court determined the mere fact that defendants did not respond to the prisoner's complaints did not rise to the level of deliberate indifference. *Id.* at *9; *see also Hatter*, 154 F. Supp. 3d at 944 (finding mere inaction alone was insufficient to show deliberate indifference to overcrowding). Here, Plaintiff alleges that he spoke to the Defendants about his grievances

15

and that "no [D]efendant took any action." (Compl. 18.) As in *Flynn*, Plaintiff only alleges inaction by Defendants to support a finding of deliberate indifference. Because inaction is not enough to show deliberate indifference, Plaintiff has not sufficiently alleged that the prison official Defendants were deliberately indifferent and thus has not sufficiently pled that each Defendant personally participated in the constitutional violations.

In Plaintiff's Objection to the R&R, Plaintiff does not present any new facts to show that the prison officials were deliberately indifferent to Plaintiff's suffering. (Obj. 5–7.) The Court **ADOPTS** the R&R, **OVERRULES** Plaintiff's objections, and **GRANTS** Moving Defendants' Motion to Dismiss Defendants Brewer, Camalleri, Cole, Davida, M. Ellsworth, Epps, Froisted, Hepler, Huerta, Johns, LoveLace, LoveLace, McKemmy, Mondragon, Moon, Navarro, Newlander, Oliver, Olsen, Sims, Warren, and White.

## CONCLUSION

Given the foregoing, the Court **ADOPTS IN PART** the R&R, (ECF No. 63), **GRANTS** Defendants' Motion to Dismiss, (ECF No. 55), as to Defendants Brewer, Camalleri, Cole, Davida, M. Ellsworth, Epps, Froisted, Hepler, Huerta, Johns, LoveLace, LoveLace, McKemmy, Mondragon, Moon, Navarro, Newlander, Oliver, Olsen, Sims, Warren, and White **WITHOUT PREJUDICE**, and **DENIES** Defendants' Motion to Dismiss Defendant Sheriff Gore for Plaintiff's first and third claims.[5]

**IT IS SO ORDERED.**

Dated: April 3, 2018

Hon. Janis L. Sammartino
United States District Judge

---

[5] Because there is a second pending motion to dismiss the Complaint by Defendant County of San Diego, the Court will not request that Plaintiff file an amended complaint at this time. The Court will instruct Plaintiff to file an amended complaint when the Court issues an order on the County's Motion to Dismiss.