UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT SCOTT GRIZZLE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendant. | Case No.: 17-CV-813 JLS (RBM)<br><br>**ORDER: (1) OVERRULING OBJECTIONS,<br>(2) ADOPTING REPORT AND RECOMMENDATION, AND<br>(3) GRANTING IN PART AND DENYING IN PART THE MOVING DEFENDANTS'<br>MOTION TO DISMISS**<br><br>(ECF Nos. 93, 97, 99, 100) |

Presently before the Court is a Motion to Dismiss Plaintiff Elliot Scott Grizzle's Second Amended Complaint filed by Defendants County of San Diego (the "County"), Sheriff William Gore, Lieutenant Lena Lovelace, and Lieutenant Eric Froistad (the "Moving Defendants") ("Mot.," ECF No. 93). Also before the Court is Magistrate Judge Ruth Bermudez Montenegro's Report and Recommendation ("R&R," ECF No. 97) advising the Court to grant in part and deny in part the Moving Defendants' Motion, as well as the Moving Defendants' ("Defs.' Obj.," ECF No. 99) and Plaintiff's ("Pl.'s Obj.," ECF No. 100) Objections to Magistrate Judge Montenegro's R&R and Plaintiff's ("Pl.'s Reply," ECF No. 101) and the Moving Defendants ("Defs.' Reply," ECF No. 102)

1

Replies.[1] Having considered the Parties' arguments and the law, the Court **OVERRULES** Plaintiff's Objections, **OVERRULES** the Moving Defendants' Objections, **ADOPTS** the R&R in its entirety, and **GRANTS IN PART AND DENIES IN PART** the Moving Defendants' Motion.

## BACKGROUND

Magistrate Judge Montenegro's R&R contains a thorough and accurate recitation of the facts and procedural history underlying the instant Motion. *See* R&R at 2–6. This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). In the absence of timely objection, however, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

Plaintiff's operative Second Amended Complaint alleges four causes of action against the Moving Defendants for: (1) violation of Plaintiff's rights under the Due Process

---

[1] Also pending before the Court is a separate motion to dismiss filed by Defendant Aaron Boorman on April 5, 2019, *see* ECF No. 98 (the "Boorman Motion"), after Magistrate Judge Montenegro filed her R&R on the Moving Defendants' Motion on March 7, 2019. *See* ECF No. 97. Although Magistrate Judge Montenegro has issued a report and recommendation concerning the Boorman Motion, briefing on her report and recommendation does not close until September 6, 2019. *See* ECF No. 106. Accordingly, the Court does not rule on the Boorman Motion in this Order.

Clause of the Fourteenth Amendment as to his placement in the administrative segregation housing unit ("Ad-Seg"); (2) violation of Plaintiff's Eighth Amendment rights premised on sleep deprivation resulting from his confinement in Ad-Seg; (3) violation of Plaintiff's Eighth Amendment rights premised on prevention from exercising; and (4) violation of Plaintiff's Eighth Amendment Rights premised on Plaintiff being forced to choose between sleep and exercise. *See* ECF No. 88 ("SAC") at 15–19.

Magistrate Judge Montenegro recommends that the Court deny the Motion as to Plaintiff's first, *see* R&R at 7–11, and second, *see id.* at 11–14, causes of action against the County. Magistrate Judge Montenegro also recommends that the Court terminate without leave to amend Defendant Froistad as to all Plaintiff's causes of action; terminate Defendant Lovelace as to Plaintiff's second, third, and fourth causes of action; and terminated Sheriff Gore as to Plaintiff's first cause of action. *See id.* at 14–19, 21–22. Finally, Magistrate judge Montenegro recommends that the Court dismiss without prejudice Plaintiff's claims for injunctive and declaratory relief. *See id.* at 19–21.

The Moving Defendants object to Magistrate Judge Montenegro's recommendations concerning Plaintiff's first and second causes of action and claim that Plaintiff has not stated a viable claim against either the County of Sheriff Gore. *See generally* ECF No. 99. Plaintiff separately objects to Magistrate Judge Montenegro's recommendations concerning the termination of individual defendants Froistad, Lovelace, and Gore and dismissal of his claims for declaratory and injunctive relief. The Court reviews *de novo* those portions of Magistrate Judge Montenegro's R&R to which the Parties object and reviews for clear error those portions to which the Parties do not object.

I. **The First Cause of Action Against the County**

Plaintiff first alleges violation of his due process rights under the Fourteenth Amendment arising from his placement in solitary confinement without notice or opportunity for a non-adversarial hearing. *See* SAC ¶¶ 44–51. The Court previously denied a motion to dismiss this claim. *See* ECF No. 73 at 3–5. Nonetheless, the Moving Defendants again argue that Plaintiff's due process claim against the County should be

dismissed because "Plaintiff fails to establish the County's liability under any of the *Gilette*[ *v. Delmore*, 979 F.2d 1342 (9th Cir. 1992)] prong[s]." Mot. at 6. Magistrate Judge Montenegro again recommends that the Court deny the Moving Defendants' Motion. *See* R&R at 7–11.

### A. *Deprivation of Plaintiff's Right to Due Process*

Magistrate Judge Montenegro concludes that Plaintiff's allegations that Defendants did not provide Plaintiff with an informal, nonadversary hearing within a reasonable time after being placed in Ad-Seg; a written decision describing the reasons for placing him in Ad-Seg; and an opportunity to present his view amount to a constitutional violation. *See* R&R at 8–9 (citing *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). Neither Party appears to object to this portion of Magistrate Judge Montenegro's R&R, *see generally* Defs.' Obj. at 1–3; Pl.'s Obj. at 2, and the Court finds no clear error in the recommendation.

### B. *Wide-Settled City Policy*

Magistrate Judge Montenegro finds that Plaintiff has sufficiently stated a claim that Plaintiff's alleged due process violation was caused by a de facto County policy because "Plaintiff has alleged a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law." R&R at 10. The Moving Defendants object that "the R&R did not point to any authority providing a clear standard in alleging a viable section 1983 claim under the 'de facto policy' theory." Defs.' Obj. at 2. Further, "Plaintiff did not sufficiently allege a pattern or custom of the constitutional deprivation." *Id.* at 3.

In short, the Moving Defendants attempt to distinguish Plaintiff's situation, which involves multiple alleged due process violations against Plaintiff, from cases in which multiple plaintiffs alleged separate due process violations. The Moving Defendants, however, cite no authority that would require the Court to conclude that Plaintiff's allegations are insufficient to establish a pattern or custom as necessary to state a claim against the County. To the contrary, it would appear that other district courts have found

such allegations sufficient to state a claim. *See, e.g.*, *Kirk v. Foster*, No. 3:13-CV-00296-RCJ, 2014 WL 6792028, at *15 (D. Nev. Dec. 1, 2014) ("Plaintiff avers Plaintiff that he was written up more than fifty times for more than 100 alleged rule violations, which resulted in the loss of liberties, including four months in punitive segregation, for which he was seldom afforded due process. He has sufficiently alleged a claim for denial of his procedural due process rights under the Fourteenth Amendment against [the defendant] County . . . ."). On *de novo* review, the Court therefore **OVERRULES** the Moving Defendants' objection and **ADOPTS** Magistrate Judge Montenegro's recommendation that Plaintiff sufficiently alleges that the County maintains a policy resulting in the deprivation of Plaintiff's due process rights in violation of the Fourteenth Amendment.

### C. *Deliberate Indifference*

Finally, Magistrate Judge Montenegro concludes that "Plaintiff's allegations of repeated failures to respond to his grievances and the lack of process afforded him are sufficient to allege that th[e County's] de facto policy was widely adhered to with deliberate indifference to Plaintiff's Fourteenth Amendment rights." R&R at 10–11. Neither Party appears to object to this portion of Magistrate Judge Montenegro's R&R, *see generally* Defs.' Obj. at 1–3; Pl.'s Obj. at 2, and the Court finds no clear error in the recommendation. The Court therefore **ADOPTS** Magistrate Judge Montenegro's R&R and **DENIES** the Moving Defendants' Motion as to Plaintiff's first cause of action.

## II. The Second Cause of Action Against the County

Plaintiff's second cause of action against the County alleges that the County maintains a policy of housing mentally ill inmates in Ad-Seg, where there is excessive lighting and noise leading to chronic sleep deprivation in violation of Plaintiff's Eighth Amendment rights. *See* SAC ¶¶ 52–59. The Court previously dismissed this claim, concluding that Plaintiff had "not presented sufficient facts to support his asserting that lighting conditions and noise levels constitute punishment." ECF No. 73 at 9. The Moving Defendants contend that Plaintiff's amended allegations still do "not allege[] sufficiently serious additional facts indicating that his constitutional rights were violated due to lack of

sleep." Mot. at 6. Magistrate Judge Montenegro recommends that the Court deny the Moving Defendants' Motion. *See* R&R at 11–14.

### A. *Constitutional Deprivation of Pretrial Rights*

Magistrate Judge Montenegro concludes that "Plaintiff has sufficiently shown a violation of his constitutional rights under the Fourteenth Amendment" because "[t]he Ad-Seg daily routine alleged . . . was so regular and organized that it was clearly the result of an intentional decision," "[t]hese alleged conditions of confinement put Plaintiff at substantial risk of suffering serious harm," "[r]easonable available measures were not taken to abate the risk," and "the claimed failure to take such measures resulted in Plaintiff's injuries." R&R at 11–12. The Moving Defendants object that "Plaintiff has not presented sufficient allegations to show that the lighting situation violated his constitutional rights" because "there is insufficient facts to support that a defendant intentionally or recklessly kept Plaintiff awake by subjecting him []to a constant illumination environment." Defs.' Objs. at 3–4. The Moving Defendants also object that "Plaintiff fails to establish that noise violated his constitutional right" because "[t]he various noises that Plaintiff complained about . . . are incidental to the operation of the facility" and "cannot reflect any Defendant's intent or recklessness to keep Plaintiff awake or subject him []to a constant noisy environment." *Id.* at 4–5.

Upon *de novo* review, the Court disagrees with the Moving Defendants on both counts. Here, Plaintiff alleges that "[t]he TVs are turned off between 9:45 PM and 10:30 PM Sunday through Thursday and 10:45 PM through 11:30 PM Friday through Saturday." SAC ¶ 23. An inmate count is performed at approximately 11:00 PM, which requires the inmates to walk to their door. *Id.* Deputies then issue razors at the 12:00 AM security check by "opening each inmate[']s tray slot in their cell door and letting it fall open[,] making a loud banging sound[,] and shortly thereafter the tray slot door is loudly slammed shut." *Id.* This process is repeated when the razors are picked up at the 1:00 AM security check, at which points the cell lights are dimmed, although they remain "too bright to allow a human being to sleep." *Id.* The lights are then turned up and the inmates awakened at

3:30 AM for another count, requiring the inmates to go to their cell doors. *Id.* ¶ 25. Breakfast is passed out between 4:00 and 4:30 AM, at which point the cell lights are dimmed until 7:00 AM. *Id.* At 7:00 AM, the cell lights are again turned up and the TVs are turned on to their highest volume. *Id.* During the night, there are also hourly "security walks," which entail "the opening and loud slamming of at least two heavy metal fire doors between modules." *Id.* ¶ 26. Because "severely mentally ill" inmates are also housed in Ad-Seg, there is constant screaming; yelling; and banging on metal cell doors, toilets, and bunk beds. *Id.* ¶ 28. As a result of these factors, Plaintiff has been "unable to sleep," *id.* ¶ 53, which has caused him to suffer "headaches, muscle aches, and ability to focus and think clearly, feeling high levels of stress and anxiety, eye pain, high blood pressure, lowered immune system functioning causing plaintiff to get sick, suffer severe lethargy and fatigue, infections, impaired motor and cognitive functions, as well as a number of other physical and psychological injuries." *Id.* ¶ 30.

The Moving Defendants' arguments that "constant lighting can serve a legitimate purpose," Defs.' Obj. at 3, and that some noise is inherent in the operation of a facility such as the SDCJ, *id.* at 4–5, are well taken; however, construing the facts most favorably to Plaintiff, the Court determines on *de novo* review that Plaintiff's allegations suffice to survive a motion to dismiss. The policy implemented by the County provided—at best— two two-and-a-half hour stretches in bed per evening during which the TVs were turned off and the lights were turned down. During this time, however, officers continued to perform hourly security checks, during which time they slammed two heavy, metal fire doors, and the mentally ill inmates—who were also housed in Ad-Seg per the County's policy—were permitted to scream, yell, and bang on metal objects. Because such allegations suffice to state a claim at the pleading stage, *see, e.g.*, *Matthews v. Holland*, No. 114CV01959SKOPC, 2017 WL 1093847, at *3–5 (E.D. Cal. Mar. 23, 2017), the Court **OVERRULES** the Moving Defendants' objections and **ADOPTS** Magistrate Judge Montenegro's recommendation that Plaintiff adequately alleges a violation of his

///

Fourteenth Amendment rights premised on the excessive light and noise while he was housed in Ad-Seg.

### B. *Official Policy or Custom Causing Injury*

Magistrate Judge Montenegro "finds that Plaintiff has shown the existence of a policy that was causally linked to the constitutional injury" because the "alleged details of the Ad-Seg schedule . . . can only be the result of a policy." R&R at 13. The Moving Defendants, however, object that "Plaintiff does not allege that his sleep deprivation is due to a specific County policy or widespread custom." Defs.' Obj. at 5.

On *de novo* review, the Court must agree with Magistrate Judge Montenegro. Plaintiff's understandable inability to point to a specific policy at the pleading stage does not foreclose his claim where, as here, he has detailed a nightly routine conducted pursuant to County policy. It strains credulity that the 11:00 PM and 3:30 AM counts, hourly security checks, 12:00 AM razor distribution and 1:00 AM razor pick up, and 4:00 to 4:30 AM breakfast distribution are not conducted pursuant to a policy or policies adopted by the County. The Court therefore **OVERRULES** the Moving Defendants' objection and **ADOPTS** Magistrate Judge Montenegro's recommendation that Plaintiff sufficiently alleges that the County adopted a policy causally linked to Plaintiff's claimed sleep deprivation.

### C. *Deliberate Indifference*

Finally, Magistrate Judge Montenegro concludes that Plaintiff has alleged that "the policy was adhered to with deliberate indifference to his constitutional rights" because Plaintiff's "allegation of . . . widespread adherence [by jail employees to the municipal policies and practices], combined with the allegation that Plaintiff continuously and vociferously objected to the conditions of his confinement, sufficiently state a claim of deliberate indifference to the constitutional violation that was occurring." R&R at 14. The Moving Defendants object that "Plaintiff fails to plausibly plead that this routine is deliberately indifferent to inmate[s'] constitutional right[s] as required by *Canton*[ *v. Harris*, 489 U.S. 378 (1989)]" because "[i]t is unrealistic to request the County to meet

8

17-CV-813 JLS (RBM)

every inmate's personal desires for their daily routine or change the jail's daily schedule based on one inmate's complaint." Obj. at 5–6. The Moving Defendants also contend that "[t]he R&R confuses the alleged failure to address Plaintiff's personal sleep deprivation issue with a County policy or custom being deliberately indifferent to all inmates['] sleep." *Id.* at 5.

The Court disagrees with the Moving Defendants. Plaintiff adequately alleges that the County adopted a policy that it knew would not result in an environment reasonably free of excess noise, thereby impacting the sleep of inmates housed in Ad-Seg. *See, e.g.*, *Keenan v. Hall*, 83 F.3d 1083, 1090 (1996), *as amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998) (reversing district court's summary dismissal of Eighth Amendment claim premised on excess noise where the plaintiff alleged "'screaming, wailing, crying, singing and yelling,' often in groups, and that there was a 'constant, loud banging'"). On *de novo* review, the Court therefore **OVERRULES** the Moving Defendants' objection, **ADOPTS** Magistrate Judge Montenegro's recommendation, and **DENIES** the Moving Defendants' Motion as to Plaintiff's second cause of action.

### III. Claims Against Individual Defendants

In addition to the claims against the County, Plaintiff also asserts each of his four causes of action against Lieutenants Froistad and Lovelace and Sheriff Gore individually. *See* SAC ¶¶ 44–73. The Moving Defendants contend that each of Plaintiff's claims must be dismissed as to Lieutenant Froistad and Sheriff Gore and that Plaintiff's second, third, and fourth causes of action should be dismissed as to Lieutenant Lovelace. *See* Mot. at 8–11.

#### *A. Lieutenant Froistad*

Magistrate Judge Montenegro concludes that Plaintiff fails to state any claim as to Lieutenant Froistad because "[t]he SAC does not sufficiently allege Froistad's personal participation in, causal connection to, or culpable indifference to, Plaintiff's constitutional injuries." R&R at 16. Plaintiff objects that "Lieutenant Froistad was the acting watch commander for SDCJ" and "[h]e was put on notice of plaintiff's grievances, verbally and

by virtue of his duties as watch commander to review logs for issues that a supervisor needs to address." Pl.'s Obj. at 8. Consequently, Lieutenant "Froistad was in a position at SDCJ to stop the harm and constitutional injuries to plaintiff, but he did nothing." *Id.*

It is Plaintiff's Second Amended Complaint, however, that controls, and the Court must agree with Magistrate Judge Montenegro that Plaintiff's allegations are insufficient to state any claim as to Lieutenant Froistad based on supervisory liability. Plaintiff alleges only that Lieutenant Froistad "was employed as a peace officer by the County of San Diego Sheriff Department" and "was employed as a Lieutenant and acting watch commander in the San Diego County Central Jail." SAC ¶ 10. Plaintiff alleges that Lieutenant Froistad was aware of Plaintiff's allegations of constitutional violations because he was aware that Plaintiff was granted self-representation by the Court, *id.* ¶ 10, and because Plaintiff personally spoke to Lieutenant Froistad about his complaints at some point between August 3 and 27, 2017. *Id.* ¶¶ 36–37.

The Court agrees with Magistrate Judge Montenegro that Plaintiff "does not sufficiently allege Froistad's personal participation in, causal connection to, or culpable indifference to, Plaintiff's constitutional injuries." *See* R&R at 16; *see also Yasin v. Flynn*, No. 17-CV-01057-BAS-JLB, 2017 WL 5495097, at *4 (S.D. Cal. Nov. 16, 2017) (dismissing claim premised on overcrowding against individual defendants where the plaintiff alleged only that he "spoke to" them about the allegedly unconstitutional conditions because "[t]he mere fact that neither [defendant] responded to Plaintiff's complaints to his satisfaction, does not, without more, rise to the level of deliberate indifference"); *Thompson v. Paleka*, No. CV 17-00531 SOM-KJM, 2017 WL 5309608, at *7 (D. Haw. Nov. 13, 2017) (dismissing cause of action for deliberate indifference premised on failure to respond to grievance about unsanitary conditions of confinement where the plaintiff "does not allege the[ defendants] directed . . . any prison employee to ignore an extreme risk to [the plaintiff]'s or other inmates' health posed by the [unsanitary condition, n]or does he point to any policy that they implemented that resulted in such a condition"). The Court therefore **OVERRULES** Plaintiff's objection, **ADOPTS**

Magistrate Judge Montenegro's recommendation, and **GRANTS** the Moving Defendants' Motion as to Plaintiff's first, second, third, and fourth causes of action against Lieutenant Froistad.

### B. *Lieutenant Lovelace*

Magistrate Judge Montenegro also concludes that Plaintiff's "allegations against Lovelace in her individual capacity are insufficient to support a claim of supervisory liability under section 1983 as to the second, third, and fourth causes of action" because "Plaintiff has failed to allege how Lovelace personally participated in, is causally linked to, or acted with culpable indifference to, the constitutional deprivations alleged in the second, third, and fourth causes of action." R&R at 16–17. Plaintiff objects that Lieutenant Lovelace has a "continuing duty because of the periodic reviews" given that she "made the initial decision to classify Plaintiff for housing in Ad-Seg" and that "Plaintiff was actually injured by Lovelace's actions and inactions for lack of periodic reviews" "[b]ecause of the excessive noise of mentally ill inmates, constant illumination, and the lack of outdoor exercise." Pl.'s Obj. at 8.

Again, the Court is constrained by the allegations in Plaintiff's Second Amended Complaint, in which he alleges only that Lieutenant Lovelace "was employed as a peace officer by the County of San Diego Sheriff Department" and "in the 'classification' section of the San Diego County Central Jail." SAC ¶ 9. Plaintiff alleges that he was never served a copy of a segregated housing order signed by Jail Population Management Unit staff or a supervisor, as required by prison policy. *Id.* As with Lieutenant Froistad, Plaintiff also alleges that Lieutenant Lovelace was aware of Plaintiff's allegations of constitutional violations because Plaintiff personally spoke to Lieutenant Lovelace about his complaints at some point between August 3 and 27, 2017. *Id.* ¶¶ 36–37.

The Court agrees with Magistrate Judge Montenegro that "[t]he allegations support Lovelace's liability only as to the first cause of action," *see* R&R at 16, but, for the same reasons discuss above, *see supra* Section III.A, that "Plaintiff has failed to allege how Lovelace personally participated in, is causally linked to, or acted with culpable

indifference to, the constitutional deprivations alleged in the second, third, and fourth causes of action." *See id.* at 16–17. The Court therefore **OVERRULES** Plaintiff's objection, **ADOPTS** Magistrate Judge Montenegro's recommendation, and **GRANTS** the Moving Defendants' Motion as to Plaintiff's second, third, and fourth causes of action against Lieutenant Lovelace.

### C. *Sheriff Gore*

Finally, Magistrate Judge Montenegro finds that Plaintiff's "allegations against Gore in his individual capacity are insufficient to state a claim of supervisory liability under section 1983 as to the first cause of action, but [that] Plaintiff has stated a claim of supervisory liability as to the second, third, and fourth causes of action" against Sheriff Gore. R&R at 17. Plaintiff objects to Magistrate Judge Montenegro's recommendation that the Court dismiss Plaintiff's first cause of action as to Sheriff Gore, arguing that "Sheriff Gore is responsible for Plaintiff's injuries because he implements San Diego County policies such as classifying people" and "Plaintiff put Sheriff Gore on notice, actually or constructively, by writing him a letter." Pl.'s Obj. at 8. The Moving Defendants, on the other hand, object to Magistrate Judge Montenegro's recommendation that the Court deny their Motion as to Plaintiff's second, third, and fourth causes of action as to Sheriff Gore, contending that Magistrate Judge Montenegro "confuses a public official's liability in his official capacity and supervisory capacity in the second, third, and fourth causes of action." Defs.' Obj. at 6.

#### 1. *First Cause of Action*

Regarding Plaintiff's first cause of action as to Sheriff Gore, Plaintiff objects that "Plaintiff put Shariff Gore on notice, actually or constructively, by writing him a letter." Pl.'s Obj. at 8. The Moving Defendants counter that "[t]he SAC does not even allege that Sheriff Gore received and reviewed the letter, and in fact indicates that a *different* individual responded to his letter." Defs.' Reply at 3 (emphasis in original). Further, "even if Sheriff Gore did receive the letter[,] personal participation cannot be inferred through the fact that Plaintiff sent an official a letter." *Id.*

Again, the Court must agree with Magistrate Judge Montenegro. Plaintiff's letter, although difficult to decipher, does not appear to address Plaintiff's due process cause of action. *See generally* SAC Ex. A. Further, as Magistrate Judge Montenegro and the Moving Defendants note, there is no indication—much less an allegation by Plaintiff—that Sheriff Gore received and reviewed the letter. *See id.* ¶ 38. The Court therefore agrees with Magistrate Judge Montenegro that Plaintiff has failed to allege that Sheriff Gore personally participated in, acquiesced in, or was culpably indifferent to the allegations constituting Plaintiff's first cause of action. Consequently, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** Magistrate Judge Montenegro's recommendation, and **GRANTS** the Moving Defendant's Motion as to Plaintiff's first cause of action as to Sheriff Gore.

2. *Second, Third, and Fourth Causes of Action*

As for Plaintiff's second, third, and fourth causes of action against Sheriff Gore, the Moving Defendants object that "Plaintiff does not allege sufficient facts to establish supervisory liability" as to Sheriff Gore because Plaintiff's allegations "only suggest that Sheriff Gore is the agent of the County, and the daily program established in the County is the moving force behind his alleged constitutional rights deprivation." Defs.' Obj. at 7. Further, "[i]mposing individual liability based on [Sheriff Gore']s official duty as the agent of the County would effectively cut the difference between the liability under individual and official capacity." *Id.* Plaintiff replies that "Sheriff Gore is being held responsible for implementing a constitutionally deficient de facto policy." Pl.'s Reply at 8.

The Court agrees with Magistrate Judge Montenegro that "Plaintiff has stated a claim of supervisory liability as to Gore with respect to the second, third, and fourth causes of action on the basis that Gore enacted a constitutionally deficient policy which was the moving force behind the violation." R&R at 18. Plaintiff specifically alleges that "Sheriff William Gore[] established the following daily program at the downtown Central jail where plaintiff was housed from August 3, 2016 through August 27, 2017." SAC ¶ 22. Consequently, "Plaintiff has sufficiently alleged that the Ad-Seg routine implemented by

Sheriff Gore, as it relates to the second, third and fourth causes of action, is a policy so constitutionally deficient that the policy itself is a repudiation of the Constitution and the moving force behind the violation." See R&R at 18 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). The Court therefore **OVERRULES** Defendants' Objections, **ADOPTS** Magistrate Judge Montenegro's recommendation, and **DENIES** the Moving Defendants' Motion as to Plaintiff's second, third, and fourth causes of action as to Sheriff Gore.

### IV. Injunctive and Declaratory Relief

Finally, Magistrate Judge Montenegro "finds Plaintiff's claims for injunctive and declaratory relief are moot because Plaintiff is no longer subject to the conditions and policies challenged in the SAC." R&R at 19. Plaintiff objects that the alleged constitutional violations are capable of repetition, yet evading review because "defendants do not argue that the policy has ceased and plaintiff has presented evidence that the policy will continue." Pl.'s Obj. at 11. Plaintiff adds that it is of no consequence that his action is not a putative class action because "[b]y confining plaintiff's complaint to his pretrial detention plaintiff is making class like allegations." *Id.* The Moving Defendants counter that "Plaintiff's constitutional claims alleging damages under Section 1983 mean that his allegations regarding alleged constitutional deprivations will be fully litigated and will not 'evade review'" and that "Plaintiff has not shown a reasonable expectation that he will be subjected to the same action again." Defs.' Reply at 5–6 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 110 (1983)).

On *de novo* review, the Court agrees with Magistrate Judge Montenegro that Plaintiff's prayer for declaratory and injunctive relief is moot in light of his transfer to the California Institute for Men in Chino, California, and that the mootness exception does not apply because Plaintiff has not shown a reasonable expectation that he will be subjected to the same action again. The Court therefore **OVERRULES** Plaintiff's objection, **ADOPTS** Magistrate Judge Montenegro's recommendation, and **GRANTS** the Moving Defendants' Motion as to Plaintiff's prayer for injunctive and declaratory relief.

## V. Leave to Amend

Finally, the Court must consider whether to grant Plaintiff leave to amend those causes of action it has dismissed. The Ninth Circuit has long and repeatedly cautioned that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242 (9th Cir. 1990); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990); *Noll v. Carlson*, 809 F.2d 1446 (9th Cir. 1987); *Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Sidebotham v. Robison*, 216 F.2d 816 (9th Cir. 1954)).

The Court is mindful that Plaintiff has already been granted leave to amend to state a claim as to Defendants Froistad and Lovelace, *see* ECF No. 73 at 15–16, while failure to correct previously identified deficiencies "is a strong indication that the plaintiffs have no additional facts to plead." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (quoting *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1098 (9th Cir. 2002), *abrogated on other grounds by Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)). This is particularly troublesome given that "Plaintiff's statement of facts has generally remained unchanged," *see* R&R at 21, despite Plaintiff's retention of counsel prior to the filing of his Second Amended Complaint. The Court also questions whether Plaintiff can plead additional facts to cure the mootness of his claims for injunctive and declaratory relief.

Nonetheless, the Court concludes that it is appropriate to grant Plaintiff one final opportunity to amend. Accordingly, the Court **GRANTS** Plaintiff leave to amend.

## CONCLUSION

In light of the foregoing, the Court:

1. **OVERRULES** Defendants' Objections (ECF No. 99);

2. **OVERRULES** Plaintiff's Objections (ECF No. 100);

15

17-CV-813 JLS (RBM)

3. **ADOPTS** in its entirety Magistrate Judge Montenegro's R&R (ECF No. 97);

4. **GRANTS IN PART AND DENIES IN PART** the Moving Defendants' Motion to Dismiss (ECF No. 93). Specifically, the Court **DISMISSES WITHOUT PREJUDICE**: (1) Defendant Froistad as to Plaintiff's first, second, third, and fourth causes of action; (2) Defendant Lovelace as to Plaintiff's second, third, and fourth causes of action; (3) Defendant Gore as to Plaintiff's first cause of action; and (4) Plaintiff's prayer for injunctive and declaratory relief. The Moving Defendants' Motion is otherwise **DENIED**; and

5. **GRANTS** Plaintiff leave to amend. Plaintiff **MAY FILE** an amended complaint to cure the specific deficiencies enumerated above within <u>thirty (30) days</u> of the date on which this Order is electronically docketed. Any amended complaint must cure the deficiencies noted herein and must be complete in itself without reference to the original complaint. *See* S.D. Cal. CivLR 15.1. Any claims not re-alleged in the amended complaint will be considered waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012). *Failure to file an amended complaint by this date shall result in this action proceeding on Plaintiff's surviving claims.*

**IT IS SO ORDERED.**

Dated: August 27, 2019

Hon. Janis L. Sammartino
United States District Judge