UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT SCOTT GRIZZLE,<br><br>                                Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                                Defendant. | Case No.: 17-CV-813 JLS (RBM)<br><br>**ORDER: (1) OVERRULING OBJECTIONS, (2) ADOPTING REPORT AND RECOMMENDATION, AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND STRIKE PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>(ECF Nos. 111, 116, 117, 118) |

Presently before the Court is Defendants County of San Diego, Sheriff William Gore, Lieutenant Froistad, Lieutenant Lovelace, and Aaron Boorman's Motion to Dismiss and Strike Plaintiff's Third Amended Complaint ("Mot.," ECF No. 111). Also before the Court is Magistrate Judge Ruth Bermudez Montenegro's Report and Recommendation ("R&R," ECF No. 116) advising the Court to grant in part and deny in part the Motion to Dismiss and to deny the Motion to Strike, as well as Plaintiff Elliot Scott Grizzle's ("Pl.'s Obj.," ECF No. 117) and Defendants' ("Defs.' Obj.," ECF No. 118) Objections to Magistrate Judge Montenegro's R&R and Defendants' Reply to Plaintiff's Objections

("Reply," ECF No. 119). Having carefully considered Plaintiff's Third Amended Complaint ("TAC," ECF No. 110), Magistrate Judge Montenego's R&R, the Parties' arguments, and the law, the Court **OVERRULES** Plaintiff's and Defendants' Objections, **ADOPTS** the R&R in its entirety, and **GRANTS IN PART AND DENIES IN PART** the Defendants' Motion.

## BACKGROUND

Magistrate Judge Montenegro's R&R contains a thorough and accurate recitation of the facts and procedural history underlying the instant Motion. *See* R&R at 2–9. This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). In the absence of timely objection, however, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

Plaintiff's operative Third Amended Complaint alleges four causes of action against Defendants for: (1) violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment as to his placement in the administrative segregation housing unit ("Ad-Seg"); (2) violation of Plaintiff's Eighth and Fourteenth Amendment rights premised on sleep deprivation resulting from his confinement in Ad-Seg; (3) violation of Plaintiff's Eighth and Fourteenth Amendment rights premised on prevention from exercising; and

(4) violation of Plaintiff's Eighth and Fourteenth Amendment Rights premised on Plaintiff being forced to choose between sleep and exercise. *See* TAC ¶¶ 43–76.

Magistrate Judge Montenegro recommends that the Court dismiss with prejudice Plaintiff's first cause of action against Sheriff Gore and Sergeant Boorman, dismiss without prejudice all causes of action against Lieutenant Froistad, and dismiss with prejudice Plaintiff's requests for injunctive and declaratory relief. *See* R&R at 12–20. Magistrate Judge Montenegro otherwise recommends that the Motion be denied and that Defendants County of San Diego, Sheriff Gore, Lieutenant Lovelace, and Sergeant Boorman be directed to file an Answer to Plaintiff's Third Amended Complaint. *See id.*

Plaintiff "reiterates and reasserts all prior arguments in Plaintiff's objections and oppositions to the defendant[]s."[1] Pl.'s Obj. at 1. Defendants separately object to Magistrate Judge Montenegro's recommendations that the Court deny the Motion as to (1) Plaintiff's second, third, and fourth causes of action against Lieutenant Lovelace and Sergeant Boorman; and (2) Plaintiff's request for punitive damages. *See generally* Defs.' Obj. The Court reviews *de novo* those portions of Magistrate Judge Montenegro's R&R to which the Parties object and reviews for clear error the remainder of Magistrate Judge Montenegro's R&R.

## I. Plaintiff's Objections

Plaintiff "reiterates and reasserts all prior arguments in Plaintiff's objections and oppositions to the defendant[]s." Pl.'s Obj. at 1. Defendants urge the Court not to consider Plaintiff's objections on the grounds that Plaintiff has failed to "file *specific* written objections" as required under Federal Rule of Civil Procedure 72(b)(2). *See* Reply at 1

---

[1] Plaintiff previously objected to Magistrate Judge Montenegro's recommendations that the Court dismiss (1) Plaintiff's first cause of action as to Sheriff Gore and Sergeant Boorman, *see* ECF No. 100 at 8; *see generally* ECF No. 107; and (2) Plaintiff's requests for injunctive and declaratory relief. *See* ECF No. 100 at 10–11. On *de novo* review, the Court explicitly overruled Plaintiff's objections as to his first cause of action as to Sheriff Gore and Plaintiff's requests for injunctive and declaratory relief. *See* ECF No. 108 at 12–13, 14. The Court has not addressed Plaintiff's objection as to the dismissal of his first cause of action against Sergeant Boorman because Sergeant Boorman's motion to dismiss was denied as moot following the filing of Plaintiff's operative Third Amended Complaint. *See* ECF No. 115.

(quoting Fed. R. Civ. P. 72(b)(2)) (emphasis in original). The Court agrees that this attempt to incorporate by reference prior arguments is not proper; accordingly, the Court would be well within its discretion to decline to address Plaintiff's "Objection." *See, e.g.*, *H. v. Dep't of Educ.*, No. CV 14-00143 ACK-KSC, 2016 WL 4522177, at *4 n.2 (D. Haw. Aug. 29, 2016) (declining to incorporate by reference into objection to findings and recommendation arguments raised in prior filings); *Roth v. Meridian Fin. Network, Inc.*, No. CIV.07-00045 JMS/BMK, 2008 WL 3850478, at *2–3 (D. Haw. Aug. 19, 2008) (declining to incorporate by reference into objection to findings and recommendation arguments raised in opposition to motion); *see also Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) ("[T]he incorporation of substantive material by reference is not sanctioned by the federal rules."); *McCracken v. Thor Motor Coach Inc.*, No. CV-15-00029-PHX-ROS, 2015 WL 13566918, at *2 (D. Ariz. Dec. 3, 2015) ("Courts 'are not like pigs, hunting for truffles buried in briefs,' . . . and it would not be fair to require opposing counsel to engage in hunting expeditions either. Incorporating prior arguments by reference in motion papers is generally ignored by the Court.") (quoting *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003)).

In any event, Plaintiff's "Objection" does not change the Court's conclusion. Judge Montenegro recommends that the Court dismiss with prejudice Plaintiff's first cause of action against Sheriff Gore and Sergeant Boorman and Plaintiff's requests for injunctive and declaratory relief. *See* R&R at 12–13, 15, 17–18. As indicated above, *see supra* note 1, the Court previously overruled Plaintiff's objections to the dismissal of his first cause of action against Sheriff Gore and requests for injunctive and declaratory relief, *see* ECF No. 108 at 12–13, 14, and Plaintiff has not alleged new facts supporting his first cause of action against Sheriff Gore or that there is any reasonable expectation that he will again be subjected to the Ad-Seg conditions at SDCJ. *Compare* ECF No. 88, *with* TAC; *see also* R&R at 6, 12, 17–18. On *de novo* review, the Court therefore agrees with Magistrate Judge Montenegro's recommendations that the Court dismiss with prejudice Plaintiff's first cause of action against Sheriff Gore and Plaintiff's requests for injunctive and declaratory relief.

As for Plaintiff's first cause of action against Sergeant Boorman, the Court previously concluded that the March 30, 2017 letter "does not appear to address Plaintiff's due process cause of action," *see* ECF No. 108 at 13 (citing SAC Ex. A), meaning Plaintiff has failed to allege that Sergeant Boorman was on notice of Plaintiff's allegedly unconstitutional placement and continued detention in Ad-Seg. The Court therefore concludes on *de novo* review that the Third Amended Complaint's allegations concerning Sergeant Boorman fail plausibly to allege that Sergeant Boorman had knowledge of Plaintiff's placement in Ad-Seg, that Sergeant Boorman personally participated in Plaintiff's placement in Ad-Seg, or that there exists a sufficient causal connection between Sergeant Boorman's actions and Plaintiff's placement in Ad-Seg. *See* R&R at 15. The Court therefore **OVERRULES** Plaintiff's objections, **ADOPTS** Magistrate Judge Montenegro's recommendations, and **DISMISSES WITH PREJUDICE** Plaintiff's first cause of action against Sheriff Gore and Sergeant Boorman and Plaintiff's requests for injunctive and declaratory relief.

**II.   Defendants' Objections**

   *A.   Second, Third, and Fourth Causes of Action Against Lieutenant Lovelace*

Magistrate Judge Montenegro concludes that Plaintiff's Third Amended Complaint "asserts sufficient allegations to establish a causal connection between Lovelace's classification decision and the unlawful conditions of confinement" and, consequently, "recommends Defendants' Motion to Dismiss the second, third, and fourth causes of action against Lieutenant Lovelace be **DENIED**." R&R at 14 (emphasis in original). Defendants object on the grounds that the Third Amended Complaint's allegations concerning Lieutenant Lovelace's "aware[ness]" of conditions of confinement within Ad-Seg "does not include *facts* that show Lieutenant Lovelace knew of the type of constitutional violations allegedly occurring in the unit," meaning "[f]acts supporting Lieutenant Lovelace's alleged indifference are absent from the TAC." Defs.' Obj. at 6 (emphasis in original).

///

Plaintiff alleges that Lieutenant Lovelace "was employed as a peace officer by the County of San Diego Sheriff Department . . . in the 'classification' section of the San Diego County Central Jail." TAC ¶ 9. Plaintiff further alleges that "Defendant Lovelace is a supervisor" who "was aware of the constitutionally deficient Ad-Seg. program at the San Diego County Central Jail, but still subjected Plaintiff to the constitutional injury as described below in the Ad-Seg. program through sleep deprivation, lack of outdoor exercise, and forcing inmates to choose between sleep and exercise." *Id.*; *see also id.* ¶¶ 42, 57, 66, 73, 75. Plaintiff adds that he "personally spoke to" Lieutenant Lovelace about these issues. *See id.* ¶¶ 34–35; *see also id.* ¶¶ 55–56, 64–65, 72.

Although Defendants urge that "the TAC is silent on any connection that Lieutenant Lovelace is supposed to have had with the ad-seg housing unit," Defs.' Objs. at 6, Plaintiff alleges that Lieutenant Lovelace worked in the "classification" section, *see* TAC ¶ 9, which was responsible for placing inmates in Ad-Seg. *See id.* ¶ 18. To the extent Defendants contend that Lieutenant Lovelace was unaware of the conditions of confinement of the wards to which she assigned inmates, that argument strains credulity, particularly when coupled with Plaintiff's allegations that he personally spoke with Lieutenant Lovelace about the conditions of his confinement in that unit. Accordingly, the Court concludes on *de novo* review that Plaintiff adequately states a claim against Lieutenant Lovelace for deliberate indifference to the allegedly unconstitutional conditions of his confinement in Ad-Seg, including sleep deprivation, denial of yard time, and choice between sleep and exercise. The Court therefore **OVERRULES** Defendants' objection, **ADOPTS** Magistrate Judge Montenegro's recommendation, and **DENIES** Defendants' Motion as to Plaintiff's second, third, and fourth causes of action against Lieutenant Lovelace.

### B. *Second, Third, and Fourth Causes of Action Against Sergeant Boorman*

Magistrate Judge Montenegro similarly recommends that the Court deny Defendants' Motion as to Plaintiff's second, third, and fourth causes of action against Sergeant Boorman. *See* R&R at 16. Again, Defendants contend that "the TAC is silent on any connection that Sergeant Boorman is supposed to have had with [the ad-seg] unit."

Defs.' Obj. at 2. Specifically, Defendants argue that "there are no facts to support any deliberate indifference by Sergeant Boorman before Plaintiff's March 30, 2017 letter," *id.*, and "the letter does not contain adequate facts that would lead an 'objectively reasonable officer' in the same position as Sergeant Boorman to conclude a constitutional violation was occurring" or "overcome the absence facts supporting of causation necessary for individual liability." *Id.* at 2–3. Defendant also argue that the "TAC also does not allege any facts necessary to show that Sergeant Boorman had the authority or ability to correct the alleged deprivations as required for causation under supervisory liability." *Id.* at 5.

As for Defendant's first argument, the Court concludes on *de novo* review that the March 30, 2017 letter to which Sergeant Boorman replied contained sufficient facts to put an objectively reasonable officer on notice that a constitutional violation was occurring. Plaintiff's letter goes into considerable detail about the Ad-Seg schedule, *see* TAC Ex. A, which the Court previously concluded was adequate to state a claim against the County for violation of Plaintiff's Fourteenth Amendment rights. *See* ECF No. 108 at 6–8. Further, the March 30, 2017 letter is not the sole extent of Plaintiff's allegations against Sergeant Boorman. As with Lieutenant Lovelace, Plaintiff alleges that he personally spoke with Sergeant Boorman about the conditions of his confinement in Ad-Seg. *See* TAC ¶¶ 34–35, 55–56, 64–65, 72–73. At this stage, the Court therefore concludes on *de novo* review that Plaintiff alleges sufficient facts to support his allegation that Sergeant Boorman was aware of the alleged constitutional violations caused by Plaintiff's continued detention in Ad-Seg.

Regarding Defendants' second argument, the Court concludes on *de novo* review that, "[b]ased on the allegations of the [Third Amended] Complaint, it is reasonable to infer that . . . Sergeant [Boorman] w[as a] supervisor[] within the department." *See Avalos v. Hutchinson*, No. 219CV00049RGKRAOX, 2019 WL 6721620, at *4 (C.D. Cal. July 19, 2019). "Whether [Plaintiff] ultimately will be able to establish the claimed knowledge or 'blind eye' acquiescence in the alleged [constitutional violations] is uncertain, but given the liberal requirements of notice pleading, no further specificity is expected of the

complaint." *See Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007). The Court therefore **OVERRULES** Defendants' objection, **ADOPTS** Magistrate Judge Montenegro's recommendation, and **DENIES** Defendants' Motion as to Plaintiff's second, third, and fourth causes of action against Sergeant Boorman.

### C.  *Plaintiff's Request for Punitive Damages*

Finally, Magistrate Judge Montenegro recommends that Defendant's Motion to strike Plaintiff's demand for punitive damages be denied because Plaintiff allegations "that, despite complaining verbally and in writing concerning his Ad-Seg confinement and the conditions of confinement, the Individual Defendants failed to take any action to rectify the issues," which "suffices to show reckless/callous indifference to Plaintiffs rights under the Fourteenth Amendment." R&R at 18–19 (citing *Matthews v. Holland*, No. 1:14-cv-1959-SKO-PC, 2017 WL 1093847, at *6–7 (E.D. Mar. 23, 2017); R&R at 12–16). Defendants object that the "punitive damages allegations against objecting Defendants in the TAC based on deficient causes of action are inappropriate and should be stricken." Defs.' Obj. at 2. Because the Court concludes on *de novo* review that Plaintiff's second, third, and fourth causes of action against Lieutenant Lovelace and Sergeant Boorman are sufficient to survive dismissal, *see supra* Sections II.A–B, the Court **OVERRULES** Defendants' objection, **ADOPTS** Magistrate Judge Montenegro's recommendation, and **DENIES** Defendants' Motion to strike Plaintiff's request for punitive damages against Lieutenant Lovelace and Sergeant Boorman.

### III.  Remainder of the R&R

The Parties do not object to the remainder of Magistrate Judge Montenegro's recommendations, including that the Court dismiss without prejudice all causes of action against Lieutenant Froistad. Having found no clear error, the Court **ADOPTS** the remainder of Magistrate Judge Montenegro's R&R.

///

///

///

# CONCLUSION

In light of the foregoing, the Court:

1. **OVERRULES** Plaintiff's Objections (ECF No. 117);

2. **OVERRULES** Defendants' Objections (ECF No. 118);

3. **ADOPTS** in its entirety Magistrate Judge Montenegro's R&R (ECF No. 116);

4. **GRANTS IN PART AND DENIES IN PART** Defendants' Motion (ECF No. 111). Specifically, the Court **DISMISSES WITHOUT PREJUDICE** all causes of action against Defendant Froistad and **DISMISSES WITH PREJUDICE** Plaintiff's first cause of action against Sheriff Gore and Sergeant Boorman and Plaintiff's requests for injunctive and declaratory relief. Defendants' Motion is otherwise **DENIED**; and

5. **ORDERS** Defendants County of San Diego, Sheriff Gore, Lieutenant Lovelace, and Sergeant Boorman to file an Answer to Plaintiffs Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(a)(4)(A).

**IT IS SO ORDERED.**

Dated: August 17, 2020

Hon. Janis L. Sammartino
United States District Judge