UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT SCOTT GRIZZLE,<br><br>                              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                              Defendants. | Case No.:  17-cv-00813-JLS-RBM<br><br>**ORDER:**<br><br>**(1) DENYING NOVEMBER 30, 2020 JOINT MOTION FOR CONTINUANCE AS MOOT;**<br><br>**(2) GRANTING DECEMBER 1, 2020 JOINT MOTION FOR CONTINUANCE;**<br><br>**AND**<br><br>**(3) FIRST AMENDED SCHEDULING ORDER**<br><br>**[Docs. 122, 124, 125]** |

Before the Court is Plaintiff Elliot Scott Grizzle ("Plaintiff") and Defendants County of San Diego, Sheriff William Gore, Lieutenant Lena Lovelace, and Sergeant Aaron Boorman's (collectively "Defendants") Joint Motions for Sixty Day Continuance dated November 30, 2020 and December 1, 2020, respectively. (Docs. 124, 125.) According to the December 1, 2020 filing, the November 30, 2020 Joint Motion for Sixty Day

1   Continuance (Doc. 124) was filed in error. (Doc. at 125 at 1.) The December 1, 2020 Joint

2   Motion for Sixty Day Continuance ("Joint Motion") requests that the Court continue the

3   dates set forth in the September 4, 2020 Scheduling Order ("Scheduling Order") (Doc. 122)

4   by sixty days. (Doc. 125-1 at 2-3.) This is the parties' first request for continuance. (*Id.*

5   at 3.) The parties allege good cause exists for a continuance, because initial disclosures

6   were postponed several weeks as the parties explored the possibility of settlement. (*Id.* at

7   2.) They also allege that they have made efforts to settle, met and conferred several times

8   regarding discovery, and stipulated to the entry of a protective order. (*Id.*) The parties are

9   in the process of conducting written discovery, intend to take depositions upon completion

10  of written discovery, and allege additional time is necessary for the parties to complete

11  written discovery and depositions. (*Id.*)

12      A scheduling order may be modified only upon a showing of good cause and with

13  the judge's consent. FED. R. CIV. P. 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations,*

14  *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (stating, "the focus of [the good cause] inquiry is

15  upon the moving party's reasons for seeking modification."). This case was in the initial

16  pleading stage from 2017-2020 (Docs. 1-121). However, the parties have acted diligently

17  since Defendants answered the Third Amended Complaint and they have attempted to

18  comply with the Scheduling Order deadlines. (*See* Docs. 123-25.) The Court takes note

19  of the parties' diligence and the challenges that the ongoing COVID-19 pandemic presents

20  to the discovery process. A continuance of time allows the parties additional time to

21  prepare for trial and explore potential pretrial settlement, all while navigating litigation

22  amid the ongoing COVID-19 pandemic. As such, good cause exists to grant a continuance

23  of time.

24      Accordingly, the November 30, 2020 Joint Motion for Sixty Day Continuance (Doc.

25  124) is **DENIED** as moot, and the December 1, 2020 Joint Motion (Doc. 125) is

26  **GRANTED**. The September 4, 2020 Scheduling Order (Doc. 122) is hereby **AMENDED**

27  **AS FOLLOWS**:

28  / / /

1.      Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **January 8, 2021**.

2.      All fact discovery shall be completed by all parties by **March 12, 2021**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.   **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Civil Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.   If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules.  **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

3.      The parties shall designate their respective experts in writing by **April 16, 2021**.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **April 30, 2021**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

4.      By **May 28, 2021**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.   This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to**

3

**make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by FED. R. CIV. P. 37(c).**

    5.    Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under FED. R. CIV. P. 26(a)(2)(D) by **June 11, 2021**.

    6.    All expert discovery shall be completed by all parties by **July 9, 2021**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

    7.    Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in FED. R. CIV. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

    8.    All other pretrial motions must be filed by **August 6, 2021**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.  Motions in limine are to be filed as directed in the Civil Local Rules, or as otherwise set by the district judge.

    9.    A Mandatory Settlement Conference shall be conducted on **October 20, 2021** at **9:30 a.m.** in the chambers of **Magistrate Judge Ruth Bermudez Montenegro, 2003 W. Adams Ave., Suite 220, El Centro, California 92243**.  Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers by **October 6, 2021**.  All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

    10.    Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Civil Local Rule 16.1(f)(2) by **November 5, 2021**.

/ / /

/ / /

4

11.     Counsel shall comply with the pre-trial disclosure requirements of FED. R. CIV. P. 26(a)(3) by **November 5, 2021**.   Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under FED. R. CIV. P. 37.

12.     Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) by **November 10, 2021**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Civil Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under FED. R. CIV. P. 26(a)(3).   Counsel shall cooperate in the preparation of the proposed pretrial conference order.

13.     Counsel for Plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **November 19, 2021,** Plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with Plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

14.     The Proposed Final Pretrial Conference Order, including objections to any other parties' FED. R. CIV. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **December 9, 2021**, and shall be in the form prescribed in and comply with Civil Local Rule 16.1(f)(6).

15.     The Final Pretrial Conference is scheduled on the calendar of the **Honorable Janis L. Sammartino** on **December 16, 2021** at **1:30 p.m.**

16.     The parties must review the chambers' rules for the assigned magistrate judge.

17.     A post trial settlement conference before a magistrate judge may be held within thirty days of verdict in the case.

/ / /

18.     The dates and times set forth herein will not be modified except for good cause shown.

19.     Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

20.     Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED**.

Dated:  December  2, 2020

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE