MELISSA M. HOLMES, Senior Deputy (SBN 220961)
ALEXA KATZ, Deputy (SBN 317968)
JENNIFER M. MARTIN, Deputy (SBN 322048)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-5836 Fax: (619) 531-6005
E-mail: jennifer.martin2@sdcounty.ca.gov

Attorneys for Defendants County of San Diego, William Gore, Lena Lovelace and Aaron Boorman

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elliot Scott Grizzle | No. 17-cv-00813-JLS-RBM |
| Plaintiff, | **DEFENDANT COUNTY OF SAN DIEGO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY INCLUDING INTERROGATORIES, REQUESTS FOR PRODUCTION, AND TO DEEM REQUESTS FOR ADMISSIONS ADMITTED** |
| v. | |
| County of San Diego, individually and officially, Sheriff William Gore, Lieutenant Lovelace, Lieutenant Froistad, Aaron Boorman, and Does 1 - 25, | |
| Defendants. | [Fed. R. Civ. P. 33, 34, 36, 37] |
| | Date: May 12, 2021 |
| | Time: 9:30 a.m. |
| | Dept: Suite 220, El Centro |
| | Judge: Hon. Ruth Bermudez Montenegro |

## I.    INTRODUCTION

Five months have passed since Plaintiff was served with written discovery concerning his claims and defenses in this case.  To date, Plaintiff has not provided complete, non-evasive, verified responses to these requests.  Defendants have engaged in extensive meet and confer efforts and two informal conferences with this Court prior to bringing this motion.  However, despite these efforts and Plaintiff's counsel's representation that he would provide responses by April 2, 2021, none have been provided.

1          Since informal efforts have proven ineffective, a Court order is necessary.

2   Defendant County of San Diego, therefore, brings this motion requesting the Court to

3   deem Plaintiff's responses to the Requests for Admissions admitted, order Plaintiff to

4   provide further verified responses to Requests for Admissions, Interrogatories, and

5   Document Demands, to pay monetary sanctions in the amount of $1,442.10  for the

6   attorney's fees incurred in bringing this motion, and, should Plaintiff still fail to

7   respond, to impose and issue and evidentiary sanction against Plaintiff prohibiting him

8   from introducing any evidence covered by the topics of these requests during further

9   proceedings in this case.

10

11   **II.   HISTORY OF DISCOVERY DISPUTE AND CERTIFICATE OF COMPLIANCE WITH MEET AND CONFER REQUIREMENT**

12          This case is a Section 1983 case brought by a prisoner, Elliot Grizzle, who claims

13   that he was deprived of due process, sleep and exercise in the San Diego Central Jail

14   from August 3, 2016 to September 2017, while awaiting trial and sentencing for a

15   murder charge.  Plaintiff claims the conditions of his confinement caused him to suffer

16   various physical and mental maladies or an unspecified duration.  He has sued three

17   individuals and the County.

18          This discovery dispute involves Plaintiff's responses to the County's Requests for

19   Admissions (Set One, Requests 1-5), Interrogatories (Set One, Requests 1-24), and

20   Requests for Production, (Set One, Requests 1-48).  These requests sought the facts,

21   documents, and witnesses Plaintiff possessed in support of his claims against each

22   defendant as well as his alleged damages. (Martin Decl. ¶ 2.) On November 24, 2020,

23   these written requests were served on Plaintiff.  The responses were initially due on

24   December 24, 2020.  (Martin Decl. ¶ 2)

25          On December 18, 2020, Plaintiff's counsel sought a thirty day extension to

26   respond, claiming the mail delivery with the prison where Plaintiff is housed would

27   make a timely response difficult.  The extension was granted.  On January 23, 2021,

28   Plaintiff's counsel provided what he described as "preliminary responses" to the first set

1 of discovery on January 23, 2021.  The responses were devoid of factual content and
2 unverified.  Plaintiff's counsel stated that he still needed "[his] client to verify it and
3 supplement it." (Martin. Decl. ¶ 4)

4      Pursuant to Local Rule 26.1, Counsel met and conferred on the phone and by
5 email numerous times regarding the contents of the responses. (Martin. Decl. ¶ 5.)  On
6 February 25, 2021, Plaintiff's counsel provided verifications to the initial responses.
7 (Martin. Decl. ¶ 6.)  On March 8, 2021, Plaintiff's counsel provided unverified
8 supplemental responses.  (Martin. Decl. ¶ 7.)    The following day, the parties met and
9 conferred again regarding the remaining issues with the responses, which still did not
10 fully respond to the requests and were unverified.  (*Id.*)

11      On March 10, 2021, the parties had an informal discovery conference with the
12 Court's clerk.  Later that day, Plaintiff's counsel provided another draft of unverified
13 supplemental responses to Requests for Production, Interrogatories, and Requests for
14 Admissions. (Martin. Decl. ¶ 8.)

15      On March 16, 2021, the parties participated in an informal discovery conference
16 with this Court, where the discovery issues were discussed.  Plaintiff's counsel
17 represented that he would provide verified supplemental responses no later than April 2,
18 2021.  ECF No. 136.  The Court ordered that Defendant had until April 16, 2021, to file
19 a motion to compel.  ECF No. 136.

20      Plaintiff did not provide supplemental responses on April 2, 2021.  (Martin. Decl.
21 ¶ 10.)  Instead his counsel emailed saying that he had not yet received the responses
22 from his client.  As of the filing of this motion, almost two weeks have passed and the
23 Plaintiff has yet to provide final supplemental responses.  (Martin. Decl. ¶ 10.)

## III.   ARGUMENT

25      Plaintiff is required to provide complete responses to discovery requests, but has
26 not.  He did not fully admit or deny request for admissions, did not fully respond to
27 interrogatories, and did not provide complete responses to document requests.  The
28 Federal Rules of Civil Procedure authorize this Court to compel Plaintiff to comply

with discovery requests and to award monetary sanctions for the costs of $1,442.10 for bringing this motion.

Federal Rule of Civil Procedure Rule 37(a)(4)(B) authorizes a party to bring a motion for an order compelling disclosure or discovery if the party does not provide an adequate response.  Further, if the motion is granted Rule 37(a)(5) provides "the court must, . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Further, if a party refuses to comply with a Court order, the Court may also impose issue and evidentiary sanctions. Fed. R. Civ. P. 37(2)(A)(i)-(vii).  As discussed below, Plaintiff has not provided adequate discovery responses and the Court should compel him to respond.

### A. The Request for Admissions Should be Deemed Admitted for Failure to Provide an Adequate Response

Plaintiff has not provided unqualified admissions or denials as required by Rule 36.  Fed R. Civ. P.  Rule 36 required Plaintiff to provide non-evasive responses, or the requests would be deemed admitted.

Rule 36 serves the valuable purpose of binding a party to a litigation position in order to reduce the issues for trial.  "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir.1982).

Once served with requests for admission, a party has 30 days to respond with "a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a) (3). If the party does not admit a matter, "the answer must *specifically deny it or state in detail* why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4) (emphasis added). Failure to respond to requests of admission in a proper or timely manner will result in the matter's being deemed admitted. Fed. R. Civ. P. 36(a)(3); *accord Asea, Inc. v. S. Pac. Transp. Co.*, 669

1  F.2d 1242, 1245 (9th Cir.1981) ("[F]ailure to answer or object to a proper request for

2  admission is itself an admission: the Rule itself so states."). Similarly, the court "may,

3  under proper circumstances and in its discretion, order admitted matters which an

4  answering party has failed to admit or deny, where the information known or readily

5  obtainable after reasonable inquiry was sufficient to enable the answering party to admit

6  or deny." *Asea*, Inc., 669 F.2d at 1245.

7   "A party requesting an admission may, if he feels [Rule 36 has] not been met,

8  move to determine the sufficiency of the answer, to compel a proper response, or to

9  have the matter ordered admitted." *Asea*, 669 F.2d at 1247.  Rule 36(a) provides that a

10 matter may be deemed admitted if the answer "does not comply with the requirements

11 of this rule." An evasive denial, one that does not "specifically deny the matter," or

12 a response that does not set forth "in detail" the reasons why the answering party cannot

13 truthfully admit or deny the matter, may be deemed an admission. *See, e. g., Havenfield*

14 *Corp. v. H & R Block, Inc.*, 67 F.R.D. 93, 96-97 (W.D.Mo.1973); *Asea, Inc. v. S. Pac.*

15 *Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981).  Plaintiff's responses to the Request

16 for Admissions, are just such an evasive denial, and should be deemed admitted.

17         i.    Plaintiff's January 23, 2021 Responses to the Requests for
                 Admissions Are Evasive and the Objections are Inapplicable
18               Boilerplate.

19        None of the January 23, 2021 responses to the requests for admissions, the only

20 final version of the responses, clearly admits or denies the requests.  (Martin Decl.,

21 Exhibit B.)  Instead each response contained the following evasive language: "Plaintiff

22 lacks sufficient information and belief at this time to fully respond to this question as

23 discovery is still ongoing. . . . plaintiff will correct and/or supplement this response."

24 Further, each of the evasive responses was further couched as "subject to" a string of

25 objections.  (Martin Decl., Exhibit B.)

26        These responses are confusing and misleading do not comply with the Federal

27 Rules of Civil Procedure.  *Springer v. Gen. Atomics Aeronautical Sys. Inc.*, No.

28 16CV2331-BTM(KSC), 2018 WL 490745, at *2 (S.D. Cal. Jan. 18, 2018) (finding

1  responses to requests for admissions provided "subject to" a string of boilerplate

2  objections is inadequate).

3       First the boilerplate objections asserted in the responses do not justify the failure

4  to respond.  The responses to the Requests for Admissions each contained variations of

5  objections stating, "relevance, legal conclusion, vague ambiguous, and expert opinion."

6  "Boilerplate, generalized objections are inadequate and tantamount to not making any

7  objection at all." *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D.

8  Cal. 1999). *See, e.g., Anderson v. Hansen*, No. 09-cv-01924-LJO, 2012 WL 4049979, at

9  8 (E.D. Cal. Sept. 13, 2012) (overruling the defendant's boilerplate objections to

10  requests for admissions in their entirety because "boilerplate objections do not suffice"

11  and because objections must be clarified, explained, and supported). As boilerplate,

12  these objections are waived for lack of specificity.

13       Further, the objections also lack merit.  Each of the requests for admissions are

14  within the proper scope for requests for admissions since they concern Plaintiff's claims

15  in this case.  Fed. R. Civ. P. 26(a); (Martin Decl., Exhibit A.).  The objection of "legal

16  conclusion" is inapplicable because these requests concerns the application of law to

17  facts in this case and Fed. R. Civ. P. 36(a)(1)(A) permits requests for admissions as to

18  "facts, the application of law to fact, or opinions about either."   Plaintiff's expert

19  opinion objection is without merit as he does not need an "expert opinion" to articulate

20  his litigation position regarding damages and, even if he did, this is information within

21  his power to obtain and he should have responded  *See Marchand v. Mercy Med. Ctr*.,

22  22 F.3d 933, 938 (9th Cir. 1994) (awarding defendant costs when Plaintiff unreasonably

23  denied requests for admissions regarding causation of quadriplegia).

24       Beyond meritless objections, the substance of the responses fails to comply with

25  Rule 36.  The responses did not specifically deny the matter or set forth *in detail* the

26  reasons why the answering party cannot truthfully admit or deny the matter. The

27  responses did not qualify an answer or deny only a part of the matter of which an

28  admission is requested or specify so much of it as is true.

Further, the claimed "lack of information" asserted in the responses is not asserted in good faith in response to these requests.  Mr. Grizzle was required to make a reasonable inquiry and secure such knowledge and information as are readily obtainable before failing to admit or deny.  He cannot avoid responding simply based upon a lack of personal knowledge. 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2261, at 731 (1970).

Further, the matters sought to be admitted, whether Plaintiff is seeking economic damages, future damages, Plaintiff's own subjective experience of physical symptoms, and his status as a pretrial detainee, are matters uniquely within his ability to admit or deny as a litigant and the Plaintiff in this case.  Plaintiff is the master of his claims and cannot claim ignorance of his own claims in his complaint in an attempt to avoid discovery.  This case involves events that occurred over four years ago and Plaintiff has had adequate time to determine the scope of damages he is claiming in this action. Plaintiff also can respond regarding his status as a pretrial detainee in the criminal case by reference to Court records.  Plaintiff's responses do not meet the Rule 36 requirements for a response.  This Court should deem Requests for Admissions 1-5 admitted as Plaintiff, has repeatedly failed to provide adequate responses.

        ii.    <u>Plaintiff's March 8th & 10th, 2021 "draft responses" to the Requests for Admissions do not cure the Deficiencies of the January 23, 2021 Responses as they have Never Been Finalized or Signed by Plaintiff.</u>

With the motion to compel pending Plaintiff's counsel served "draft" supplemental responses on March 8th & 10th, 2021.  (Martin Decl., Exhibit C, D.) However, these responses do not comply with Rule 36 since they lack finality. Plaintiff's counsel has indicated in correspondence and meet and confer conversations that the March 8th and 10th, 2021 "supplemental" responses are preliminary, not final, and subject to revision from his client. Plaintiff's counsel has indicated that these responses are drafts that he will likely change them if Plaintiff disagrees.  (Martin Decl. ¶ 10.) Thus, these responses are actually not responses at all.  To date, Plaintiff has not provided "final" supplemental responses or verifications to the March 8, or 10th

1  supplemental responses that would make them more than "drafts." (Martin Decl. ¶ 11.)

2  Thus items also do not supply responses to requests for admission as required by Rule

3  36.

4      **B.  <u>Plaintiff  Should be Ordered to Provide Further Responses to Interrogatories.</u>**

5         The responses to interrogatories sent by Plaintiff's counsel on January 23, March

6  8th, and March 10, 2021 lack substantive information from Plaintiff in the responses

7  and make inappropriate reference to documents.  Further, the draft supplemental

8  responses dated March 8 and 10, 2021 are not verified.  (Martin Decl. ¶ 7, Exhibit F, G,

9  H.)

10         "Each interrogatory must, to the extent it is not objected to, be answered

11  separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3) (emphasis added).

12      [A]n answer to an interrogatory must be responsive to the question. It
   should be complete in itself and should not refer to the pleadings, or to

13  depositions or other documents, or to other interrogatories, at least where
   such references make it impossible to determine whether an adequate

14  answer has been given without an elaborate comparison of answers.

15  *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind .2000) (citations and quotation marks

16  omitted). " 'Incorporation by reference is not a responsive answer.' " *Id.* (quoting *Cont'l*

17  *Ill. Nat. Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 686 (D. Kan. 1991)).

18  Even when responsive to interrogatories, Rule 33(d) requires considerably more

19  specificity than merely referring to "previously produced business records." *Rainbow*

20  *Pioneer No. 44-18-04A v. Hawaii-Nevada Investment Corp.*, 711 F.2d 902, 906 (9th

21  Cir.1983); *O'Connor v. Boeing North American, Inc.*, 185 F.R.D. 272, 277-78

22  (C.D.Cal.1999). Further, the responding party must state any objections "with

23  specificity." Fed.R.Civ.P. 33(b)(4).  "Boilerplate, generalized objections are inadequate

24  and tantamount to not making any objection at all." *Walker v. Lakewood Condo.*

25  *Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999).

26         Plaintiff has not responded fully to Interrogatories 1, 2, 3, 4, 5, 6, 8, 9, 11, 12, 14,

27  15, 17, 18, 20, 21, 23, and 24, and his responses to the slightly more robust, still draft

28  ///

form, "supplemental responses" dated March 10, 2021 are not under oath and are still incomplete.

Plaintiff's responses to interrogatories 1, 2, 3, 4, 6 do not provide all responsive information but refer to records, some that the County does not yet have. Further, these requests seek information that is uniquely within Plaintiff's own knowledge (his physical conditions) and that the County is not in a position to extract from records. Further, the responses themselves do not refer to which pages of the "records" or even which "records" the responses refer. This is an issue since Mr. Grizzle may have records other than those the County possesses. For Interrogatory 2, specifically, the remaining issue is that this response does not state *when* or *if* the physical symptoms described resolved. For Interrogatory 6, a reference to records is insufficient since Plaintiff was out of custody immediately prior to the incident and needs to disclose any providers he saw while out of custody.

Further, certain responses are incomplete. Interrogatory 5's response does not provide information for each item, its date, how submitted, its contents, or the response (if any). Interrogatories 8, 11, 14, 17, 20, 23 responses do not identify the documents (other than the Gore letter and Boorman reply) in the matter defined in the request. Interrogatories 9, 12, 15, 18, 21, 24 responses' are incomplete since the witnesses (other than Boorman) are not identified in the matter defined in the request.

## C. **Plaintiff Should be Ordered to Provide Further Responses to Requests for Production (All Requests).**

When responding to requests for production, a party must produce all relevant documents within his "possession, custody or control." *McBryar v. Int'l Union of United Auto. Aerospace & Agr. Implement Workers of Am.*, 160 F.R.D. 691, 695 (S.D.Ind.1993) (quotation marks omitted). A party has control or custody of a document when he "has the legal right to obtain the document, even though in fact he has no copy." *Id.* (*citing Scott v. Arex, Inc.*, 124 F.R.D. 39 (D. Conn. 1989); *In re Folding Carton Antitrust Litig.*, 76 F.R.D. 420 (D.C. Ill. 1977)).

Answers to requests for production "must be complete, explicit and responsive. If a party cannot furnish details, he should say so under oath, say why and set forth the efforts he used to obtain the information. He cannot plead ignorance to information that is from sources within his control." *Milner v. Nat'l Sch. of Health Tech.*, 73 F.R.D. 628, 632 (D.C.Pa.1977).  The requesting party "is entitled to individualized, complete responses to each of the requests ..., accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D.Cal.2006).

Plaintiff does not state in response to any of these requests that he has produced all items in his possession, custody or control.  (Martin Decl, Exhibits J, K.)  Further each of the responses includes language indicating that not all items were provided. E.g., the supplemental responses mention only "unobjectionable" documents being produced (Martin Decl., Exhibit K) and Mr. Grizzle at one time indicated he was keeping notes, which were not produced.  The response needs to state unequivocally that all items have been produced.  As phrased, the assertion of objections and the limitation in the responses implies items are withheld.  However, Plaintiff has not provided any privilege log or provided non-boilerplate objections sufficient to show that he has the right to withholding items in the grounds of privilege.

## IV.   CONCLUSION

The County respectfully requests that the Court grant the motion to compel, deem the admissions admitted, order further responses, and award the County the costs incurred in bringing this motion.

DATED: April 14, 2021                    Office of County Counsel

By: s/JENNIFER M. MARTIN, Deputy
Attorneys for Defendants County of San Diego,
William Gore, Lena Lovelace and Aaron
Boorman

10