MELISSA M. HOLMES, Senior Deputy (SBN 220961)
ALEXA KATZ, Deputy (SBN 317968)
JENNIFER M. MARTIN, Deputy (SBN 322048)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-5836 Fax: (619) 531-6005
E-mail: jennifer.martin2@sdcounty.ca.gov

Attorneys for Defendants County of San Diego, William Gore, Lena Lovelace and Aaron Boorman

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elliot Scott Grizzle | No. 17-cv-00813-JLS-RBM |
| Plaintiff, | **DECLARATION OF JENNIFER MARTIN IN SUPPORT OF DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY INCLUDING INTERROGATORIES, REQUESTS FOR PRODUCTION, AND TO DEEM REQUESTS FOR ADMISSIONS ADMITTED** |
| v. | |
| County of San Diego, individually and officially, Sheriff William Gore, Lieutenant Lovelace, Lieutenant Froistad, Aaron Boorman, and Does 1 - 25, | |
| Defendants. | [Fed. R. Civ. P. 33, 34, 36, 37] |
| | Date: May 12, 2021 |
| | Time: 9:30 a.m. |
| | Dept: Suite 220, El Centro |
| | Judge: Hon. Ruth Bermudez Montenegro |

I, Jennifer Martin, declare:

1.    I am an attorney for Defendants, County of San Diego, William Gore, Lena Lovelace and Aaron Boorman, in this action and I have knowledge of each fact stated in this declaration.

2.    On November 24, 2020, Plaintiff was served by email with Requests for Admissions (Set One, Requests 1-5), Interrogatories (Set One, Requests 1-24), and Requests for Production, (Set One, Requests 1-48) propounded by Defendant County of

San Diego.  These requests sought the facts, documents, and witnesses Plaintiff possessed in support of his claims against each defendant as well as information regarding his damage claims.  The responses were initially due on December 24, 2020.

3.     On December 18, 2020, Plaintiff's counsel sought a thirty day extension to respond, claiming that the mail delivery with the prison where Plaintiff is housed would make a timely response difficult.  The extension was granted.

4.     On January 23, 2021, Plaintiff's counsel provided what he described as "preliminary responses" to the first set of discovery on January 23, 2021.  The responses were devoid of factual content and unverified.  Plaintiff's counsel stated that he still needed "my client to verify it and supplement it."

5.     Pursuant to Local Rule 26.1, Counsel met and conferred on the phone and by email numerous times regarding the contents of the responses.  Plaintiff's counsel is located out of the County so the meet and confers efforts were by telephone calls on at least three separate occasions, including on February 12, 2021 and March 10, 2021. Counsel also conferred through numerous email exchanges.

6.     On February 25, 2021, Plaintiff's counsel provided verifications to the January 23, 2021 version of the responses.

7.     On March 8, 2021, Plaintiff's counsel provided unverified supplemental responses to the Interrogatories, and Requests for Admissions.  The following day, the parties met and conferred again via telephone and email regarding the remaining issues with the responses, which still did not fully respond to the requests and were unverified.

8.     On March 10, 2021, the parties had an informal discovery conference with the Court's clerk.  Later that day, Plaintiff's counsel provided another draft of unverified supplemental responses to Requests for Production, Interrogatories and Requests for Admissions.

9.     On March 16, 2021, the parties participated in an informal discovery conference with this Court, where the discovery issues were discussed.  Plaintiff's

///

counsel represented that he would provide verified supplemental responses no later than April 2, 2021.

10.     Plaintiff's counsel has indicated in correspondence and meet and confer conversations that the March 8th and 10th, 2021 "supplemental" responses are preliminary, not final, and subject to revision from his client. Plaintiff's counsel has indicated that these responses are drafts that he will likely change them if Plaintiff disagrees.

11.     Plaintiff did not provide supplemental responses on April 2, 2021.  Instead his counsel emailed saying that he had not yet received the responses from his client.  As of the filing of this motion, almost two weeks have passed since this communication and the Plaintiff has yet to provide final supplemental responses.

12.     The following exhibits are attached to this declaration:

<u>Requests for Admissions</u>

13.     The Requests for Admission, Set One, propounded on Plaintiff on November 24, 2020 are attached to this declaration as **Exhibit A**.

14.     The January 23, 2021 Responses to the Requests for Admissions, Set One, are attached to this declaration as **Exhibit B**.  The verification provided by Plaintiff on February 25, 2021 is included as the last page of this exhibit.

15.     The March 8, 2021 Supplemental Response to the Requests for Admissions, Set One, are attached to this declaration as **Exhibit C**.

16.     The March 10, 2021 Supplemental Response to the Requests for Admissions, Set One, are attached to this declaration as **Exhibit D**.

<u>Interrogatories</u>

17.     The Interrogatories, Set One, propounded on Plaintiff on November 24, 2020 are attached to this declaration as **Exhibit E**.

18.     The January 23, 2021 Responses to the Interrogatories, Set One, are attached to this declaration as **Exhibit F**.  The verification provided by Plaintiff on February 25, 2021 is included as the last page of this exhibit.

No. 17-cv-00813-JLS-RBM

19.   The March 8, 2021 Supplemental Response to the Interrogatories, Set One, are attached to this declaration as **Exhibit G**.

20.   The March 10, 2021 Supplemental Response to the Interrogatories, Set One, are attached to this declaration as **Exhibit H**.

Requests for Production

21.   The Requests for Production of Documents, Set One, propounded on Plaintiff on November 24, 2020 are attached to this declaration as **Exhibit I**.

22.   The January 23, 2021 Responses to the Requests for Production of Documents, Set One, are attached to this declaration as **Exhibit J**.

23.   The March 10, 2021 Supplemental Response to the Requests for Production of Documents, Set One, are attached to this declaration as **Exhibit K**.

24.   Defense counsel has spent over 5.7 hours in preparing this motion.  This does not include prior meet and confer efforts and informal discovery conferences. Defendant's cost in attorney's fees for bringing this motion is $1,442.10 based on the hourly rate for counsel multiplied by the number of hours.

25.   The blended hourly rate for County Counsel attorneys is $253 an hour. This amount is the internal cost recovery rate billed by County Counsel attorneys to client departments in fiscal year 2020-2021 and does not reflect market value, which is higher.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in San Diego, California, on April 14th, 2021.


s/JENNIFER M. MARTIN, Deputy County Counsel

No. 17-cv-00813-JLS-RBM

# EXHIBIT "A"

1  THOMAS E. MONTGOMERY, County Counsel
   County of San Diego
2  By MELISSA M. HOLMES, Senior Deputy (SBN 220961)
      ALEXA F. KATZ, Deputy (SBN 317968)
3      JENNIFER M. MARTIN, Deputy (SBN 322048)
   1600 Pacific Highway, Room 355
4  San Diego, California 92101-2469
   Telephone: (619) 531- 5836 Fax: (619) 531-6005
5  E-mail: jennifer.martin2@sdcounty.ca.gov

6  Attorneys for Defendants County of San Diego, William Gore, Lena Lovelace and Aaron
   Boorman
7

8              **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  Elliot Scott Grizzle                    ) No.17-cv-00813-JLS-RBM
                                            )
12          Plaintiff,                      ) **DEFENDANT COUNTY OF SAN**
                                            ) **DIEGO'S REQUESTS FOR**
13      v.                                  ) **ADMISSIONS TO PLAINTIFF**
                                            ) **ELLIOT SCOTT GRIZZLE**
14  County of San Diego, et al             )
                                            )
15          Defendants.                     ) **(SET NO. 1)**
                                            )
16                                          )
                                            )
17                                          )
                                            )
18                                          )
                                            )
19                                          )
                                            )
20  _____)

21  **PROPOUNDING PARTY:**    Defendant, County of San Diego

22  **RESPONDING PARTY:**     Plaintiff, Elliot Scott Grizzle

23  **SET NO.:**              One (1)

24        Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant

25  hereby requests that within thirty days from the date of service hereof, you provide

26  verified responses to these Requests for Admissions (Set No. 1), specified below to The

27  Office of County Counsel, 1600 Pacific Highway Room 355, San Diego, CA 92101. A

28  matter is admitted unless within thirty days after being served, the party to whom the

Exhibit A

request is directed served on the requesting party a written answer or objection to the matter and signed by the party or its attorney. Fed. R. Civ. P. 36(a) (3).

<strong><u>DEFINITIONS</u></strong>

1.      The term "YOU" or "YOUR" refers to Plaintiff Elliot Scott Grizzle in this action.

2.      The term "DEFENDANT" refers to Defendants County of San Diego, William Gore, Lena Lovelace and Aaron Boorman or anyone else acting on their behalf.

3.      The term  "DOCUMENTS" means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, Photostats, Photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

4.      The term "INCIDENT" means the circumstances and events on that give rise to this lawsuit (Case No. 17-cv-00813-JLS-RBM).

5.      "COMPLAINT" refers to the Third Amended Complaint filed in this action on September 27, 2019 (ECF No. 110).

**<u>REQUEST FOR ADMISSION NO. 1:</u>**

Admit that you are not seeking to recover for any economic damages (*See* CACI 3902-3903 for types of economic damages) as a result of the allegations in your COMPLAINT.

**<u>REQUEST FOR ADMISSION NO. 2:</u>**

Admit that you are not seeking to recover for any type of *future* damages (economic or non-economic) as a result of the allegations in your COMPLAINT.

**<u>REQUEST FOR ADMISSION NO. 3:</u>**

Admit that the physical symptoms you allege in paragraph 29 of the COMPLAINT completely resolved by September 25, 2017.

///

///

2

*17cv00813-JLS-RBM*

Exhibit A

1   **REQUEST FOR ADMISSION NO. 4:**

2       Admit that the mental symptoms you allege in paragraph 29 of the COMPLAINT

3   completely resolved by September 25, 2017.

4   **REQUEST FOR ADMISSION NO. 5:**

5       Admit that, after March 28, 2017, you were no longer a "pretrial detainee" as

6   alleged in the COMPLAINT.

7   DATED: November 24, 2020      THOMAS E. MONTGOMERY, County Counsel

8                   By:

9                      JENNIFER M. MARTIN, Deputy

10               Attorneys for Defendants County of San Diego,
William Gore, Lena Lovelace and Aaron Boorman

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17cv00813-JLS-RBM

## DECLARATION OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to the case; I am employed in the County of San Diego, California. My business address is 1600 Pacific Highway, Room 355, San Diego, California, 92101.

On November 24, 2020, I served the following documents:
**DEFENDANT COUNTY OF SAN DIEGO'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF ELLIOT SCOTT GRIZZLE (SET NO. 1)**

**DEFENDANT COUNTY OF SAN DIEGO'S INTERROGATORIES PROPOUNDED TO PLAINTIFF ELLIOT SCOTT GRIZZLE (SET NO. 1)**

**DEFENDANT COUNTY OF SAN DIEGO'S REQUESTS FOR ADMISSIONS TO PLAINTIFF ELLIOT SCOTT GRIZZLE (SET NO. 1)**
in the following manner:

☒ **(BY E-MAIL)** By emailing an electronic copy (per mutual agreement) of the documents listed above to the following e-mail address(es):

Kevin Macnamara, Esq.
Law Office of Kevin Macnamara
5281 Pembury Drive
La Palma, CA 90623
Tel: (714) 858-1109
Fax: (866) 506-3448
kevin.macnamara.esq@gmail.com

Attorney for Plaintiff: Elliott Scott Grizzle

Executed on November 24, 2020, at San Diego, California.

By: _____
A. TRUJILLO

(*Elliot Scott Grizzle v. County of San Diego, et al*;
USDC Case No. 17cv0813-JLS-RBM)

Exhibit A

# EXHIBIT "B"

Kevin Macnamara, Esq. (SBN # 279691)
kevin.macnamara.esq@gmail.com
Law Office of Kevin Macnamara
5281 Pembury Drive
La Palma CA 90623
Tel: (714) 858-1109
Fax: (866) 506-3448
Attorney for Plaintiff: Elliott Scott Grizzle

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Elliott Scott Grizzle,

        Plaintiff,

    vs.

County of San Diego et al.

       Defendant

)
)
)
)
)
)
)
)
)

Case No.: 3:17-cv-00813-JLS-RBM

**PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUEST FOR ADMISSIONS, SET ONE**

REQUESTING PARTY: DEFENDANT COUNTY OF SAN DIEGO
RESPONDING PARTY: PLAINTIFF ELLIOTT SCOTT GRIZZLE
SET NUMBER: ONE

      Pursuant to Federal Rules of Civil Procedure, Rule 36, Plaintiff Elliott Scott Grizzle ("Plaintiff") responds to Defendant County of San Diego ("Defendant") First Request for Admissions (Set One) as follows:

<u>**INTRODUCTORY STATEMENT**</u>

      Plaintiff's responses are made in the spirit of discovery, but without waiving any right of objection to the admissibility of the responses contained herein, and without waiving the right to object to the discoverability of the responses indicated herein. Plaintiff further reserves the right to supplement these responses as further investigation and discovery reveal different and/or additional facts, information, knowledge, documents or other tangible items.

1

Exhibit B

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, admissibility) which would require exclusion of any statement contained herein if these requests were asked of, or any statements contained herein were made by, a witness present and testifying in court. All such objections and grounds are therefore reserved and may be interposed at the time of trial or any other comparable proceeding.

The party on whose behalf these responses are given has not yet completed his or her discovery and investigation of the facts relating to this action and has not yet completed preparation for the trial of this action. Thus, the following responses are based on information presently known and available to the responding party and should not be construed as prejudicing, infringing, or waiving the responding party's right to produce all evidence, whenever discovered, relating to proof of facts subsequently discovered to be material. Except for facts explicitly admitted herein, no incidental or implied admission of any nature whatsoever is intended thereby. The fact that any request herein has been answered should not be taken as an admission, acceptance, or concession of the existence of any facts thus set forth or assumed. All questions, which assume facts, are provided without waiving such objections. The fact that the parties on whose behalf these responses are given have answered part or all of the requests is not intended and should not be construed as a waiver by the responding party of all or any objection to the request for admission.

## GENERAL OBJECTIONS

Plaintiff incorporates the following General Objections into each and every specific response and objection set forth below. Plaintiff objects to these requests on the ground that discovery and investigations in this matter are ongoing and that

2

Exhibit B

Plaintiff does not currently have in his possession, custody or control all facts or information necessary to answer each and every request for admission propounded. Plaintiff further objects to each and every request propounded by Respondent: (1) insofar as it seeks an admission of a fact or genuineness of documents or other tangible items not in this responding party's possession, custody or control and (2) insofar as it seeks information or documents that were prepared for or in anticipation of litigation, constitute attorneys' work product, contain or pertain to attorney/client communications, or are otherwise privileged.

**REQUEST FOR ADMISSION NO. 1:**

Admit that you are not seeking to recover for any economic damages (See CACI 3902-3903 for types of economic damages) as a result of the allegations in your COMPLAINT.

**Plaintiff's Response to Request for Admission Number One**:

Objection, vague, ambiguous, overbroad, calls for a legal conclusion. Without waiving any objection whatsoever plaintiff responds as follows:

Plaintiff lacks sufficient information and belief at this time to fully respond to this question as discovery is still ongoing. For that reason plaintiff denies the request for admission stating that plaintiff is not seeking any type of economic damages at this time, however plaintiff will plaintiff will correct and/or supplement this response.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you are not seeking to recover for any type of future damages (economic or non-economic) as a result of the allegations in your COMPLAINT.

**Plaintiff's Response to Request for Admission Number Two**:

**Plaintiff's Responses to Defendants' Request for Admissions, Set One**
Grizzle v. County of San Diego et al.

Exhibit B

Objection, plaintiff is unqualified to evaluate if there is lasting damage, vague, ambiguous, unintelligible, calls for legal conclusion, calls for expert opinion. Without waiving any right of objection whatsoever plaintiff responds as follows: Denied. Plaintiff lacks sufficient information and belief at this time to make an accurate response to this question and, discovery is ongoing and plaintiff is not fully evaluated all aspects of damages, thus, plaintiff lacks sufficient information and belief to respond to this request and it is therefore denied at this time. However, plaintiff will correct and/or supplement this response as more information becomes available through discovery.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the physical symptoms you allege in paragraph 29 of the COMPLAINT completely resolved by September 25, 2017.

**Plaintiff's Request for Response to Request for Admission Number Three:**

Objection, plaintiff is not qualified to answer this question because he is not a doctor or psychiatrist. The referenced paragraph of the third amended complaint describes a number of physical and psychological injuries, which could be ongoing or could have exceeded the precise date of September 25, 2017. Further objections are that this is vague, ambiguous, and impossibly precise to answer in the affirmative. Without waiving any objection whatsoever plaintiff responds as follows:

Plaintiff lacks sufficient information and belief in order to admit or deny this request for admission and on that basis denies the request. However, discovery is still ongoing and plaintiff may receive new information that may change the response to this request for admission. When new information becomes available plaintiff will correct and/or supplement this response.

**Plaintiff's Responses to Defendants' Request for Admissions, Set One**
Grizzle v. County of San Diego et al.

Exhibit B

**REQUEST FOR ADMISSION NO. 4:**

Admit that the mental symptoms you allege in paragraph 29 of the COMPLAINT completely resolved by September 25, 2017.

**Plaintiff's Response to Request for Admission Number Four**:

Objection, plaintiff is not qualified to answer this question because he is not a doctor or psychiatrist. The referenced paragraph of the third amended complaint describes a number of physical and psychological injuries, which could be ongoing or could have exceeded the precise date of September 25, 2017. Further objections are that this is vague, ambiguous, and impossibly precise to answer in the affirmative. Without waiving any objection whatsoever plaintiff responds as follows:

Plaintiff lacks sufficient information and belief in order to admit or deny this request for admission and on that basis denies the request. However, discovery is still ongoing and plaintiff may receive new information that may change the response to this request for admission. When new information becomes available plaintiff will correct and/or supplement this response.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, after March 28, 2017, you were no longer a "pretrial detainee" as alleged in the COMPLAINT.

**Plaintiff's Response to Request for Admission Number Five**:

Objection, relevance, calls for a legal conclusion, vague, ambiguous, and not reasonably calculated to lead to admissible evidence. Without waiving any objection whatsoever plaintiff responds as follows:

**Plaintiff's Responses to Defendants' Request for Admissions, Set One**
Grizzle v. County of San Diego et al.

Exhibit B

Plaintiff lacks sufficient information and belief to admit or deny this request at this time and on that basis, the request is denied. Discovery is ongoing and plaintiff will correct and/or supplement this response as the information becomes available.

Dated this January 23, 2021

__/s/Kevin Macnamara_____
Kevin Macnamara, Esq.
Attorney for
Elliott Scott Grizzle

6

**Plaintiff's Responses to Defendants' Request for Admissions, Set One**
Grizzle v. County of San Diego et al.

Exhibit B

**VERIFICATION**

I, Elliott Scott Grizzle, am the plaintiff in the above-entitled action, and I have reviewed the foregoing responses and know them to be true based upon my own personal knowledge or information that I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this __18__ day of __feb__ 2020, at __jamestown__, California.

_____
Elliott Scott Grizzle

_Plaintiff's Responses to Defendants' Request for Admissions, Set One_

_Grizzle v. County of San Diego et al._

7

Exhibit B

# EXHIBIT "C"

Kevin Macnamara, Esq. (SBN # 279691)
kevin.macnamara.esq@gmail.com
Law Office of Kevin Macnamara
5281 Pembury Drive
La Palma CA 90623
Tel: (714) 858-1109
Fax: (866) 506-3448
Attorney for Plaintiff: Elliott Scott Grizzle

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elliott Scott Grizzle,<br><br>        Plaintiff,<br><br>    vs.<br><br>County of San Diego et al.<br><br>        Defendant | Case No.: 3:17-cv-00813-JLS-RBM<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUEST FOR ADMISSIONS, SET ONE SUPPLEMENT A** |

REQUESTING PARTY: DEFENDANT COUNTY OF SAN DIEGO
RESPONDING PARTY: PLAINTIFF ELLIOTT SCOTT GRIZZLE
SET NUMBER: ONE

Pursuant to Federal Rules of Civil Procedure, Rule 36, Plaintiff Elliott Scott Grizzle ("Plaintiff") responds to Defendant County of San Diego ("Defendant") First Request for Admissions (Set One) as follows:

## INTRODUCTORY STATEMENT

Plaintiff's responses are made in the spirit of discovery, but without waiving any right of objection to the admissibility of the responses contained herein, and without waiving the right to object to the discoverability of the responses indicated herein. Plaintiff further reserves the right to supplement these responses as further investigation and discovery reveal different and/or additional facts, information, knowledge, documents or other tangible items.

1

Exhibit C

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, admissibility) which would require exclusion of any statement contained herein if these requests were asked of, or any statements contained herein were made by, a witness present and testifying in court. All such objections and grounds are therefore reserved and may be interposed at the time of trial or any other comparable proceeding.

The party on whose behalf these responses are given has not yet completed his or her discovery and investigation of the facts relating to this action and has not yet completed preparation for the trial of this action. Thus, the following responses are based on information presently known and available to the responding party and should not be construed as prejudicing, infringing, or waiving the responding party's right to produce all evidence, whenever discovered, relating to proof of facts subsequently discovered to be material. Except for facts explicitly admitted herein, no incidental or implied admission of any nature whatsoever is intended thereby. The fact that any request herein has been answered should not be taken as an admission, acceptance, or concession of the existence of any facts thus set forth or assumed. All questions, which assume facts, are provided without waiving such objections. The fact that the parties on whose behalf these responses are given have answered part or all of the requests is not intended and should not be construed as a waiver by the responding party of all or any objection to the request for admission.

## GENERAL OBJECTIONS

Plaintiff incorporates the following General Objections into each and every specific response and objection set forth below. Plaintiff objects to these requests on the ground that discovery and investigations in this matter are ongoing and that

2

**Plaintiff's Responses to Defendants' Request for Admissions, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit C

1   Plaintiff does not currently have in his possession, custody or control all facts or
2   information necessary to answer each and every request for admission propounded.
3   Plaintiff further objects to each and every request propounded by Respondent: (1)
4   insofar as it seeks an admission of a fact or genuineness of documents or other
5   tangible items not in this responding party's possession, custody or control and (2)
6   insofar as it seeks information or documents that were prepared for or in
7   anticipation of litigation, constitute attorneys' work product, contain or pertain to
8   attorney/client communications, or are otherwise privileged.

9   **REQUEST FOR ADMISSION NO. 1:**
10  Admit that you are not seeking to recover for any economic damages (See CACI
11  3902-3903 for types of economic damages) as a result of the allegations in your
12  COMPLAINT.

13  **Plaintiff's Response to Request for Admission Number One**:
14  Objection, vague, ambiguous, overbroad, calls for a legal conclusion. Without
15  waiving any objection whatsoever plaintiff responds as follows:
16  Plaintiff lacks sufficient information and belief at this time to fully respond to this
17  question as discovery is still ongoing. Plaintiff has propounded discovery on
18  defendants and they have not responded yet. For that reason plaintiff denies the
19  request for admission stating that plaintiff is not seeking any type of economic
20  damages at this time, however plaintiff will correct and/or supplement this
21  response. Unless something dramatic is produced by the County or another
22  defendant in response to plaintiff's discovery this response will be admitted based
23  on the information currently available to plaintiff.

24  **REQUEST FOR ADMISSION NO. 2:**
25  Admit that you are not seeking to recover for any type of future damages
26  (economic or non-economic) as a result of the allegations in your COMPLAINT.

27

28

**Plaintiff's Responses to Defendants' Request for Admissions, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit C

**Plaintiff's Response to Request for Admission Number Two**:

Objection, plaintiff is unqualified to evaluate if there is lasting damage, vague, ambiguous, unintelligible, calls for legal conclusion, calls for expert opinion. Without waiving any right of objection whatsoever plaintiff responds as follows: Denied. Plaintiff lacks sufficient information and belief at this time to make an accurate response to this question and, discovery is ongoing and plaintiff is not fully evaluated all aspects of damages, thus, plaintiff lacks sufficient information and belief to respond to this request and it is therefore denied at this time. Plaintiff has propounded discovery on defendants and they have yet to respond, but based on information currently available to plaintiff this response will be denied unless something dramatic is produced by one of the defendants. In particular, plaintiff is denying that he was not subjected to noneconomic damages. However, plaintiff will correct and/or supplement this response as more information becomes available through discovery.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the physical symptoms you allege in paragraph 29 of the COMPLAINT completely resolved by September 25, 2017.

**Plaintiff's Request for Response to Request for Admission Number Three:**

Objection, plaintiff is not qualified to answer this question because he is not a doctor or psychiatrist. The referenced paragraph of the third amended complaint describes a number of physical and psychological injuries, which could be ongoing or could have exceeded the precise date of September 25, 2017. Further objections are that this is vague, ambiguous, and impossibly precise to answer in the affirmative. Without waiving any objection whatsoever plaintiff responds as follows:

4

**Plaintiff's Responses to Defendants' Request for Admissions, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit C

Plaintiff lacks sufficient information and belief in order to admit or deny this request for admission and on that basis denies the request. Based upon the information currently available to plaintiff this request for admission will be denied. There could be lingering effects such as PTSD and other physical and psychological conditions which may present in the future that may be attributable to, or an aggravation of a pre-existing condition from the incident. However, discovery is still ongoing and plaintiff may receive new information that may change the response to this request for admission. When new information becomes available plaintiff will correct and/or supplement this response.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the mental symptoms you allege in paragraph 29 of the COMPLAINT completely resolved by September 25, 2017.

**Plaintiff's Response to Request for Admission Number Four**:

Objection, plaintiff is not qualified to answer this question because he is not a doctor or psychiatrist. The referenced paragraph of the third amended complaint describes a number of physical and psychological injuries, which could be ongoing or could have exceeded the precise date of September 25, 2017. Further objections are that this is vague, ambiguous, and impossibly precise to answer in the affirmative. Without waiving any objection whatsoever plaintiff responds as follows:

Based on information currently available plaintiff this request for admission will be denied. Plaintiff lacks sufficient information and belief in order to admit or deny this request for admission and on that basis denies the request at this time. However, discovery is still ongoing and plaintiff may receive new information that may change the response to this request for admission. Please also see the plaintiff's response to Request for Admission Number Three.

5

**Plaintiff's Responses to Defendants' Request for Admissions, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit C

**REQUEST FOR ADMISSION NO. 5:**

Admit that, after March 28, 2017, you were no longer a "pretrial detainee" as alleged in the COMPLAINT.

**Plaintiff's Response to Request for Admission Number Five**:

Objection, relevance, calls for a legal conclusion, vague, ambiguous, and not reasonably calculated to lead to admissible evidence. Without waiving any objection whatsoever plaintiff responds as follows:

Plaintiff lacks sufficient information and belief to admit or deny this request at this time and on that basis, the request is denied. However, based upon information currently available plaintiff this response will be admitted unless something dramatic is presented from the County or a defendant in response to plaintiff's discovery. Discovery is ongoing and plaintiff will correct and/or supplement this response as the information becomes available.

Dated this March 8, 2021

                                         \_\_/s/Kevin Macnamara_____
                                         Kevin Macnamara, Esq.
                                         Attorney for
                                         Elliott Scott Grizzle

6

**Plaintiff's Responses to Defendants' Request for Admissions, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit C

## __VERIFICATION__

I, Elliott Scott Grizzle, am the plaintiff in the above-entitled action, and I have reviewed the foregoing responses and know them to be true based upon my own personal knowledge or information that I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this _____ day of _____ 2020, at_____, California.


_____
Elliott Scott Grizzle

7

**Plaintiff's Responses to Defendants' Request for Admissions, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit C

# EXHIBIT "D"

Kevin Macnamara, Esq. (SBN # 279691)
kevin.macnamara.esq@gmail.com
Law Office of Kevin Macnamara
5281 Pembury Drive
La Palma CA 90623
Tel: (714) 858-1109
Fax: (866) 506-3448
Attorney for Plaintiff: Elliott Scott Grizzle

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elliott Scott Grizzle, | ) Case No.: 3:17-cv-00813-JLS-RBM |
| Plaintiff, | ) |
| vs. | ) **PLAINTIFF'S RESPONSES TO** |
| County of San Diego et al. | ) **DEFENDANTS' REQUEST FOR** |
| Defendant | ) **ADMISSIONS, SET ONE** |
| | ) **SUPPLEMENT A** |

REQUESTING PARTY: DEFENDANT COUNTY OF SAN DIEGO

RESPONDING PARTY: PLAINTIFF ELLIOTT SCOTT GRIZZLE

SET NUMBER: ONE

Pursuant to Federal Rules of Civil Procedure, Rule 36, Plaintiff Elliott Scott Grizzle ("Plaintiff") responds to Defendant County of San Diego ("Defendant") First Request for Admissions (Set One) as follows:

## **INTRODUCTORY STATEMENT**

Plaintiff's responses are made in the spirit of discovery, but without waiving any right of objection to the admissibility of the responses contained herein, and without waiving the right to object to the discoverability of the responses indicated herein. Plaintiff further reserves the right to supplement these responses as further investigation and discovery reveal different and/or additional facts, information, knowledge, documents or other tangible items.

1

**Plaintiff's Responses to Defendants' Request for Admissions, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit D

## **PRELIMINARY STATEMENT**

These responses are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, admissibility) which would require exclusion of any statement contained herein if these requests were asked of, or any statements contained herein were made by, a witness present and testifying in court. All such objections and grounds are therefore reserved and may be interposed at the time of trial or any other comparable proceeding.

The party on whose behalf these responses are given has not yet completed his or her discovery and investigation of the facts relating to this action and has not yet completed preparation for the trial of this action. Thus, the following responses are based on information presently known and available to the responding party and should not be construed as prejudicing, infringing, or waiving the responding party's right to produce all evidence, whenever discovered, relating to proof of facts subsequently discovered to be material. Except for facts explicitly admitted herein, no incidental or implied admission of any nature whatsoever is intended thereby. The fact that any request herein has been answered should not be taken as an admission, acceptance, or concession of the existence of any facts thus set forth or assumed. All questions, which assume facts, are provided without waiving such objections. The fact that the parties on whose behalf these responses are given have answered part or all of the requests is not intended and should not be construed as a waiver by the responding party of all or any objection to the request for admission.

## **GENERAL OBJECTIONS**

Plaintiff incorporates the following General Objections into each and every specific response and objection set forth below. Plaintiff objects to these requests on the ground that discovery and investigations in this matter are ongoing and that

2

**Plaintiff's Responses to Defendants' Request for Admissions, Set One Supplement A**
Grizzle v. County of San Diego et al.

Plaintiff does not currently have in his possession, custody or control all facts or information necessary to answer each and every request for admission propounded. Plaintiff further objects to each and every request propounded by Respondent: (1) insofar as it seeks an admission of a fact or genuineness of documents or other tangible items not in this responding party's possession, custody or control and (2) insofar as it seeks information or documents that were prepared for or in anticipation of litigation, constitute attorneys' work product, contain or pertain to attorney/client communications, or are otherwise privileged.

**REQUEST FOR ADMISSION NO. 1:**

Admit that you are not seeking to recover for any economic damages (See CACI 3902-3903 for types of economic damages) as a result of the allegations in your COMPLAINT.

**Plaintiff's Response to Request for Admission Number One:**

Objection, vague, ambiguous, overbroad, calls for a legal conclusion. Without waiving any objection whatsoever plaintiff responds as follows:

Admitted based upon the information currently available Plaintiff. Discovery is still ongoing. Plaintiff has propounded discovery on defendants and they have not responded yet. For that reason plaintiff reserves the right to amend the response to this request for admission, in the event that plaintiff needs to correct and/or supplement this response.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you are not seeking to recover for any type of future damages (economic or non-economic) as a result of the allegations in your COMPLAINT.

////

////

////

3

**Plaintiff's Responses to Defendants' Request for Admissions, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit D

**Plaintiff's Response to Request for Admission Number Two**:

Objection, plaintiff is unqualified to evaluate if there is lasting damage, vague, ambiguous, unintelligible, calls for legal conclusion, calls for expert opinion. Without waiving any right of objection whatsoever plaintiff responds as follows: Denied. Discovery is ongoing. Plaintiff has propounded discovery on defendants and they have yet to respond. In particular, plaintiff is denying that he was not subjected to noneconomic damages. However, plaintiff reserves the right to amend, correct and/or supplement this response as more information becomes available.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the physical symptoms you allege in paragraph 29 of the COMPLAINT completely resolved by September 25, 2017.

**Plaintiff's Request for Response to Request for Admission Number Three:**

Objection, plaintiff is not qualified to answer this question because he is not a doctor or psychiatrist. The referenced paragraph of the third amended complaint describes a number of physical and psychological injuries, which could be ongoing or could have exceeded the precise date of September 25, 2017. Further objections are that this is vague, ambiguous, and impossibly precise to answer in the affirmative. Without waiving any objection whatsoever plaintiff responds as follows:

Denied. There could be lingering effects such as PTSD and other physical and psychological conditions which may present in the future that may be attributable to, or an aggravation of a pre-existing condition from the incident. However, discovery is still ongoing and plaintiff may receive new information that may change the response to this request for admission. If new information becomes available Plaintiff will amend, correct and/or supplement this response.

////

4

**Plaintiff's Responses to Defendants' Request for Admissions, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit D

**REQUEST FOR ADMISSION NO. 4:**

Admit that the mental symptoms you allege in paragraph 29 of the COMPLAINT completely resolved by September 25, 2017.

**Plaintiff's Response to Request for Admission Number Four**:

Objection, plaintiff is not qualified to answer this question because he is not a doctor or psychiatrist. The referenced paragraph of the third amended complaint describes a number of physical and psychological injuries, which could be ongoing or could have exceeded the precise date of September 25, 2017. Further objections are that this is vague, ambiguous, and impossibly precise to answer in the affirmative. Without waiving any objection whatsoever plaintiff responds as follows:

Denied. However, discovery is still ongoing and plaintiff may receive new information that may change the response to this request for admission. Please also see the plaintiff's response to Request for Admission Number Three.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, after March 28, 2017, you were no longer a "pretrial detainee" as alleged in the COMPLAINT.

**Plaintiff's Response to Request for Admission Number Five**:

Objection, relevance, calls for a legal conclusion, vague, ambiguous, and not reasonably calculated to lead to admissible evidence. Without waiving any objection whatsoever plaintiff responds as follows:

Admitted, based upon information currently available to plaintiff. Discovery is ongoing and plaintiff reserves the right to amend, correct and/or supplement this response as more information becomes available.

////

5

**Plaintiff's Responses to Defendants' Request for Admissions, Set One Supplement A**

Grizzle v. County of San Diego et al.

Exhibit D

Dated this March 8, 2021

___/s/Kevin Macnamara_____
Kevin Macnamara, Esq.
Attorney for
Elliott Scott Grizzle

### **VERIFICATION**

I, Elliott Scott Grizzle, am the plaintiff in the above-entitled action, and I have reviewed the foregoing responses and know them to be true based upon my own personal knowledge or information that I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this _____ day of _____ 2021, at_____, California.

_____
Elliott Scott Grizzle

6

**Plaintiff's Responses to Defendants' Request for Admissions, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit D

# EXHIBIT "E"

1 | THOMAS E. MONTGOMERY, County Counsel
County of San Diego
2 | By MELISSA M. HOLMES, Senior Deputy (SBN 220961)
    ALEXA F. KATZ, Deputy (SBN 317968)
3 |   JENNIFER M. MARTIN, Deputy (SBN 322048)
1600 Pacific Highway, Room 355
4 | San Diego, California 92101-2469
Telephone: (619) 531- 5836 Fax: (619) 531-6005
5 | E-mail: jennifer.martin2@sdcounty.ca.gov

6 | Attorneys for Defendants County of San Diego, William Gore, Lena Lovelace and Aaron
Boorman
7 |

8 | **IN THE UNITED STATES DISTRICT COURT**

9 | **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10 |

11 | Elliot Scott Grizzle                                    )   No.17-cv-00813-JLS-RBM
                                                            )
12 |         Plaintiff,                                     )   **DEFENDANT COUNTY OF SAN**
                                                            )   **DIEGO'S INTERROGATORIES**
13 |     v.                                                 )   **PROPOUNDED TO PLAINTIFF**
                                                            )   **ELLIOT SCOTT GRIZZLE**
14 | County of San Diego, et al                             )
                                                            )
15 |         Defendants.                                    )   **(SET NO. 1)**
                                                            )
16 |                                                        )
                                                            )
17 |                                                        )
                                                            )
18 |                                                        )
                                                            )
19 |                                                        )
                                                            )
20 |

21 | **PROPOUNDING PARTY:**      Defendant, County of San Diego

22 | **RESPONDING PARTY:**       Plaintiff, Elliot Scott Grizzle

23 | **SET NO.:**                One (1)

24 |         Pursuant to Rule 33 of the Federal Rules of Civil Procedure, you are requested to

25 | answer each of the interrogatories below separately and fully in writing under oath.  You

26 | are required to serve a copy of your answers within thirty (30) days after the service of

27 | these interrogatories.

28 | ///

Exhibit E

## DEFINITIONS

1.      The term "YOU" or "YOUR" refers to Plaintiff Elliot Scott Grizzle in this action.

2.      The term "DEFENDANT" refers to Defendants County of San Diego, William Gore, Lena Lovelace and Aaron Boorman or anyone else acting on their behalf.

3.      The term  "DOCUMENTS" means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, Photostats, Photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

4.      The term "INCIDENT" means the circumstances and events on that give rise to this lawsuit (Case No. 17-cv-00813-JLS-RBM).

5.      "IDENTIFY" means to provide all known name, address, phone, and email addresses for individuals.  For entities, it means to provide the full name, address, and phone.  For documents, it means to describe document, including the location, date, title, and author.

6.      "COMPLAINT" refers to the Third Amended Complaint filed in this action on September 27, 2019 (ECF No. 110).

**INTERROGATORY NO. 1:**

Describe any physical, emotional, or mental condition that YOU had immediately before the INCIDENT.

**INTERROGATORY NO. 2:**

Describe all physical injuries YOU attribute to this INCIDENT, including when or if they resolved.

**INTERROGATORY NO. 3**:

Describe all mental or emotional injuries YOU attribute to this INCIDENT, including when or if they resolved.

///

2

17cv00813-JLS-RBM

**INTERROGATORY NO. 4**:

IDENTIFY all health care or mental health providers YOU received treatment from for injuries YOU attribute to this INCIDENT.

**INTERROGATORY NO. 5**:

Describe all grievances, inmate requests, or other correspondence or appeals you submitted to the San Diego County Jail or its staff regarding the INCIDENT.  Include in your response a description of: the DOCUMENT (grievance, letter, etc.), the date and time submitted, the method submitted (staff or grievance box), the contents of the DOCUMENT, and any response you received.

**INTERROGATORY NO. 6**:

IDENTIFY any and all health care providers, including mental health and substance abuse providers that have treated YOU in the last ten (10) years.

**INTERROGATORY NO. 7:**

Please set forth all facts that support your contention as stated in the COMPLAINT that Defendants violated your "14th amendment rights to due process because Defendants place Plaintiff in Ad-Seg . . . ."

**INTERROGATORY NO. 8:**

IDENTIFY any and all DOCUMENTS that support contention as stated in the COMPLAINT that Defendants violated your "14th amendment rights to due process because Defendants place Plaintiff in Ad-Seg . . . ."

**INTERROGATORY NO. 9:**

IDENTIFY all witnesses that have knowledge of any facts that support your contention, as stated in the COMPLAINT that Defendants violated your "14th amendment rights to due process because Defendants place Plaintiff in Ad-Seg . . . ."

**INTERROGATORY NO. 10:**

Please set forth all facts that support your claim that you "exhaust[ed] all administrative remedies" for the issues raised in your COMPLAINT.

///

3

17cv00813-JLS-RBM

Exhibit E

**INTERROGATORY NO. 11:**

IDENTIFY any and all DOCUMENTS that support your claim that you "exhaust[ed] all administrative remedies" for the issues raised in your COMPLAINT.

**INTERROGATORY NO. 12:**

IDENTIFY all witnesses that have knowledge of any facts that support your claim that you "exhaust[ed] all administrative remedies" for the issues raised in your COMPLAINT.

**INTERROGATORY NO. 13:**

Please set forth all facts that support your claim that your "fourteenth and eighth amendment rights to sleep" were violated as alleged in your COMPLAINT.

**INTERROGATORY NO. 14:**

IDENTIFY any and all DOCUMENTS that support your claim that your "fourteenth and eighth amendment rights to sleep" were violated as alleged in your COMPLAINT.

**INTERROGATORY NO. 15:**

IDENTIFY all witnesses that have knowledge of any facts that support your claim that your "fourteenth and eighth amendment rights to sleep" were violated as alleged in your COMPLAINT.

**INTERROGATORY NO. 16:**

Please set forth all facts that support your claim that "excessive lighting and excessive noise" caused you to suffer sleep deprivation as alleged in your COMPLAINT.

**INTERROGATORY NO. 17:**

IDENTIFY any and all DOCUMENTS that support your claim that "excessive lighting and excessive noise" caused you to suffer sleep deprivation as alleged in your COMPLAINT.

///

///

///

4

17cv00813-JLS-RBM

**INTERROGATORY NO. 18:**

IDENTIFY all witnesses that have knowledge of any facts that support your claim that "excessive lighting and excessive noise" caused you to suffer sleep deprivation as alleged in your COMPLAINT.

**INTERROGATORY NO. 19:**

Please set forth all facts that support your claim that your "fourteenth and eighth amendment right to exercise" were violated as alleged in your COMPLAINT.

**INTERROGATORY NO. 20:**

IDENTIFY any and all DOCUMENTS that support your claim that your "fourteenth and eighth amendment right to exercise" were violated as alleged in your COMPLAINT.

**INTERROGATORY NO. 21:**

IDENTIFY all witnesses that have knowledge of any facts that support your claim that your "fourteenth and eighth amendment rights right to exercise" were violated as alleged in your COMPLAINT.

**INTERROGATORY NO. 22:**

Please set forth all facts that support your claim that your "fourteenth and eighth amendment rights" were violated by Defendants forcing you "to choose between two constitutionally protected rights; the right to sleep and exercise" as alleged in your COMPLAINT.

**INTERROGATORY NO. 23:**

IDENTIFY any and all DOCUMENTS that support your claim that your "fourteenth and eighth amendment rights" were violated by Defendants forcing you "to choose between two constitutionally protected rights; the right to sleep and exercise" as alleged in your COMPLAINT.

**INTERROGATORY NO. 24:**

IDENTIFY all witnesses that have knowledge of any facts that support your claim that your "fourteenth and eighth amendment rights" were violated by Defendants forcing

5

17cv00813-JLS-RBM

1   you "to choose between two constitutionally protected rights; the right to sleep and

2   exercise" as alleged in your COMPLAINT.

3   DATED: November 24, 2020          THOMAS E. MONTGOMERY, County Counsel

4                                     By:

5                                            JENNIFER M. MARTIN, Deputy
6                                     Attorneys for Defendants County of San Diego,
                                      William Gore, Lena Lovelace and Aaron Boorman

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

17cv00813-JLS-RBM

Exhibit E

# DECLARATION OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to the case; I am employed in the County of San Diego, California. My business address is 1600 Pacific Highway, Room 355, San Diego, California, 92101.

On November 24, 2020, I served the following documents:

**DEFENDANT COUNTY OF SAN DIEGO'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF ELLIOT SCOTT GRIZZLE (SET NO. 1)**

**DEFENDANT COUNTY OF SAN DIEGO'S INTERROGATORIES PROPOUNDED TO PLAINTIFF ELLIOT SCOTT GRIZZLE (SET NO. 1)**

**DEFENDANT COUNTY OF SAN DIEGO'S REQUESTS FOR ADMISSIONS TO PLAINTIFF ELLIOT SCOTT GRIZZLE (SET NO. 1)**

in the following manner:

☒   **(BY E-MAIL)** By emailing an electronic copy (per mutual agreement) of the documents listed above to the following e-mail address(es):

Kevin Macnamara, Esq.
Law Office of Kevin Macnamara
5281 Pembury Drive
La Palma, CA 90623
Tel: (714) 858-1109
Fax: (866) 506-3448
kevin.macnamara.esq@gmail.com

Attorney for Plaintiff: Elliott Scott Grizzle

Executed on November 24, 2020, at San Diego, California.

By: _____
A. TRUJILLO

(*Elliot Scott Grizzle v. County of San Diego, et al*;
USDC Case No. 17cv0813-JLS-RBM)

Exhibit E

# EXHIBIT "F"

Kevin Macnamara, Esq. (SBN # 279691)
kevin.macnamara.esq@gmail.com
Law Office of Kevin Macnamara
5281 Pembury Drive
La Palma CA 90623
Tel: (714) 858-1109
Fax: (866) 506-3448
Attorney for Plaintiff: Elliott Scott Grizzle

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elliott Scott Grizzle, | ) Case No.: 3:17-cv-00813-JLS-RBM |
| Plaintiff, | ) |
| vs. | ) **PLAINTIFF'S RESPONSES TO** |
| County of San Diego et al. | ) **DEFENDANTS'** |
| Defendant | ) **INTERROGATORIES, SET ONE** |

REQUESTING PARTY: DEFENDANT COUNTY OF SAN DIEGO
RESPONDING PARTY: PLAINTIFF ELLIOTT SCOTT GRIZZLE
SET NUMBER: ONE

Pursuant to Federal Rules of Civil Procedure, Rule 33, Plaintiff Elliott Scott Grizzle ("Plaintiff") responds to Defendant County of San Diego ("Defendant") First set of interrogatories (Set One) as follows:

## INTRODUCTORY STATEMENT

Plaintiff's responses are made in the spirit of discovery, but without waiving any right of objection to the admissibility of the responses contained herein, and without waiving the right to object to the discoverability of the responses indicated herein. Plaintiff further reserves the right to supplement these responses as further investigation and discovery reveal different and/or additional facts, information, knowledge, documents or other tangible items.

1

**Plaintiff's Responses to Defendants' Interrogatories, Set One**
Grizzle v. County of San Diego et al.

Exhibit F

## **PRELIMINARY STATEMENT**

These responses are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, admissibility) which would require exclusion of any statement contained herein if these requests were asked of, or any statements contained herein were made by, a witness present and testifying in court. All such objections and grounds are therefore reserved and may be interposed at the time of trial or any other comparable proceeding.

The party on whose behalf these responses are given has not yet completed his or her discovery and investigation of the facts relating to this action and has not yet completed preparation for the trial of this action. Thus, the following responses are based on information presently known and available to the responding party and should not be construed as prejudicing, infringing, or waiving the responding party's right to produce all evidence, whenever discovered, relating to proof of facts subsequently discovered to be material. Except for facts explicitly admitted herein, no incidental or implied admission of any nature whatsoever is intended thereby. The fact that any request herein has been answered should not be taken as an admission, acceptance, or concession of the existence of any facts thus set forth or assumed. All questions, which assume facts, are provided without waiving such objections. The fact that the parties on whose behalf these responses are given have answered part or all of the requests is not intended and should not be construed as a waiver by the responding party of all or any objection to the interrogatory.

## **GENERAL OBJECTIONS**

Plaintiff incorporates the following General Objections into each and every specific response and objection set forth below. Plaintiff objects to these requests on the ground that discovery and investigations in this matter are ongoing and that

2

---

**Plaintiff's Responses to Defendants' Interrogatories, Set One**

Grizzle v. County of San Diego et al.

Plaintiff does not currently have in his possession, custody or control all facts or information necessary to answer each and every interrogatory propounded. Plaintiff further objects to each and every request propounded by Respondent: (1) insofar as it seeks an admission of a fact or genuineness of documents or other tangible items not in this responding party's possession, custody or control and (2) insofar as it seeks information or documents that were prepared for or in anticipation of litigation, constitute attorneys' work product, contain or pertain to attorney/client communications, or are otherwise privileged.

**INTERROGATORY NO. 1:**

Describe any physical, emotional, or mental condition that YOU had immediately before the INCIDENT.

**Plaintiff's Response to Defendant's Interrogatory Number One:**

Objection, HIPPA, unwarranted invasion of privacy, vague, ambiguous, unclear as to incident. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see my medical records.

**INTERROGATORY NO. 2:**

Describe all physical injuries YOU attribute to this INCIDENT, including when or if they resolved.

**Plaintiff's Response to Defendant's Interrogatory Number Two:**

Objection, calls for speculation, calls for a legal conclusion, vague, ambiguous, calls for an expert opinion, vague as to time, unwarranted invasion of privacy. Without waiving any right of objection whatsoever plaintiff responds as follows: Plaintiff is not a doctor or psychiatrist qualified to answer this question. Please refer to plaintiff's medical records for the rough timeframe of injury.

**INTERROGATORY NO. 3:**

Describe all mental or emotional injuries YOU attribute to this INCIDENT, including when or if they resolved.

**Plaintiff's Response to Defendant's Interrogatory Number Three:**

Objection, calls for speculation, calls for a legal conclusion, vague, ambiguous, calls for an expert opinion, vague as to time, unwarranted invasion of privacy. Without waiving any right of objection whatsoever plaintiff responds as follows:

**Plaintiff's Responses to Defendants' Interrogatories, Set One**

Grizzle v. County of San Diego et al.

Exhibit F

Plaintiff is not a doctor or psychiatrist qualified to answer this question. Please refer to plaintiff's medical records for the rough timeframe of injury.

**INTERROGATORY NO. 4:**

IDENTIFY all health care or mental health providers YOU received treatment from for injuries YOU attribute to this INCIDENT.

**Plaintiff's Response to Defendant's Interrogatory Number Four**:

Objection, HIPAA, unwarranted invasion of privacy, vague, ambiguous, calls for speculation, calls for expert opinion, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's medical records.

**INTERROGATORY NO. 5:**

Describe all grievances, inmate requests, or other correspondence or appeals you submitted to the San Diego County Jail or its staff regarding the INCIDENT. Include in your response a description of: the DOCUMENT (grievance, letter, etc.), the date and time submitted, the method submitted (staff or grievance box), the contents of the DOCUMENT, and any response you received.

**Plaintiff's Response to Defendant's Interrogatory Number Five**:

Objection, overbroad, compound, vague, ambiguous, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: grievances were submitted frequently, usually daily, plaintiff also verbally spoke to many deputies. Very few responses were ever given. Plaintiff wrote a letter to Sheriff Gore and received a response from Sgt. Aaron Boorman explaining that plaintiff's letter of complaint had accurately described the jail's schedule in Administrative Segregation, but that there was nothing they could do to alleviate Plaintiff's injuries because it would infringe on other inmates rights. What about my client's rights? Please refer to plaintiff's JIMS log for further details on grievances submitted and any possible response given. Discovery is still ongoing and plaintiff will supplement and/or correct this response.

**INTERROGATORY NO. 6:**

IDENTIFY any and all health care providers, including mental health and substance abuse providers that have treated YOU in the last ten (10) years.

**Plaintiff's Response to Defendant's Interrogatory Number Six**:

Objection, HIPAA, unwarranted invasion of privacy, vague, ambiguous. Without waiving any right of objection plaintiff responds as follows:

Please see my medical records.

////

////

4

**Plaintiff's Responses to Defendants' Interrogatories, Set One**

Grizzle v. County of San Diego et al.

Exhibit F

**INTERROGATORY NO. 7:**

Please set forth all facts that support your contention as stated in the COMPLAINT that Defendants violated your "14th amendment rights to due process because Defendants place Plaintiff in Ad-Seg . . . ."

**Plaintiff's Response to Defendant's Interrogatory Number Seven**:

Objection, vague, ambiguous, calls for legal conclusion, overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows: Plaintiff was not given any hearing or periodic reviews prior to being placed in administrative segregation, plaintiff was never told the reason he was placed in administrative segregation, plaintiff protested for a year or more about being placed in administrative segregation without any real response. Discovery in this matter is ongoing and plaintiff reserves the right to supplement and/or correct this response.

**INTERROGATORY NO. 8:**

IDENTIFY any and all DOCUMENTS that support contention as stated in the COMPLAINT that Defendants violated your "14th amendment rights to due process because Defendants place Plaintiff in Ad-Seg . . . ."

**Plaintiff's Response to Defendant's Interrogatory Number Eight**:

Objection, vague, ambiguous, overbroad, over burdensome, and redundant. Without waiving any right of objection whatsoever plaintiff responds as follows: Most documents that support the contention that plaintiff's 14th amendment rights to due process was violated because defendants place them in administrative segregation can be found in his JIMS records. This is within the exclusive possession, custody, and control of defendants. There should be multiple grievances, approximately a few hundred, there is a letter written by plaintiff to Sheriff Gore and a response from Sgt. Boorman. Discovery in this matter is ongoing and plaintiff reserves the right to supplement and/or correct this response as more information becomes available.

**INTERROGATORY NO. 9:**

IDENTIFY all witnesses that have knowledge of any facts that support your contention, as stated in the COMPLAINT that Defendants violated your "14th amendment rights to due process because Defendants place Plaintiff in Ad-Seg . . . ."

**Plaintiff's Response to Defendant's Interrogatory Number Nine**:

Objection, vague, ambiguous, and overly burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

5

**Plaintiff's Responses to Defendants' Interrogatories, Set One**

Grizzle v. County of San Diego et al.

Exhibit F

The other inmates present during the relevant time frame is already available to Defendant's, as is a list of the deputies that were on duty, as well as any other employee or individual that visited plaintiff while he was housed at the San Diego County Jail. Therefore, defendant should have an idea of the witnesses to the events described in plaintiff's complaint. However, discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as new information becomes available.

**INTERROGATORY NO. 10:**

Please set forth all facts that support your claim that you "exhaust[ed] all administrative remedies" for the issues raised in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Ten**:

Objection, calls for a legal conclusion, vague, ambiguous, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows: plaintiff submitted multiple grievances that were not answered, plaintiff verbally protested to multiple deputies for over a year with the only responses being to write classification or keep being good. The responses plaintiff received to his sincere questions of how he could get released from administrative segregation, access to yard time, and being forced to choose between going to yard or sleeping because yard was scheduled for the middle of the night, were met with insincere, dismissive answers, if any. Plaintiff took the extraordinary step of actually writing a letter to Sheriff Gore in an effort to explain his position and get some resolution. The response plaintiff received was a letter from Sgt. Boorman stating that the administrative segregation routine that plaintiff had described was correct and that despite the high volume of noise from other inmates there was nothing that the County could do about the excessive noise or disturbing the peace being perpetrated because that would violate their rights. What about plaintiff's rights? Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as the information becomes available.

**INTERROGATORY NO. 11:**

IDENTIFY any and all DOCUMENTS that support your claim that you "exhaust[ed] all administrative remedies" for the issues raised in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Eleven**:

Objection, vague, ambiguous, calls for legal conclusion, overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows: Please see plaintiff's JIMS record, the letter to Sheriff Gore, and Boorman's response. Plaintiff protested multiple times by written grievance with no response

6

**Plaintiff's Responses to Defendants' Interrogatories, Set One**

Grizzle v. County of San Diego et al.

Exhibit F

and this is confirmed in the response to plaintiff's letter to Sheriff Gore. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as the information becomes available.

**<u>INTERROGATORY NO. 12:</u>**

IDENTIFY all witnesses that have knowledge of any facts that support your claim that you "exhaust[ed] all administrative remedies" for the issues raised in your COMPLAINT.

**<u>Plaintiff's Response to Defendant's Interrogatory Number Twelve</u>**:

Objection, vague, ambiguous, overbroad, calls for legal conclusion, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

Defendants have plaintiff's JIMS records which should contain enough information to find out what other inmates were housed near plaintiff and may have information about plaintiff's submission of grievances, Plaintiff's verbal protest to multiple deputies and other Jail employees, and a list of Jail deputies and other employees that came in contact with plaintiff. Sgt. Aaron Boorman is critical to the plaintiff's case because he provided a written response to plaintiff stating essentially that there was nothing the County could do. This is tantamount to a "right to sue" letter. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as new information becomes available.

**<u>INTERROGATORY NO. 13:</u>**

Please set forth all facts that support your claim that your "fourteenth and eighth amendment rights to sleep" were violated as alleged in your COMPLAINT.

**<u>Plaintiff's Response to Defendant's Interrogatory Number Thirteen</u>**:

Objection, vague, ambiguous, calls for legal conclusions, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

please see plaintiff's JIMS records for grievances plaintiff may have submitted for sleep deprivation and forcing the choice between sleep and Yard Time. As confirmed by Sgt. Boorman's response to plaintiff's letter to Sheriff Gore plaintiff was only allowed two 2 ½ hour periods of sleep, which were interrupted by hourly security check walks and excessive noise. From 1:30 AM to 3:30 AM plaintiff could choose to sleep if he chose to forego exercise and his Yard Time. Effectively, plaintiff's complaint is that there was excessive noise that was not stop by any other deputies at the San Diego County Jail and the scheduling for Yard Time was in the middle of the night, so it was guaranteed to interrupt Plaintiff's sleep, unless he did not get any exercise at Yard Time. Discovery in this matter is

7

**Plaintiff's Responses to Defendants' Interrogatories, Set One**

Grizzle v. County of San Diego et al.

Exhibit F

ongoing and plaintiff reserves the right to supplement and/or correct this response as more information becomes available.

**INTERROGATORY NO. 14:**

IDENTIFY any and all DOCUMENTS that support your claim that your "fourteenth and eighth amendment rights to sleep" were violated as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Fourteen:**

Objection, vague, ambiguous, calls for legal conclusions, not reasonably calculated to lead to admissible evidence, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS record, the County should have copies of all of the grievances plaintiff submitted, the County has a copy of the letter that plaintiff wrote to Sheriff Gore, and the County has a copy of Sgt. Boorman's response to plaintiff's letter to Sheriff Gore. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**INTERROGATORY NO. 15:**

IDENTIFY all witnesses that have knowledge of any facts that support your claim that your "fourteenth and eighth amendment rights to sleep" were violated as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Fifteen:**

Objection, vague, ambiguous, not reasonably calculated to lead to admissible evidence, and this is common knowledge to both parties. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's Jim's records. Defendants have a list of inmates that were present during inmates stay at the San Diego County Jail and deputies and jail employees that came in contact with plaintiff. Hence, defendants already possess that information. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as new information becomes available.

**INTERROGATORY NO. 16:**

Please set forth all facts that support your claim that "excessive lighting and excessive noise" caused you to suffer sleep deprivation as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Sixteen:**

Objection, vague, ambiguous, calls for legal conclusions, overly burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

8

**Plaintiff's Responses to Defendants' Interrogatories, Set One**

Grizzle v. County of San Diego et al.

Exhibit F

The deputies would control the lighting during the schedule in the administrative segregation unit of the San Diego County Jail. The deputies and jail staff or the only ones with exclusive control over the brightness of the light in the cell at all times of the day. The excessive noise was primarily from mentally ill inmates screaming and yelling, and banging on walls and bunks, hourly security walks from noisy deputies, and the slamming of large metal doors on a regular basis. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**INTERROGATORY NO. 17:**

IDENTIFY any and all DOCUMENTS that support your claim that "excessive lighting and excessive noise" caused you to suffer sleep deprivation as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Seventeen**:

Objection, vague, ambiguous, overbroad, overly burdensome, duplicative, and calls for legal conclusion. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS records. Moreover, plaintiff wrote a letter to Sheriff Gore and Sgt. Boorman responded addressing the specific issue of noise and lighting. As far as the light intensity that is information only known to the San Diego County Jail unless and until they disclose the types of lighting the use and the wattage of each bulb. Please see the County's policies and procedures regarding counts, razor distribution, excessive noise by other inmates, and the scheduling of Yard Time. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response when new information becomes available.

**INTERROGATORY NO. 18:**

IDENTIFY all witnesses that have knowledge of any facts that support your claim that "excessive lighting and excessive noise" caused you to suffer sleep deprivation as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Eighteen**:

Objection, vague, ambiguous, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS records. The County of San Diego should have a list of other inmates that were present while plaintiff was at the jail along with deputies and other employees of San Diego County that came in contact with plaintiff. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

9

---

**Plaintiff's Responses to Defendants' Interrogatories, Set One**

Grizzle v. County of San Diego et al.

**INTERROGATORY NO. 19:**

Please set forth all facts that support your claim that your "fourteenth and eighth amendment right to exercise" were violated as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Nineteen**:

Objection, vague, ambiguous, overly burdensome, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Yard Time was scheduled from 1:30 AM to 3:30 AM, which is in the middle of the night when most people are sleeping and the body's natural circadian rhythm shuts down the body. Forcing someone to get up in the middle of the night and exercise in order to get their daily dose of routine exercise violates their rights in this case because the administrative segregation unit schedule only allowed for two 2 ½ hour blocks of sleep, which were interrupted by hourly security checks. Forcing someone to sleep only 2 ½ hours a day is wrong and is insufficient to sustain a normal human being. In short, scheduling Yard Time in the middle of the night, when an inmate only has roughly 5 hours of sleep available, is tantamount to denying both rights, but at the very least that the violation of one right or the other.

**INTERROGATORY NO. 20:**

IDENTIFY any and all DOCUMENTS that support your claim that your "fourteenth and eighth amendment right to exercise" were violated as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Twenty**:

Objection, vague, ambiguous, over burdensome, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS records. Also Plaintiff's several grievances, any responses, the letter plaintiff wrote to Sheriff Gore, and the response received from Sgt. Boorman all tend to support plaintiff's allegations that his 14th and 8th amended rights exercise were violated. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as new information becomes available.

**INTERROGATORY NO. 21:**

IDENTIFY all witnesses that have knowledge of any facts that support your claim that your "fourteenth and eighth amendment rights right to exercise" were violated as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Twenty-One**:

Objection, vague, ambiguous, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

10

**Plaintiff's Responses to Defendants' Interrogatories, Set One**

Grizzle v. County of San Diego et al.

Exhibit F

Please see plaintiff's JIMS records. San Diego County should have a list of all inmates that were at the jail when plaintiff was there and all deputies and jail employees that came in contact with plaintiff. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement these responses when new information becomes available.

**INTERROGATORY NO. 22:**

Please set forth all facts that support your claim that your "fourteenth and eighth amendment rights" were violated by Defendants forcing you "to choose between two constitutionally protected rights; the right to sleep and exercise" as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Twenty-Two**:

Objection, vague, ambiguous, and calls for a legal conclusion. Without waiving any right of objection whatsoever plaintiff responds as follows:

the administrative segregation unit routine was scheduled so that sleep was designated to occur from 1:30 AM to 3:30 AM, which is also the exact time that recreational or "yard time" is scheduled. This leads to the dilemma of what right to exercise; sleep or exercise. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available. In *Hebbe v. Pliler*, 627 F.3d 338, 343 (9th Cir. 2010), the Ninth Circuit found that forcing a prisoner to choose between using the prison law library and exercising outdoors is impermissible because an inmate cannot be forced to sacrifice one constitutionally protected right for another.

**INTERROGATORY NO. 23:**

IDENTIFY any and all DOCUMENTS that support your claim that your "fourteenth and eighth amendment rights" were violated by Defendants forcing you "to choose between two constitutionally protected rights; the right to sleep and exercise" as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Twenty-Three**:

Objection, vague, ambiguous, calls for a legal conclusion, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS records, the County's policies and procedures regarding the scheduling in administrative segregation, the County's policies and procedures regarding outdoor exercise, and the county's policies and procedures regarding sleep or lack thereof. Please see plaintiff's letter to Sheriff Gore and Sgt. Aaron Boorman's response. Please see the multiple grievances plaintiff submitted and any responses that may have been provided. Discovery in this matter is ongoing and

11

**Plaintiff's Responses to Defendants' Interrogatories, Set One**

Grizzle v. County of San Diego et al.

Exhibit F

plaintiff reserves the right to correct and/or supplement this response when new information becomes available.

**INTERROGATORY NO. 24:**

IDENTIFY all witnesses that have knowledge of any facts that support your claim that your "fourteenth and eighth amendment rights" were violated by Defendants forcing you "to choose between two constitutionally protected rights; the right to sleep and exercise" as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Twenty-Four**:

Objection, vague, ambiguous, overbroad, and overly burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please review plaintiff's Jim's records, the County's policies and procedures regarding the scheduling in administrative segregation, and the numerous grievances plaintiff submitted. The County has access to a list of all inmates and jail employees the came in contact with plaintiff during his time at the San Diego County Jail. Therefore, defendant should have a list of all of the potential witnesses for this claim already. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

Dated this January 23, 2021

        __/s/Kevin Macnamara_____

Kevin Macnamara, Esq.
Attorney for
Elliott Scott Grizzle

**Plaintiff's Responses to Defendants' Interrogatories, Set One**

Grizzle v. County of San Diego et al.

Exhibit F

**VERIFICATION**

I, Elliott Scott Grizzle, am the plaintiff in the above-entitled action, and I have reviewed the foregoing responses and know them to be true based upon my own personal knowledge or information that I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 18 day of Feb 2020, at Jamestown, California.

_____

Elliott Scott Grizzle

13

**Plaintiff's Responses to Defendants' Interrogatories, Set One**

Grizzle v. County of San Diego et al.

Exhibit F

# EXHIBIT "G"

Kevin Macnamara, Esq. (SBN # 279691)
kevin.macnamara.esq@gmail.com
Law Office of Kevin Macnamara
5281 Pembury Drive
La Palma CA 90623
Tel: (714) 858-1109
Fax: (866) 506-3448
Attorney for Plaintiff: Elliott Scott Grizzle

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elliott Scott Grizzle, | Case No.: 3:17-cv-00813-JLS-RBM |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RESPONSES TO DEFENDANTS' INTERROGATORIES, SET ONE SUPPLEMENT A** |
| County of San Diego et al. | |
| Defendant | |

REQUESTING PARTY: DEENDANT COUNTY OF SAN DIEGO
RESPONDING PARTY: PLAFINTIFF ELLIOTT SCOTT GRIZZLE
SET NUMBER: ONE

Pursuant to Federal Rules of Civil Procedure, Rule 33, Plaintiff Elliott Scott Grizzle ("Plaintiff") responds to Defendant County of San Diego ("Defendant") First set of interrogatories (Set One) as follows:

## INTRODUCTORY STATEMENT

Plaintiff's responses are made in the spirit of discovery, but without waiving any right of objection to the admissibility of the responses contained herein, and without waiving the right to object to the discoverability of the responses indicated herein. Plaintiff further reserves the right to supplement these responses as further investigation and discovery reveal different and/or additional facts, information, knowledge, documents or other tangible items.

1

Exhibit G

### PRELIMINARY STATEMENT

These responses are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, admissibility) which would require exclusion of any statement contained herein if these requests were asked of, or any statements contained herein were made by, a witness present and testifying in court. All such objections and grounds are therefore reserved and may be interposed at the time of trial or any other comparable proceeding.

The party on whose behalf these responses are given has not yet completed his or her discovery and investigation of the facts relating to this action and has not yet completed preparation for the trial of this action. Thus, the following responses are based on information presently known and available to the responding party and should not be construed as prejudicing, infringing, or waiving the responding party's right to produce all evidence, whenever discovered, relating to proof of facts subsequently discovered to be material. Except for facts explicitly admitted herein, no incidental or implied admission of any nature whatsoever is intended thereby. The fact that any request herein has been answered should not be taken as an admission, acceptance, or concession of the existence of any facts thus set forth or assumed. All questions, which assume facts, are provided without waiving such objections. The fact that the parties on whose behalf these responses are given have answered part or all of the requests is not intended and should not be construed as a waiver by the responding party of all or any objection to the interrogatory.

### GENERAL OBJECTIONS

Plaintiff incorporates the following General Objections into each and every specific response and objection set forth below. Plaintiff objects to these requests on the ground that discovery and investigations in this matter are ongoing and that

2

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

Exhibit G

Plaintiff does not currently have in his possession, custody or control all facts or information necessary to answer each and every interrogatory propounded. Plaintiff further objects to each and every request propounded by Respondent: (1) insofar as it seeks an admission of a fact or genuineness of documents or other tangible items not in this responding party's possession, custody or control and (2) insofar as it seeks information or documents that were prepared for or in anticipation of litigation, constitute attorneys' work product, contain or pertain to attorney/client communications, or are otherwise privileged.

**INTERROGATORY NO. 1:**
Describe any physical, emotional, or mental condition that YOU had immediately before the INCIDENT.

**Plaintiff's Response to Defendant's Interrogatory Number One:**
Objection, HIPPA, unwarranted invasion of privacy, vague, ambiguous, unclear as to incident. Without waiving any right of objection whatsoever plaintiff responds as follows:
Please see my medical records from the San Diego County Jail and CDCR. According to the San Diego Sheriff's Department intake questionnaire for the jail the conditions I had were: **"HTN, HCTZ and Propanolol"** and no mental or psychiatric issues. So, high blood pressure for which Plaintiff was taking a diuretic and beta-blocker. Asthma for which an inhaler was prescribed. Plaintiff also complained of flat feet and orthopedic problems for which shoes were requested and denied. Plaintiff attributed back and foot pain to "flat feet."

**INTERROGATORY NO. 2:**
Describe all physical injuries YOU attribute to this INCIDENT, including when or if they resolved.

**Plaintiff's Response to Defendant's Interrogatory Number Two:**
Objection, calls for speculation, calls for a legal conclusion, vague, ambiguous, calls for an expert opinion, vague as to time, unwarranted invasion of privacy. Without waiving any right of objection whatsoever plaintiff responds as follows: Plaintiff is not a doctor or psychiatrist qualified to answer this question. Please refer to plaintiff's medical records from the San Diego County Jail for the timeframe of injury. Plaintiff experienced headaches, migraines, sleep deprivation,

3

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**
Grizzle v. County of San Diego et al.

lethargy, difficulty thinking, elevated blood pressure etc. which seems to have since subsided once Plaintiff left the custody of the San Diego County Jail.

**INTERROGATORY NO. 3:**

Describe all mental or emotional injuries YOU attribute to this INCIDENT, including when or if they resolved.

**Plaintiff's Response to Defendant's Interrogatory Number Three**:

Objection, calls for speculation, calls for a legal conclusion, vague, ambiguous, calls for an expert opinion, vague as to time, unwarranted invasion of privacy. Without waiving any right of objection whatsoever plaintiff responds as follows: Plaintiff is not a doctor or psychiatrist qualified to answer this question. Please refer to Plaintiff's San Diego County Jail medical records for the rough timeframe of injury. Furthermore, please see plaintiff's CDCR medical records for which a signed authorization has been provided in order to determine when or if any mental or emotional injuries attributable to the incident resolved. Plaintiff experienced depression, fatigue, and at one point complained of hearing voices/auditory hallucinations. Antidepressants were prescribed for depression.

**INTERROGATORY NO. 4:**

IDENTIFY all health care or mental health providers YOU received treatment from for injuries YOU attribute to this INCIDENT.

**Plaintiff's Response to Defendant's Interrogatory Number Four**:

Objection, HIPAA, unwarranted invasion of privacy, vague, ambiguous, calls for speculation, calls for expert opinion, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's San Diego County Jail and CDCR medical records for which a signed authorization has been provided. This response will need to be supplemented further as plaintiff has not received medical records yet. Plaintiffs are various nurses, doctors, psychiatrists, and nurse practitioners while at the San Diego County Jail.

**INTERROGATORY NO. 5:**

Describe all grievances, inmate requests, or other correspondence or appeals you submitted to the San Diego County Jail or its staff regarding the INCIDENT. Include in your response a description of: the DOCUMENT (grievance, letter, etc.), the date and time submitted, the method submitted (staff or grievance box), the contents of the DOCUMENT, and any response you received.

**Plaintiff's Response to Defendant's Interrogatory Number Five**:

Objection, overbroad, compound, vague, ambiguous, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

Grievances were submitted frequently, usually daily, plaintiff also verbally spoke to many deputies. Very few responses were ever given. Plaintiff wrote a letter to Sheriff Gore and received a response from Sgt. Aaron Boorman explaining that plaintiff's letter of complaint had accurately described the jail's schedule in Administrative Segregation, but that there was nothing they could do to alleviate Plaintiff's injuries because it would infringe on other inmates rights. What about my client's rights? Please refer to plaintiff's JIMS log for further details on grievances submitted and any possible response given.

Plaintiff wrote a letter to Sheriff Gore March 29, 2017 regarding sleep deprivation due to noise and the administrative segregation schedule, lack of outdoor exercise, and forcing the choice between sleep and exercise, for which a response was received on April 18, 2017 from Sgt. Aaron Boorman.

On May 11, 2017, plaintiff submitted a grievance for a strip search and received a response stating that basically after being transported from professional contact visits plaintiff may be strip-searched.

On May 8, 2017, plaintiff submitted a grievance because religious items were taken during a cell search and it was signed for on May 16, 2017.

On May 5, 2017, plaintiff submitted a grievance about denial of access to the law library for which it was signed for on May 7, 2017.

On April 28, 2017, plaintiff submitted a grievance for interference with his legal mail which appears to have been signed for on 4/28/2017.

On April 14, 2017, plaintiff submitted a grievance for his placement in administrative segregation and lack of response to grievances submitted previously without any response and it was signed for on April 14, 2017.

On March 29, 2017, plaintiff submitted a grievance against the policy of allowing administrative segregation inmates out of their cells was interfering with sleep along with various noises and mentally ill inmates that could not be controlled by the San Diego County deputies, in fact, plaintiff clearly states that he cannot get more than 2 to 2 ½ hours of sleep per night because of the conditions in the administrative segregation unit of the San Diego County Jail.

On May 29, 2017, plaintiff submitted an inmate grievance about being placed in administrative segregation, lack of periodic reviews, etc. much was signed for on May 30, 2017.

On May 29, 2017, plaintiff submitted an inmate grievance about the County failing to separate the mentally ill inmates that throw urine and feces on other inmates and around the facility and act in a very disruptive noisy manner which was signed for on May 30, 2017.

5

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

On October 16, 2016, plaintiff submitted a grievance complaining about plaintiffs' placement in administrative segregation, failure to respond to grievances, and it was signed for on October 18, 2016.

On May 9, 2017, plaintiff submitted a grievance complaining about lack of access to the law library as a pro per inmate and its was signed for on May 9, 2017.

On April 21, 2017, plaintiff submitted a grievance about his legal mail being mixed up and processed back to him instead of sent out in the regular mail and it was signed for on April 21, 2017.

On August 5, 2016, plaintiff submitted a grievance regarding not receiving necessary medications and that plaintiff had not seen a qualified medical individual and the response was that plaintiff had seen a nurse and was scheduled to see a doctor.

On August 15, 2016, plaintiff submitted a grievance for not seeing a qualified medical individual and not receiving medication for high blood pressure and asthma and it was signed for on August 16, 2017.

On September 1, 2016, plaintiff submitted a grievance about not receiving necessary asthma medication which was received on September 2, 2016.

On November 15, 2016, plaintiff submitted a grievance about being charged three dollars for a medical visit that never happened and plaintiff was refunded three dollars, which was the co-pay.

On November 17, 2016 plaintiff submitted a medical request slip requesting a visit with a doctor for a wound that would not heal.

On December 7, 2016 plaintiff submitted a medical request slip requesting a copy of some lab results for a test that was done on him.

On March 3, 2017, plaintiff submitted a medical request form requesting that his medications be given to him on a varied schedule and that he not be awoken because he was starting trial and needed sleep in order to think and focus.

On March 17, 2017, plaintiff submitted a medical request form again requesting his meds to be distributed at one time due to a trial constraints.

On March 28, 2017, plaintiff submitted a medical request form requesting the results from a hepatitis C test.

On April 28, 2017 plaintiff submitted a medical request form for a filling that fell out of his tooth because of or in addition to grinding his teeth.

On April 28, 2017 plaintiff submitted a medical request form because he could not sleep and he was having poor appetite.

On March 21, 2017 plaintiff requested a medical request form for release of records to his Attorney Kevin Macnamara.

6

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

Exhibit G

On March 13, 2017, plaintiff filled out a refusal to take medications form which states "no meds don't wake me up."

On March 7, 2017, plaintiff filled out a medical refusal request because it appears that he did not want to go see the doctor that day.

On March 20, 2017, plaintiff filled out a medical refusal to take medications form.

On March 28, 2017, plaintiff filled out a medical refusal to take medications form.

On March 29, 2017, plaintiff filled out a medical refusal to take medications form.

Discovery is still ongoing and plaintiff will supplement and/or correct this response.

**INTERROGATORY NO. 6:**

IDENTIFY any and all health care providers, including mental health and substance abuse providers that have treated YOU in the last ten (10) years.

**Plaintiff's Response to Defendant's Interrogatory Number Six**:

Objection, HIPAA, unwarranted invasion of privacy, vague, ambiguous and over burdensome. Without waiving any right of objection plaintiff responds as follows: Please see my San Diego County Jail and CDCR medical records. Plaintiff was treated by various San Diego County doctors, nurses, nurse practitioners, psychiatrists, psychologists, and other health care professionals. The County should have this information and the other information from the CDCR medical records has been requested by plaintiff but has yet to be produced, thus it is impossible to state every health care provider on unproduced medical records.

**INTERROGATORY NO. 7:**

Please set forth all facts that support your contention as stated in the COMPLAINT that Defendants violated your "14th amendment rights to due process because Defendants place Plaintiff in Ad-Seg . . . ."

**Plaintiff's Response to Defendant's Interrogatory Number Seven**:

Objection, vague, ambiguous, calls for legal conclusion, overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows: Plaintiff was not given any hearing or periodic reviews prior to being placed in administrative segregation, plaintiff was never told the reason he was placed in administrative segregation, plaintiff protested for a year or more about being placed in administrative segregation without any real response. Discovery in this matter is ongoing and plaintiff reserves the right to supplement and/or correct this response.

**INTERROGATORY NO. 8:**

7

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

Exhibit G

IDENTIFY any and all DOCUMENTS that support contention as stated in the COMPLAINT that Defendants violated your "14th amendment rights to due process because Defendants place Plaintiff in Ad-Seg . . . ."

**Plaintiff's Response to Defendant's Interrogatory Number Eight**:
Objection, vague, ambiguous, overbroad, over burdensome, and redundant. Without waiving any right of objection whatsoever plaintiff responds as follows: Most documents that support the contention that plaintiff's 14th amendment rights to due process was violated because defendants place them in administrative segregation can be found in his JIMS records. This is within the exclusive possession, custody, and control of defendants. There should be multiple grievances, approximately a few hundred, there is a letter written by plaintiff to Sheriff Gore and a response from Sgt. Boorman. Discovery in this matter is ongoing and plaintiff reserves the right to supplement and/or correct this response as more information becomes available.

**INTERROGATORY NO. 9:**
IDENTIFY all witnesses that have knowledge of any facts that support your contention, as stated in the COMPLAINT that Defendants violated your "14th amendment rights to due process because Defendants place Plaintiff in Ad-Seg . . . ."

**Plaintiff's Response to Defendant's Interrogatory Number Nine**:
Objection, vague, ambiguous, and overly burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:
The other inmates present during the relevant time frame is already available to Defendant's, as is a list of the deputies that were on duty, as well as any other employee or individual that visited plaintiff while he was housed at the San Diego County Jail. Therefore, defendant should have an idea of the witnesses to the events described in plaintiff's complaint. However, discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as new information becomes available.

**INTERROGATORY NO. 10:**
Please set forth all facts that support your claim that you "exhaust[ed] all administrative remedies" for the issues raised in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Ten**:
Objection, calls for a legal conclusion, vague, ambiguous, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:
plaintiff submitted multiple grievances that were not answered, plaintiff verbally protested to multiple deputies for over a year with the only responses being to

8

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit G

write classification or keep being good. The responses plaintiff received to his
sincere questions of how he could get released from administrative segregation,
access to yard time, and being forced to choose between going to yard or sleeping
because yard was scheduled for the middle of the night, were met with insincere,
dismissive answers, if any. Plaintiff took the extraordinary step of actually writing
a letter to Sheriff Gore in an effort to explain his position and get some resolution.
The response plaintiff received was a letter from Sgt. Boorman stating that the
administrative segregation routine that plaintiff had described was correct and that
despite the high volume of noise from other inmates there was nothing that the
County could do about the excessive noise or disturbing the peace being
perpetrated because that would violate their rights. What about plaintiff's rights?
Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or
supplement this response as the information becomes available.

**INTERROGATORY NO. 11:**

IDENTIFY any and all DOCUMENTS that support your claim that you
"exhaust[ed] all administrative remedies" for the issues raised in your
COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Eleven**:

Objection, vague, ambiguous, calls for legal conclusion, overbroad. Without
waiving any right of objection whatsoever plaintiff responds as follows:
Please see plaintiff's JIMS record, the letter to Sheriff Gore, and Boorman's
response. Plaintiff protested multiple times by written grievance with no response
and this is confirmed in the response to plaintiff's letter to Sheriff Gore. For further
details please see the response to Interrogatory Number Five. Discovery in this
matter is ongoing and plaintiff reserves the right to correct and/or supplement this
response as the information becomes available.

**INTERROGATORY NO. 12:**

IDENTIFY all witnesses that have knowledge of any facts that support your claim
that you "exhaust[ed] all administrative remedies" for the issues raised in your
COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Twelve**:

Objection, vague, ambiguous, overbroad, calls for legal conclusion, and over
burdensome. Without waiving any right of objection whatsoever plaintiff responds
as follows:
Defendants have plaintiff's JIMS records which should contain enough
information to find out what other inmates were housed near plaintiff and may
have information about plaintiff's submission of grievances, Plaintiff's verbal

9

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

protest to multiple deputies and other Jail employees, and a list of Jail deputies and other employees that came in contact with plaintiff. Sgt. Aaron Boorman is critical to the plaintiff's case because he provided a written response to plaintiff stating essentially that there was nothing the County could do. This is tantamount to a "right to sue" letter. Moreover, when deputies did sign for grievances they listed their badge numbers instead of their names at times and plaintiff cannot identify those individuals by name, however the county should be able to determine the names of each deputy that sign for an inmate grievance or complaint. It is too much of a burden to expect plaintiff to remember each and every possible witness from over four years ago. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as new information becomes available.

**INTERROGATORY NO. 13:**
Please set forth all facts that support your claim that your "fourteenth and eighth amendment rights to sleep" were violated as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Thirteen:**
Objection, vague, ambiguous, calls for legal conclusions, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:
Please see plaintiff's JIMS records for grievances plaintiff may have submitted for sleep deprivation and forcing the choice between sleep and Yard Time. As confirmed by Sgt. Boorman's response to plaintiff's letter to Sheriff Gore plaintiff was only allowed two 2 ½ hour periods of sleep, which were interrupted by hourly security check walks and excessive noise. From 1:30 AM to 3:30 AM plaintiff could choose to sleep if he chose to forego exercise and his Yard Time. Effectively, plaintiff's complaint is that there was excessive noise that was not stop by any other deputies at the San Diego County Jail and the scheduling for Yard Time was in the middle of the night, so it was guaranteed to interrupt Plaintiff's sleep, unless he did not get any exercise at Yard Time. Discovery in this matter is ongoing and plaintiff reserves the right to supplement and/or correct this response as more information becomes available.

**INTERROGATORY NO. 14:**
IDENTIFY any and all DOCUMENTS that support your claim that your "fourteenth and eighth amendment rights to sleep" were violated as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Fourteen:**

10

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**
Grizzle v. County of San Diego et al.

Objection, vague, ambiguous, calls for legal conclusions, not reasonably calculated to lead to admissible evidence, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS record, the County should have copies of all of the grievances plaintiff submitted, the County has a copy of the letter that plaintiff wrote to Sheriff Gore, and the County has a copy of Sgt. Boorman's response to plaintiff's letter to Sheriff Gore. Please also see plaintiff's response to Interrogatory Number Five. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**INTERROGATORY NO. 15:**

IDENTIFY all witnesses that have knowledge of any facts that support your claim that your "fourteenth and eighth amendment rights to sleep" were violated as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Fifteen**:

Objection, vague, ambiguous, not reasonably calculated to lead to admissible evidence, and this is common knowledge to both parties. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS records. Defendants have a list of inmates that were present during inmates stay at the San Diego County Jail and deputies as well as other jail employees that sought plaintiff. Hence, defendants already possess that information. There is some information in his medical request slips that request that we not be awoken, but he is. In addition, plaintiff outlines the schedule in the jail which puts recreation time at the same time as sleep in the letter that he wrote to Sheriff Gore which Sgt. Boorman responded to. Please see response to Interrogatory Number Five for further details on the dates and grievances. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as new information becomes available.

**INTERROGATORY NO. 16:**

Please set forth all facts that support your claim that "excessive lighting and excessive noise" caused you to suffer sleep deprivation as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Sixteen**:

Objection, vague, ambiguous, calls for legal conclusions, overly burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: The deputies would control the lighting during the schedule in the administrative segregation unit of the San Diego County Jail. The deputies and jail staff are the

11

---

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

only ones with exclusive control over the brightness of the light in the cell at all times of the day. The excessive noise was primarily from mentally ill inmates screaming and yelling, and banging on walls and bunks, hourly security walks from noisy deputies, and the slamming of large metal doors on a regular basis. In sum, plaintiff does not have information about the county's lighting system yet, but it has been requested in discovery. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**INTERROGATORY NO. 17:**

IDENTIFY any and all DOCUMENTS that support your claim that "excessive lighting and excessive noise" caused you to suffer sleep deprivation as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Seventeen**:

Objection, vague, ambiguous, overbroad, overly burdensome, duplicative, and calls for legal conclusion. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS records. Moreover, plaintiff wrote a letter to Sheriff Gore and Sgt. Boorman responded addressing the specific issue of noise and lighting. As far as the light intensity that is information only known to the San Diego County Jail unless and until they disclose the types of lighting they use and the wattage of each bulb. Please see the County's policies and procedures regarding counts, razor distribution, excessive noise by other inmates, and the scheduling of Yard Time. Please see plaintiff's response to Interrogatory Number Five for further detail on specific grievances. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response when new information becomes available.

**INTERROGATORY NO. 18:**

IDENTIFY all witnesses that have knowledge of any facts that support your claim that "excessive lighting and excessive noise" caused you to suffer sleep deprivation as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Eighteen**:

Objection, vague, ambiguous, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS records. The County of San Diego should have a list of other inmates that were present while plaintiff was at the jail along with deputies and other employees of San Diego County that came in contact with plaintiff. However, please see plaintiff's response to Interrogatory Number Five. Discovery

12

---

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**INTERROGATORY NO. 19:**

Please set forth all facts that support your claim that your "fourteenth and eighth amendment right to exercise" were violated as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Nineteen**:

Objection, vague, ambiguous, overly burdensome, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Yard Time was scheduled from 1:30 AM to 3:30 AM, which is in the middle of the night when most people are sleeping and the body's natural circadian rhythm shuts down the body. Forcing someone to get up in the middle of the night and exercise in order to get their daily dose of routine exercise violates their rights in this case because the administrative segregation unit schedule only allowed for two 2 ½ hour blocks of sleep, which were interrupted by hourly security checks. Forcing someone to sleep only 2 ½ hours a day is wrong and is insufficient to sustain a normal human being. In short, scheduling Yard Time in the middle of the night, when an inmate only has roughly 5 hours of sleep available, is tantamount to denying both rights, but at the very least that the violation of one right or the other.

**INTERROGATORY NO. 20:**

IDENTIFY any and all DOCUMENTS that support your claim that your "fourteenth and eighth amendment right to exercise" were violated as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Twenty**:

Objection, vague, ambiguous, over burdensome, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS records. In addition, Plaintiff's several grievances, any responses, the letter plaintiff wrote to Sheriff Gore, and the response received from Sgt. Boorman all tend to support plaintiff's allegations that his 14th and 8th amended rights exercise were violated. For details on this please see plaintiff's response to Interrogatory Number Five. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as new information becomes available.

**INTERROGATORY NO. 21:**

IDENTIFY all witnesses that have knowledge of any facts that support your claim that your "fourteenth and eighth amendment rights right to exercise" were violated as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Twenty-One**:

13

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

Objection, vague, ambiguous, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS records. San Diego County should have a list of all inmates that were at the jail when plaintiff was there and all deputies and jail employees that came in contact with plaintiff. Plaintiff has requested witness information in discovery but has not received a response from the County yet. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement these responses when new information becomes available.

**INTERROGATORY NO. 22:**

Please set forth all facts that support your claim that your "fourteenth and eighth amendment rights" were violated by Defendants forcing you "to choose between two constitutionally protected rights; the right to sleep and exercise" as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Twenty-Two**:

Objection, vague, ambiguous, and calls for a legal conclusion. Without waiving any right of objection whatsoever plaintiff responds as follows:

The administrative segregation unit routine was scheduled so that sleep was designated to occur from 1:30 AM to 3:30 AM, which is also the exact time that recreational or "yard time" is scheduled. This leads to the dilemma of what right to exercise; sleep or exercise. It is not possible to satisfy two constitutionally protected rights to basic human needs when they are scheduled at the same time because necessarily one must be sacrificed. For example, if plaintiff chose to sleep then he would suffer the consequences of lack of exercise, but if plaintiff chose to exercise at night then he would have to sacrifice sleep time, it is a choice of evils. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available. In *Hebbe v. Pliler*, 627 F.3d 338, 343 (9th Cir. 2010), the Ninth Circuit found that forcing a prisoner to choose between using the prison law library and exercising outdoors is impermissible because an inmate cannot be forced to sacrifice one constitutionally protected right for another.

**INTERROGATORY NO. 23:**

IDENTIFY any and all DOCUMENTS that support your claim that your "fourteenth and eighth amendment rights" were violated by Defendants forcing you "to choose between two constitutionally protected rights; the right to sleep and exercise" as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Twenty-Three**:

14

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

Objection, vague, ambiguous, calls for a legal conclusion, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS records, the County's policies and procedures regarding the scheduling in administrative segregation, the County's policies and procedures regarding outdoor exercise, and the county's policies and procedures regarding sleep or lack thereof. Please see plaintiff's letter to Sheriff Gore and Sgt. Aaron Boorman's response. Please see the multiple grievances plaintiff submitted and any responses that may have been provided. For further details on this please see plaintiff's response to Interrogatory Number Five. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response when new information becomes available.

**INTERROGATORY NO. 24:**

IDENTIFY all witnesses that have knowledge of any facts that support your claim that your "fourteenth and eighth amendment rights" were violated by Defendants forcing you "to choose between two constitutionally protected rights; the right to sleep and exercise" as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Twenty-Four**:

Objection, vague, ambiguous, overbroad, and overly burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please review plaintiff's JIMS records, the County's policies and procedures regarding the scheduling in administrative segregation, and the numerous grievances plaintiff submitted. For further detail on the grievances plaintiff submitted see plaintiff's response to Interrogatory Number Five. The County has access to a list of all inmates and jail employees that came in contact with plaintiff during his time at the San Diego County Jail. Therefore, defendant should have a list of all of the potential witnesses for this claim already. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

Dated this March 8, 2021

   /s/Kevin Macnamara
Kevin Macnamara, Esq.
Attorney for
Elliott Scott Grizzle

15

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

## **VERIFICATION**

I, Elliott Scott Grizzle, am the plaintiff in the above-entitled action, and I have reviewed the foregoing responses and know them to be true based upon my own personal knowledge or information that I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this _____ day of _____ 2020, at_____, California.


_____
Elliott Scott Grizzle

16

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

Exhibit G

# EXHIBIT "H"

Kevin Macnamara, Esq. (SBN # 279691)
kevin.macnamara.esq@gmail.com
Law Office of Kevin Macnamara
5281 Pembury Drive
La Palma CA 90623
Tel: (714) 858-1109
Fax: (866) 506-3448
Attorney for Plaintiff: Elliott Scott Grizzle

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elliott Scott Grizzle, | Case No.: 3:17-cv-00813-JLS-RBM |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RESPONSES TO DEFENDANTS' INTERROGATORIES, SET ONE SUPPLEMENT A** |
| County of San Diego et al. | |
| Defendant | |

REQUESTING PARTY: DEENDANT COUNTY OF SAN DIEGO

RESPONDING PARTY: PLAFINTIFF ELLIOTT SCOTT GRIZZLE

SET NUMBER: ONE

   Pursuant to Federal Rules of Civil Procedure, Rule 33, Plaintiff Elliott Scott Grizzle ("Plaintiff") responds to Defendant County of San Diego ("Defendant") First set of interrogatories (Set One) as follows:

### INTRODUCTORY STATEMENT

   Plaintiff's responses are made in the spirit of discovery, but without waiving any right of objection to the admissibility of the responses contained herein, and without waiving the right to object to the discoverability of the responses indicated herein. Plaintiff further reserves the right to supplement these responses as further investigation and discovery reveal different and/or additional facts, information, knowledge, documents or other tangible items.

1

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit H

## **PRELIMINARY STATEMENT**

These responses are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, admissibility) which would require exclusion of any statement contained herein if these requests were asked of, or any statements contained herein were made by, a witness present and testifying in court. All such objections and grounds are therefore reserved and may be interposed at the time of trial or any other comparable proceeding.

The party on whose behalf these responses are given has not yet completed his or her discovery and investigation of the facts relating to this action and has not yet completed preparation for the trial of this action. Thus, the following responses are based on information presently known and available to the responding party and should not be construed as prejudicing, infringing, or waiving the responding party's right to produce all evidence, whenever discovered, relating to proof of facts subsequently discovered to be material. Except for facts explicitly admitted herein, no incidental or implied admission of any nature whatsoever is intended thereby. The fact that any request herein has been answered should not be taken as an admission, acceptance, or concession of the existence of any facts thus set forth or assumed. All questions, which assume facts, are provided without waiving such objections. The fact that the parties on whose behalf these responses are given have answered part or all of the requests is not intended and should not be construed as a waiver by the responding party of all or any objection to the interrogatory.

## **GENERAL OBJECTIONS**

Plaintiff incorporates the following General Objections into each and every specific response and objection set forth below. Plaintiff objects to these requests on the ground that discovery and investigations in this matter are ongoing and that

2

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

Plaintiff does not currently have in his possession, custody or control all facts or information necessary to answer each and every interrogatory propounded. Plaintiff further objects to each and every request propounded by Respondent: (1) insofar as it seeks an admission of a fact or genuineness of documents or other tangible items not in this responding party's possession, custody or control and (2) insofar as it seeks information or documents that were prepared for or in anticipation of litigation, constitute attorneys' work product, contain or pertain to attorney/client communications, or are otherwise privileged.

**INTERROGATORY NO. 1:**

Describe any physical, emotional, or mental condition that YOU had immediately before the INCIDENT.

**Plaintiff's Response to Defendant's Interrogatory Number One:**

Objection, HIPPA, unwarranted invasion of privacy, vague, ambiguous, unclear as to incident. Without waiving any right of objection, whatsoever plaintiff responds as follows:

Please see my medical records from the San Diego County Jail and CDCR. According to the San Diego Sheriff's Department intake questionnaire for the jail the conditions I had were **"HTN, HCTZ and Propanolol"** and no mental or psychiatric issues. So, high blood pressure for which Plaintiff was taking a diuretic and beta-blocker. Asthma for which an inhaler was prescribed. Plaintiff also complained of flat feet and orthopedic problems for which shoes were requested and denied. Plaintiff attributed back and foot pain to "flat feet."

Plaintiff's supplement:

_____

_____

_____

**INTERROGATORY NO. 2:**

Describe all physical injuries YOU attribute to this INCIDENT, including when or if they resolved.

**Plaintiff's Response to Defendant's Interrogatory Number Two:**

Objection, calls for speculation, calls for a legal conclusion, vague, ambiguous, calls for an expert opinion, vague as to time, unwarranted invasion of privacy. Without waiving any right of objection whatsoever plaintiff responds as follows:

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

Exhibit H

Plaintiff is not a doctor or psychiatrist qualified to answer this question. Please refer to plaintiff's medical records from the San Diego County Jail for the timeframe of injury. Plaintiff experienced headaches, migraines, sleep deprivation, lethargy, difficulty thinking, elevated blood pressure etc. which seems to have since subsided once Plaintiff left the custody of the San Diego County Jail. Plaintiff's supplement:

_____
_____
_____

**INTERROGATORY NO. 3:**
Describe all mental or emotional injuries YOU attribute to this INCIDENT, including when or if they resolved.
**Plaintiff's Response to Defendant's Interrogatory Number Three**:
Objection, calls for speculation, calls for a legal conclusion, vague, ambiguous, calls for an expert opinion, vague as to time, unwarranted invasion of privacy. Without waiving any right of objection whatsoever plaintiff responds as follows: Plaintiff is not a doctor or psychiatrist qualified to answer this question. Please refer to Plaintiff's San Diego County Jail medical records for the rough timeframe of injury. Furthermore, please see plaintiff's CDCR medical records for which a signed authorization has been provided in order to determine when or if any mental or emotional injuries attributable to the incident resolved. Plaintiff experienced depression, fatigue, and at one point complained of hearing voices/auditory hallucinations. Antidepressants were prescribed for depression.
Plaintiff's supplement:

_____
_____
_____

**INTERROGATORY NO. 4:**
IDENTIFY all health care or mental health providers YOU received treatment from for injuries YOU attribute to this INCIDENT.
**Plaintiff's Response to Defendant's Interrogatory Number Four**:
Objection, HIPAA, unwarranted invasion of privacy, vague, ambiguous, calls for speculation, calls for expert opinion, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:
Please see plaintiff's San Diego County Jail and CDCR medical records for which a signed authorization has been provided. This response will need to be supplemented further as plaintiff has not received medical records yet. Plaintiffs

4

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit H

1 | are various nurses, doctors, psychiatrists, and nurse practitioners while at the San
2 | Diego County Jail.
   | Plaintiff's supplement:
3 | _____
4 | _____
   | _____
5 | **INTERROGATORY NO. 5:**
6 | Describe all grievances, inmate requests, or other correspondence or appeals you
7 | submitted to the San Diego County Jail or its staff regarding the INCIDENT.
   | Include in your response a description of: the DOCUMENT (grievance, letter,
8 | etc.), the date and time submitted, the method submitted (staff or grievance box),
9 | the contents of the DOCUMENT, and any response you received.
   | **Plaintiff's Response to Defendant's Interrogatory Number Five**:
10 | Objection, overbroad, compound, vague, ambiguous, and over burdensome.
11 | Without waiving any right of objection whatsoever plaintiff responds as follows:
   | Grievances were submitted frequently, usually daily, plaintiff also verbally spoke
12 | to many deputies. Very few responses were ever given. Plaintiff wrote a letter to
13 | Sheriff Gore and received a response from Sgt. Aaron Boorman explaining that
14 | plaintiff's letter of complaint had accurately described the jail's schedule in
   | Administrative Segregation, but that there was nothing they could do to alleviate
15 | Plaintiff's injuries because it would infringe on other inmates rights. What about
16 | my client's rights? Please refer to plaintiff's JIMS log for further details on
17 | grievances submitted and any possible response given.
   | Plaintiff wrote a letter to Sheriff Gore March 29, 2017 regarding sleep deprivation
18 | due to noise and the administrative segregation schedule, lack of outdoor exercise,
19 | and forcing the choice between sleep and exercise, for which a response was
   | received on April 18, 2017 from Sgt. Aaron Boorman.
20 | On May 11, 2017, plaintiff submitted a grievance for a strip search and received a
21 | response stating that basically after being transported from professional contact
   | visits plaintiff may be strip-searched.
22 | On May 8, 2017, plaintiff submitted a grievance because religious items were
23 | taken during a cell search and it was signed for on May 16, 2017.
   | On May 5, 2017, plaintiff submitted a grievance about denial of access to the law
24 | library for which it was signed for on May 7, 2017.
25 | On April 28, 2017, plaintiff submitted a grievance for interference with his legal
26 | mail which appears to have been signed for on 4/28/2017.
27 |
   | 5
28 |

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

*Grizzle v. County of San Diego et al.*

On April 14, 2017, plaintiff submitted a grievance for his placement in administrative segregation and lack of response to grievances submitted previously without any response and it was signed for on April 14, 2017.

On March 29, 2017, plaintiff submitted a grievance against the policy of allowing administrative segregation inmates out of their cells was interfering with sleep along with various noises and mentally ill inmates that could not be controlled by the San Diego County deputies, in fact, plaintiff clearly states that he cannot get more than 2 to 2 ½ hours of sleep per night because of the conditions in the administrative segregation unit of the San Diego County Jail.

On May 29, 2017, plaintiff submitted an inmate grievance about being placed in administrative segregation, lack of periodic reviews, etc. much was signed for on May 30, 2017.

On May 29, 2017, plaintiff submitted an inmate grievance about the County failing to separate the mentally ill inmates that throw urine and feces on other inmates and around the facility and act in a very disruptive noisy manner which was signed for on May 30, 2017.

On October 16, 2016, plaintiff submitted a grievance complaining about plaintiffs' placement in administrative segregation, failure to respond to grievances, and it was signed for on October 18, 2016.

On May 9, 2017, plaintiff submitted a grievance complaining about lack of access to the law library as a pro per inmate and its was signed for on May 9, 2017.

On April 21, 2017, plaintiff submitted a grievance about his legal mail being mixed up and processed back to him instead of sent out in the regular mail and it was signed for on April 21, 2017.

On August 5, 2016, plaintiff submitted a grievance regarding not receiving necessary medications and that plaintiff had not seen a qualified medical individual and the response was that plaintiff had seen a nurse and was scheduled to see a doctor.

On August 15, 2016, plaintiff submitted a grievance for not seeing a qualified medical individual and not receiving medication for high blood pressure and asthma and it was signed for on August 16, 2017.

On September 1, 2016, plaintiff submitted a grievance about not receiving necessary asthma medication which was received on September 2, 2016.

On November 15, 2016, plaintiff submitted a grievance about being charged three dollars for a medical visit that never happened and plaintiff was refunded three dollars, which was the co-pay.

6

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

On November 17, 2016 plaintiff submitted a medical request slip requesting a visit with a doctor for a wound that would not heal.

On December 7, 2016 plaintiff submitted a medical request slip requesting a copy of some lab results for a test that was done on him.

On March 3, 2017, plaintiff submitted a medical request form requesting that his medications be given to him on a varied schedule and that he not be awoken because he was starting trial and needed sleep in order to think and focus.

On March 17, 2017, plaintiff submitted a medical request form again requesting his meds to be distributed at one time due to a trial constraints.

On March 28, 2017, plaintiff submitted a medical request form requesting the results from a hepatitis C test.

On April 28, 2017 plaintiff submitted a medical request form for a filling that fell out of his tooth because of or in addition to grinding his teeth.

On April 28, 2017 plaintiff submitted a medical request form because he could not sleep and he was having poor appetite.

On March 21, 2017 plaintiff requested a medical request form for release of records to his Attorney Kevin Macnamara.

On March 13, 2017, plaintiff filled out a refusal to take medications form which states "no meds don't wake me up."

On March 7, 2017, plaintiff filled out a medical refusal request because it appears that he did not want to go see the doctor that day.

On March 20, 2017, plaintiff filled out a medical refusal to take medications form.

On March 28, 2017, plaintiff filled out a medical refusal to take medications form.

On March 29, 2017, plaintiff filled out a medical refusal to take medications form.

Discovery is still ongoing and plaintiff will supplement and/or correct this response.

Plaintiff's supplement:

_____
_____
_____

**INTERROGATORY NO. 6:**

IDENTIFY any and all health care providers, including mental health and substance abuse providers that have treated YOU in the last ten (10) years.

**Plaintiff's Response to Defendant's Interrogatory Number Six**:

Objection, HIPAA, unwarranted invasion of privacy, vague, ambiguous and over burdensome. Without waiving any right of objection plaintiff responds as follows:

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

Exhibit H

Please see my San Diego County Jail and CDCR medical records. Plaintiff was treated by various San Diego County doctors, nurses, nurse practitioners, psychiatrists, psychologists, and other health care professionals. The County should have this information and the other information from the CDCR medical records has been requested by plaintiff but has yet to be produced, thus it is impossible to state every health care provider on unproduced medical records. Plaintiff's supplement:

_____
_____
_____

**INTERROGATORY NO. 7:**
Please set forth all facts that support your contention as stated in the COMPLAINT that Defendants violated your "14th amendment rights to due process because Defendants place Plaintiff in Ad-Seg . . . ."
**Plaintiff's Response to Defendant's Interrogatory Number Seven**:
Objection, vague, ambiguous, calls for legal conclusion, overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows: Plaintiff was not given any hearing or periodic reviews prior to being placed in administrative segregation, plaintiff was never told the reason he was placed in administrative segregation, plaintiff protested for a year or more about being placed in administrative segregation without any real response. Discovery in this matter is ongoing and plaintiff reserves the right to supplement and/or correct this response.
Plaintiff's supplement:

_____
_____
_____

**INTERROGATORY NO. 8:**
IDENTIFY any and all DOCUMENTS that support contention as stated in the COMPLAINT that Defendants violated your "14th amendment rights to due process because Defendants place Plaintiff in Ad-Seg . . . ."
**Plaintiff's Response to Defendant's Interrogatory Number Eight**:
Objection, vague, ambiguous, overbroad, over burdensome, and redundant. Without waiving any right of objection whatsoever plaintiff responds as follows: Most documents that support the contention that plaintiff's 14th amendment rights to due process was violated because defendants place them in administrative segregation can be found in his JIMS records. This is within the exclusive

8

---

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**
Grizzle v. County of San Diego et al.

possession, custody, and control of defendants. There should be multiple grievances, approximately a few hundred, there is a letter written by plaintiff to Sheriff Gore and a response from Sgt. Boorman. Discovery in this matter is ongoing and plaintiff reserves the right to supplement and/or correct this response as more information becomes available.

Plaintiff's supplement:

_____

_____

_____

**INTERROGATORY NO. 9:**

IDENTIFY all witnesses that have knowledge of any facts that support your contention, as stated in the COMPLAINT that Defendants violated your "14th amendment rights to due process because Defendants place Plaintiff in Ad-Seg . . . ."

**Plaintiff's Response to Defendant's Interrogatory Number Nine**:

Objection, vague, ambiguous, and overly burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

The other inmates present during the relevant time frame is already available to Defendant's, as is a list of the deputies that were on duty, as well as any other employee or individual that visited plaintiff while he was housed at the San Diego County Jail. Therefore, defendant should have an idea of the witnesses to the events described in plaintiff's complaint. However, discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as new information becomes available.

Plaintiff's supplement:

_____

_____

_____

**INTERROGATORY NO. 10:**

Please set forth all facts that support your claim that you "exhaust[ed] all administrative remedies" for the issues raised in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Ten**:

Objection, calls for a legal conclusion, vague, ambiguous, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

plaintiff submitted multiple grievances that were not answered, plaintiff verbally protested to multiple deputies for over a year with the only responses being to write classification or keep being good. The responses plaintiff received to his

9

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

Exhibit H

sincere questions of how he could get released from administrative segregation, access to yard time, and being forced to choose between going to yard or sleeping because yard was scheduled for the middle of the night, were met with insincere, dismissive answers, if any. Plaintiff took the extraordinary step of actually writing a letter to Sheriff Gore in an effort to explain his position and get some resolution. The response plaintiff received was a letter from Sgt. Boorman stating that the administrative segregation routine that plaintiff had described was correct and that despite the high volume of noise from other inmates there was nothing that the County could do about the excessive noise or disturbing the peace being perpetrated because that would violate their rights. What about plaintiff's rights? Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as the information becomes available.

Plaintiff's supplement:

_____
_____
_____

**INTERROGATORY NO. 11:**
IDENTIFY any and all DOCUMENTS that support your claim that you "exhaust[ed] all administrative remedies" for the issues raised in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Eleven**:
Objection, vague, ambiguous, calls for legal conclusion, overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:
Please see plaintiff's JIMS record, the letter to Sheriff Gore, and Boorman's response. Plaintiff protested multiple times by written grievance with no response and this is confirmed in the response to plaintiff's letter to Sheriff Gore. For further details please see the response to Interrogatory Number Five. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as the information becomes available.

Plaintiff's supplement:

_____
_____
_____

**INTERROGATORY NO. 12:**
IDENTIFY all witnesses that have knowledge of any facts that support your claim that you "exhaust[ed] all administrative remedies" for the issues raised in your COMPLAINT.

10

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit H

**Plaintiff's Response to Defendant's Interrogatory Number Twelve**:

Objection, vague, ambiguous, overbroad, calls for legal conclusion, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

Defendants have plaintiff's JIMS records which should contain enough information to find out what other inmates were housed near plaintiff and may have information about plaintiff's submission of grievances, Plaintiff's verbal protest to multiple deputies and other Jail employees, and a list of Jail deputies and other employees that came in contact with plaintiff. Sgt. Aaron Boorman is critical to the plaintiff's case because he provided a written response to plaintiff stating essentially that there was nothing the County could do. This is tantamount to a "right to sue" letter. Moreover, when deputies did sign for grievances they listed their badge numbers instead of their names at times and plaintiff cannot identify those individuals by name, however the county should be able to determine the names of each deputy that sign for an inmate grievance or complaint. It is too much of a burden to expect plaintiff to remember each and every possible witness from over four years ago. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as new information becomes available.

Plaintiff's supplement:

_____

_____

_____

**INTERROGATORY NO. 13:**

Please set forth all facts that support your claim that your "fourteenth and eighth amendment rights to sleep" were violated as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Thirteen**:

Objection, vague, ambiguous, calls for legal conclusions, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS records for grievances plaintiff may have submitted for sleep deprivation and forcing the choice between sleep and Yard Time. As confirmed by Sgt. Boorman's response to plaintiff's letter to Sheriff Gore plaintiff was only allowed two 2 ½ hour periods of sleep, which were interrupted by hourly security check walks and excessive noise. From 1:30 AM to 3:30 AM plaintiff could choose to sleep if he chose to forego exercise and his Yard Time. Effectively, plaintiff's complaint is that there was excessive noise that was not stop by any other deputies at the San Diego County Jail and the scheduling for Yard

11

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

Exhibit H



Time was in the middle of the night, so it was guaranteed to interrupt Plaintiff's sleep, unless he did not get any exercise at Yard Time. Discovery in this matter is ongoing and plaintiff reserves the right to supplement and/or correct this response as more information becomes available.

Plaintiff's supplement:

_____

_____

_____

**INTERROGATORY NO. 14:**

IDENTIFY any and all DOCUMENTS that support your claim that your "fourteenth and eighth amendment rights to sleep" were violated as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Fourteen**:

Objection, vague, ambiguous, calls for legal conclusions, not reasonably calculated to lead to admissible evidence, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS record, the County should have copies of all of the grievances plaintiff submitted, the County has a copy of the letter that plaintiff wrote to Sheriff Gore, and the County has a copy of Sgt. Boorman's response to plaintiff's letter to Sheriff Gore. Please also see plaintiff's response to Interrogatory Number Five. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

Plaintiff's supplement:

_____

_____

_____

**INTERROGATORY NO. 15:**

IDENTIFY all witnesses that have knowledge of any facts that support your claim that your "fourteenth and eighth amendment rights to sleep" were violated as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Fifteen**:

Objection, vague, ambiguous, not reasonably calculated to lead to admissible evidence, and this is common knowledge to both parties. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS records. Defendants have a list of inmates that were present during inmates stay at the San Diego County Jail and deputies as well as

12

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

Exhibit H

other jail employees that sought plaintiff. Hence, defendants already possess that information. There is some information in his medical request slips that request that we not be awoken, but he is. In addition, plaintiff outlines the schedule in the jail which puts recreation time at the same time as sleep in the letter that he wrote to Sheriff Gore which Sgt. Boorman responded to. Please see response to Interrogatory Number Five for further details on the dates and grievances. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as new information becomes available.

Plaintiff's supplement:

_____

_____

_____

**INTERROGATORY NO. 16:**

Please set forth all facts that support your claim that "excessive lighting and excessive noise" caused you to suffer sleep deprivation as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Sixteen**:

Objection, vague, ambiguous, calls for legal conclusions, overly burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: The deputies would control the lighting during the schedule in the administrative segregation unit of the San Diego County Jail. The deputies and jail staff are the only ones with exclusive control over the brightness of the light in the cell at all times of the day. The excessive noise was primarily from mentally ill inmates screaming and yelling, and banging on walls and bunks, hourly security walks from noisy deputies, and the slamming of large metal doors on a regular basis. In sum, plaintiff does not have information about the county's lighting system yet, but it has been requested in discovery. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

Plaintiff's supplement:

_____

_____

_____

**INTERROGATORY NO. 17:**

IDENTIFY any and all DOCUMENTS that support your claim that "excessive lighting and excessive noise" caused you to suffer sleep deprivation as alleged in your COMPLAINT.

13

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

**Plaintiff's Response to Defendant's Interrogatory Number Seventeen**:

Objection, vague, ambiguous, overbroad, overly burdensome, duplicative, and calls for legal conclusion. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS records. Moreover, plaintiff wrote a letter to Sheriff Gore and Sgt. Boorman responded addressing the specific issue of noise and lighting. As far as the light intensity that is information only known to the San Diego County Jail unless and until they disclose the types of lighting they use and the wattage of each bulb. Please see the County's policies and procedures regarding counts, razor distribution, excessive noise by other inmates, and the scheduling of Yard Time. Please see plaintiff's response to Interrogatory Number Five for further detail on specific grievances. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response when new information becomes available.

Plaintiff's supplement:

_____
_____
_____

**INTERROGATORY NO. 18:**

IDENTIFY all witnesses that have knowledge of any facts that support your claim that "excessive lighting and excessive noise" caused you to suffer sleep deprivation as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Eighteen**:

Objection, vague, ambiguous, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS records. The County of San Diego should have a list of other inmates that were present while plaintiff was at the jail along with deputies and other employees of San Diego County that came in contact with plaintiff. However, please see plaintiff's response to Interrogatory Number Five. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

Plaintiff's supplement:

_____
_____
_____

////
////

14

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

Exhibit H

**INTERROGATORY NO. 19:**

Please set forth all facts that support your claim that your "fourteenth and eighth amendment right to exercise" were violated as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Nineteen**:

Objection, vague, ambiguous, overly burdensome, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Yard Time was scheduled from 1:30 AM to 3:30 AM, which is in the middle of the night when most people are sleeping and the body's natural circadian rhythm shuts down the body. Forcing someone to get up in the middle of the night and exercise in order to get their daily dose of routine exercise violates their rights in this case because the administrative segregation unit schedule only allowed for two 2 ½ hour blocks of sleep, which were interrupted by hourly security checks. Forcing someone to sleep only 2 ½ hours a day is wrong and is insufficient to sustain a normal human being. In short, scheduling Yard Time in the middle of the night, when an inmate only has roughly 5 hours of sleep available, is tantamount to denying both rights, but at the very least that the violation of one right or the other.

Plaintiff's supplement:

_____
_____
_____

**INTERROGATORY NO. 20:**

IDENTIFY any and all DOCUMENTS that support your claim that your "fourteenth and eighth amendment right to exercise" were violated as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Twenty**:

Objection, vague, ambiguous, over burdensome, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS records. In addition, Plaintiff's several grievances, any responses, the letter plaintiff wrote to Sheriff Gore, and the response received from Sgt. Boorman all tend to support plaintiff's allegations that his 14th and 8th amended rights exercise were violated. For details on this please see plaintiff's response to Interrogatory Number Five. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as new information becomes available. Plaintiff's supplement:

_____
_____
_____

15

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

**INTERROGATORY NO. 21:**

IDENTIFY all witnesses that have knowledge of any facts that support your claim that your "fourteenth and eighth amendment rights right to exercise" were violated as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Twenty-One**:

Objection, vague, ambiguous, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS records. San Diego County should have a list of all inmates that were at the jail when plaintiff was there and all deputies and jail employees that came in contact with plaintiff. Plaintiff has requested witness information in discovery but has not received a response from the County yet. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement these responses when new information becomes available.

Plaintiff's supplement:

_____
_____
_____

**INTERROGATORY NO. 22:**

Please set forth all facts that support your claim that your "fourteenth and eighth amendment rights" were violated by Defendants forcing you "to choose between two constitutionally protected rights; the right to sleep and exercise" as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Twenty-Two**:

Objection, vague, ambiguous, and calls for a legal conclusion. Without waiving any right of objection whatsoever plaintiff responds as follows:

The administrative segregation unit routine was scheduled so that sleep was designated to occur from 1:30 AM to 3:30 AM, which is also the exact time that recreational or "yard time" is scheduled. This leads to the dilemma of what right to exercise; sleep or exercise. It is not possible to satisfy two constitutionally protected rights to basic human needs when they are scheduled at the same time because necessarily one must be sacrificed. For example, if plaintiff chose to sleep then he would suffer the consequences of lack of exercise, but if plaintiff chose to exercise at night then he would have to sacrifice sleep time, it is a choice of evils. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available. In *Hebbe v. Pliler*, 627 F.3d 338, 343 (9th Cir. 2010), the Ninth Circuit found that forcing a prisoner to choose between using the prison law library and exercising outdoors

16

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**

Grizzle v. County of San Diego et al.

is impermissible because an inmate cannot be forced to sacrifice one constitutionally protected right for another.

Plaintiff's supplement:

_____
_____
_____

**INTERROGATORY NO. 23:**
IDENTIFY any and all DOCUMENTS that support your claim that your "fourteenth and eighth amendment rights" were violated by Defendants forcing you "to choose between two constitutionally protected rights; the right to sleep and exercise" as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Twenty-Three**:
Objection, vague, ambiguous, calls for a legal conclusion, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see plaintiff's JIMS records, the County's policies and procedures regarding the scheduling in administrative segregation, the County's policies and procedures regarding outdoor exercise, and the county's policies and procedures regarding sleep or lack thereof. Please see plaintiff's letter to Sheriff Gore and Sgt. Aaron Boorman's response. Please see the multiple grievances plaintiff submitted and any responses that may have been provided. For further details on this please see plaintiff's response to Interrogatory Number Five. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response when new information becomes available.

Plaintiff's supplement:

_____
_____
_____

**INTERROGATORY NO. 24:**
IDENTIFY all witnesses that have knowledge of any facts that support your claim that your "fourteenth and eighth amendment rights" were violated by Defendants forcing you "to choose between two constitutionally protected rights; the right to sleep and exercise" as alleged in your COMPLAINT.

**Plaintiff's Response to Defendant's Interrogatory Number Twenty-Four**:
Objection, vague, ambiguous, overbroad, and overly burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

17

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**
Grizzle v. County of San Diego et al.

Please review plaintiff's JIMS records, the County's policies and procedures regarding the scheduling in administrative segregation, and the numerous grievances plaintiff submitted. For further detail on the grievances plaintiff submitted see plaintiff's response to Interrogatory Number Five. The County has access to a list of all inmates and jail employees that came in contact with plaintiff during his time at the San Diego County Jail. Therefore, defendant should have a list of all of the potential witnesses for this claim already. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

Plaintiff's supplement:

_____

_____

_____

Dated this March 8, 2021

_____/s/Kevin Macnamara_____
Kevin Macnamara, Esq.
Attorney for
Elliott Scott Grizzle

## **VERIFICATION**

I, Elliott Scott Grizzle, am the plaintiff in the above-entitled action, and I have reviewed the foregoing responses and know them to be true based upon my own personal knowledge or information that I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this _____ day of _____ 2021, at_____, California.


_____
Elliott Scott Grizzle

**Plaintiff's Responses to Defendants' Interrogatories, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit H

# EXHIBIT "I"

THOMAS E. MONTGOMERY, County Counsel
County of San Diego
By MELISSA M. HOLMES, Senior Deputy (SBN 220961)
    ALEXA F. KATZ, Deputy (SBN 317968)
    JENNIFER M. MARTIN, Deputy (SBN 322048)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531- 5836 Fax: (619) 531-6005
E-mail: jennifer.martin2@sdcounty.ca.gov

Attorneys for Defendants County of San Diego, William Gore, Lena Lovelace and Aaron Boorman

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elliot Scott Grizzle | No.17-cv-00813-JLS-RBM |
|     Plaintiff, | **DEFENDANT COUNTY OF SAN DIEGO'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF ELLIOT SCOTT GRIZZLE** |
|     v. | |
| County of San Diego, et al | |
|     Defendants. | **(SET NO. 1)** |

**PROPOUNDING PARTY:**     Defendant, County of San Diego

**RESPONDING PARTY:**     Plaintiff, Elliot Scott Grizzle

**SET NO.:**     One (1)

    Defendant County of San Diego demands that you identify, produce, and permit inspection and copying of the documents described below pursuant to Federal Rules of Civil Procedure, rule 34. Said documents shall be produced for inspection and copying by defendant within thirty (30) days from the date of service of the request. You must produce the documents to the Office of County Counsel, 1600 Pacific Highway, Room 355, San Diego, California 92101. Defendant will pay reasonable costs for copying.

///

Exhibit I

**DEFINITIONS**

1.      "YOU" or "YOUR" refers to Plaintiff Elliot Scott Grizzle in this action.

2.      "DEFENDANT" refers to Defendants County of San Diego, William Gore, Lena Lovelace and Aaron Boorman or anyone else acting on their behalf.

3.      The term "DOCUMENTS" means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, Photostats, Photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

4.      "INCIDENT" means the circumstances and events on that give rise to this lawsuit (Case No. 17-cv-00813-JLS-RBM).

5.      "COMPLAINT" refers to the Third Amended Complaint filed in this action on September 27, 2019 (ECF No. 110).

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS, including photographs or videotapes showing YOUR injuries or limitations from the INCIDENT.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS showing all medications YOU have been prescribed for the past five years.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS showing all medical treatment you have received from the five years prior to the incident to the present.  (If you do not possess these documents you may instead respond by signing the attached authorization and providing the names of you medical providers).

**REQUEST FOR PRODUCTION NO. 4**:

All medical records relating to YOUR treatment that YOU attribute to the INCIDENT.

Exhibit I

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS showing YOUR medical expenses or treatment from the INCIDENT.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS showing YOUR psychological or emotional distress from the INCIDENT.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS showing any expenses incurred by YOU as a result of the INCIDENT.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS referenced in your Rule 26 Disclosures (including your October 22, 2020 initial disclosures).

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS or other evidentiary material on which your Computation of Damages in the amount of $272,300 (referenced in your October 22, 2020 initial disclosures) is based, including materials bearing on the nature and extent of injuries suffered.

**REQUEST FOR PRODUCTION NO. 10:**

All grievances that you have submitted to the San Diego County Jail or its staff regarding any of the events mentioned in your COMPLAINT.

**REQUEST FOR PRODUCTION NO. 11:**

All inmate requests that you have submitted to the San Diego County Jail or its staff regarding any of the events mentioned in your COMPLAINT.

**REQUEST FOR PRODUCTION NO. 12:**

All correspondence that you submitted to the San Diego County Jail or its staff regarding any of the events mentioned in your COMPLAINT.

///

///

3

17cv00813-JLS-RBM

Exhibit I

1  **REQUEST FOR PRODUCTION NO. 13**:

2      All appeals that you submitted to the San Diego County Jail or its staff regarding

3  any of the events mentioned in your COMPLAINT.

4  **REQUEST FOR PRODUCTION NO. 14**:

5      All DOCUMENTS that you contend evince or show that you attempted to submit

6  grievances or appeals regarding the INCIDENT to the San Diego County Jail or its staff.

7  **REQUEST FOR PRODUCTION NO. 15**:

8      Produce all DOCUMENTS related to your contention that you were a "pretrial

9  detainee" during the events in the COMPLAINT as stated in paragraph 3 of the

10 COMPLAINT.

11 **REQUEST FOR PRODUCTION NO. 16**:

12     Produce all DOCUMENTS related to your contention "Boorman knew that the Ad-

13 Seg routine resulted in the deprivation of at least one basic human need of every inmate

14 in Ad-Seg" as stated in paragraph 8 of the COMPLAINT.

15 **REQUEST FOR PRODUCTION NO. 17**:

16     Produce all DOCUMENTS related to your contention you were never "served a

17 copy of the segregated housing order" as stated in paragraph 9 of the COMPLAINT.

18 **REQUEST FOR PRODUCTION NO. 18**:

19     Produce all DOCUMENTS related to your contention that "Defendant Lovelace

20 was aware of the constitutionally deficient Ad-Seg program at the San Diego County

21 Central Jail" as stated in paragraph 9 of the COMPLAINT.

22 **REQUEST FOR PRODUCTION NO. 19**:

23     Produce all DOCUMENTS related to your contention that Defendant Lovelace

24 "failed to provide Plaintiff adequate due process" as stated in paragraph 9 of the

25 COMPLAINT.

26 ///

27 ///

28 ///

4

*17cv00813-JLS-RBM*

Exhibit I

**REQUEST FOR PRODUCTION NO. 20**:

Produce all DOCUMENTS related to your contention that Defendant Lovelace failed "to provide a reason for Ad-Seg classification" as stated in paragraph 9 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 21**:

Produce all DOCUMENTS related to your contention that you "received no response" to your "August 4, 2016 . . . inmate grievance" as stated in paragraph 20 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 22**:

Produce all DOCUMENTS related to your contention that "Plaintiff immediately began having trouble sleeping" after placement in the Ad Seg unit on August 3, 2016 as stated in paragraph 21 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 23**:

Produce all DOCUMENTS related to your contention that "Plaintiff actually did not have a period of longer than one hour for uninterrupted sleep" during the period at issue in the COMPLAINT as stated in paragraph 26 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 24**:

Produce all DOCUMENTS related to your contention that "mentally ill inmates . . . constantly screamed, yelled, loudly beat and banged on the cell doors, toilets, and metal bunk beds" during the period at issue in the COMPLAINT as stated in paragraph 27 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 25**:

Produce all DOCUMENTS related to your contention that you "pleaded with each floor Deputy to intervene, but all refused to do so, despite the obvious harm it was causing Plaintiff" as stated in paragraph 28 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 26**:

Produce all DOCUMENTS related to your contention that you "immediately began experiencing headaches, muscle aches, and an inability to focus and think clearly, feeling

5

Exhibit I

high levels of stress and anxiety, eye pain, high blood pressure, lowered immune system functioning causing Plaintiff to get sick, suffer severe lethargy and fatigue, infections, impaired motor and cognitive functions, as well as a number of other physical and psychological injuries" as stated in paragraph 29 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 27**:

Produce all DOCUMENTS related to your contention that you "Within the first week of . . . confinement in Ad-Seg . . . filled out and submitted a grievance form objecting to . . . placement in Ad-Seg and the complete denial of due process in the form of notice, a hearing, and/or periodic reviews" as stated in paragraph 30 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 28**:

Produce all DOCUMENTS related to your contention that you "requested immediate release from Ad-Seg. . . . on numerous occasions verbally, as well as in writing via inmate requests submitted on at least a weekly basis and addressed to "classification."" as stated in paragraph 30 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 29**:

Produce all DOCUMENTS related to your contention that you "also submitted a Second grievance that first week objecting to the chronic sleep deprivation from the program described above, as well as forcing Plaintiff to choose between sleep and Yard Time" as stated in paragraph 32 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 30**:

Produce all DOCUMENTS related to your contention that you "began to verbally protest . . . Ad-Seg Placement, lack of due process, sleep deprivation and denial of Yard Time. . . .  to floor deputies, corporals, sergeants, and lieutenants" as stated in paragraph 34 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 31**:

Produce all DOCUMENTS related to your contention that you "On March 30, 2017 . . .  submitted three grievances" as stated in paragraph 38 of the COMPLAINT.

6

Exhibit I

**REQUEST FOR PRODUCTION NO. 32**:

Produce all DOCUMENTS related to your contention that you submitted a grievance for failure to respond to grievances as stated in paragraph 39 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 33**:

Produce all DOCUMENTS related to your contention that from April 11, 2017 you "repeatedly ask[ed] every deputy on both shifts until April 14, 2017" to sign your grievance as stated in paragraph 39 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 34**:

Produce all DOCUMENTS related to your contention that "Sgt. Boorman's reply to Plaintiff's letter to Sheriff William Gore effectively exhaust[ed] all administrative remedies" as stated in paragraph 40 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 35**:

Produce all DOCUMENTS related to your contention that you were not offered yard from April 24, 2017 through the end of the period listed in your Complaint as stated in paragraph 41 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 36**:

Produce all DOCUMENTS related to your contention that you were placed "in Ad-Seg at the San Diego County Jail without any notice, written or otherwise, as to the reason for [] placement in an indefinite Ad-Seg term, den[ied] . . . a hearing with anyone, including the "critical decision maker," den[ied] . . . any opportunity to rebut the charges, whatever they may be, den[ied] . . . any periodic review of . . . placement and refus[ed] to inform Plaintiff of what, if anything, he could do to obtain release from Ad-Seg" as stated in paragraph 44 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 37**:

Produce all DOCUMENTS related to your contention that "The County of San Diego maintains an "administrative segregation" policy that allows for placement in

7

Exhibit I

administrative segregation without notice, a hearing, an opportunity to rebut the charges, and periodic reviews" as stated in paragraph 45 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 38**:

Produce all DOCUMENTS related to your contention that your "fourteenth and eighth amendment rights to sleep" were violated as stated in paragraph 53 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 39**:

Produce all DOCUMENTS related to your contention that "sleep deprivation described herein was caused by defendant's program as a policy of San Diego County and its Sheriff William Gore" as stated in paragraph 57 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 40**:

Produce all DOCUMENTS related to your contention that your "fourteenth and eighth amendment right to exercise" were violated as stated in paragraph 62 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 41**:

Produce all DOCUMENTS related to your contention that "denial of Yard Time was a custom, practice, policy, or long-standing procedure of San Diego County" as stated in paragraph 66 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 42**:

Produce all DOCUMENTS related to your contention that Defendants had "knowledge that Plaintiff was suffering psychological and physical harm from denial of Yard Time" as stated in paragraph 65 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 43:**

Produce all DOCUMENTS related to your contention that "Defendants violated [your] fourteenth and eighth amendment rights by forcing [you] to choose between two constitutionally protected rights; the right to sleep and exercise" as stated in paragraph 70 of the COMPLAINT.

///

8

17cv00813-JLS-RBM

Exhibit I

1  **REQUEST FOR PRODUCTION NO. 44**:

2      Produce all DOCUMENTS related to your contention that "If Plaintiff chose to

3  sleep, he would be deprived of the basic human need of exercise" as stated in paragraph

4  71 of the COMPLAINT.

5  **REQUEST FOR PRODUCTION NO. 45**:

6      Produce all DOCUMENTS related to your contention that "If Plaintiff . . .  chose

7  to exercise, he would be deprived of the basic human need of sleep" as stated in

8  paragraph 71 of the COMPLAINT.

9  **REQUEST FOR PRODUCTION NO. 46**:

10      Produce all DOCUMENTS related to your contention that "County of San Diego

11  through its Sheriff William Gore maintained this policy, custom, or practice" of forcing

12  Plaintiff to choose between sleep and exercise as stated in paragraph 75 of the

13  COMPLAINT.

14  **REQUEST FOR PRODUCTION NO. 47**:

15      Produce all DOCUMENTS related to your contention that Defendant Lovelace

16  acted "with deliberate indifference to obvious known risks and consequences" during the

17  INCIDENT as stated in paragraph 11 of the COMPLAINT.

18  **REQUEST FOR PRODUCTION NO. 48**:

19      Produce all DOCUMENTS related to your contention that Defendant Boorman

20  acted "with deliberate indifference to obvious known risks and consequences" during the

21  INCIDENT as stated in paragraph 11 of the COMPLAINT.

22  DATED: November 24, 2020          THOMAS E. MONTGOMERY, County Counsel

23                                   By:

24                                       JENNIFER M. MARTIN, Deputy
25                                   Attorneys for Defendants County of San Diego,
                                     William Gore, Lena Lovelace and Aaron Boorman

26

27

28

9

17cv00813-JLS-RBM

Exhibit I

# DECLARATION OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to the case; I am employed in the County of San Diego, California. My business address is 1600 Pacific Highway, Room 355, San Diego, California, 92101.

On November 24, 2020, I served the following documents:
**DEFENDANT COUNTY OF SAN DIEGO'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF ELLIOT SCOTT GRIZZLE (SET NO. 1)**

**DEFENDANT COUNTY OF SAN DIEGO'S INTERROGATORIES PROPOUNDED TO PLAINTIFF ELLIOT SCOTT GRIZZLE (SET NO. 1)**

**DEFENDANT COUNTY OF SAN DIEGO'S REQUESTS FOR ADMISSIONS TO PLAINTIFF ELLIOT SCOTT GRIZZLE (SET NO. 1)**
in the following manner:

☒    **(BY E-MAIL)** By emailing an electronic copy (per mutual agreement) of the documents listed above to the following e-mail address(es):

Kevin Macnamara, Esq.
Law Office of Kevin Macnamara
5281 Pembury Drive
La Palma, CA 90623
Tel: (714) 858-1109
Fax: (866) 506-3448
kevin.macnamara.esq@gmail.com

Attorney for Plaintiff: Elliott Scott Grizzle

Executed on November 24, 2020, at San Diego, California.

By: _____
        A. TRUJILLO

(*Elliot Scott Grizzle v. County of San Diego, et al*;
USDC Case No. 17cv0813-JLS-RBM)

Exhibit I

# EXHIBIT "J"



Kevin Macnamara, Esq. (SBN # 279691)
kevin.macnamara.esq@gmail.com
Law Office of Kevin Macnamara
5281 Pembury Drive
La Palma CA 90623
Tel: (714) 858-1109
Fax: (866) 506-3448
Attorney for Plaintiff: Elliott Scott Grizzle

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Elliott Scott Grizzle,                                  ) Case No.: 3:17-cv-00813-JLS-RBM
                                                        )
                    Plaintiff,                          )
                                                        ) PLAINTIFF'S RESPONSES TO
          vs.                                           ) REQUEST FOR PRODUCTION OF
                                                        ) DOCUMENTS, SET ONE
County of San Diego et al.                              )
                                                        )
                    Defendant                           )
                                                        )

REQUESTING PARTY: DEFENDANT COUNTY OF SAN DIEGO
RESPONDING PARTY: PLAINTIFF ELLIOTT SCOTT GRIZZLE
SET NUMBER: ONE
          Pursuant to Federal Rules of Civil Procedure, Rule 34, Plaintiff Elliott Scott
Grizzle ("Plaintiff") responds to Defendant County of San Diego ("Defendant")
First Request for Production of Documents (Set One) as follows:

**INTRODUCTORY STATEMENT**

          Plaintiff's responses are made in the spirit of discovery, but without waiving

any right of objection to the admissibility of the responses contained herein, and

without waiving the right to object to the discoverability of the responses indicated

herein. Plaintiff further reserves the right to supplement these responses as further

1

Exhibit J

investigation and discovery reveal different and/or additional facts, information, knowledge, documents or other tangible items.

## **PRELIMINARY STATEMENT**

These responses are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, admissibility) which would require exclusion of any statement contained herein if these requests were asked of, or any statements contained herein were made by, a witness present and testifying in court. All such objections and grounds are therefore reserved and may be interposed at the time of trial or any other comparable proceeding.

The party on whose behalf these responses are given has not yet completed his or her discovery and investigation of the facts relating to this action and has not yet completed preparation for the trial of this action. Thus, the following responses are based on information presently known and available to the responding party and should not be construed as prejudicing, infringing, or waiving the responding party's right to produce all evidence, whenever discovered, relating to proof of facts subsequently discovered to be material. Except for facts explicitly admitted herein, no incidental or implied admission of any nature whatsoever is intended thereby. The fact that any request herein has been answered should not be taken as an admission, acceptance, or concession of the existence of any facts thus set forth or assumed. All questions, which assume facts, are provided without waiving such objections. The fact that the parties on whose behalf these responses are given have answered part or all of the requests is not intended and should not be construed as a waiver by the responding party of all or any objection to the request for admission.

////

2

Exhibit J

**<u>GENERAL OBJECTIONS</u>**

Plaintiff incorporates the following General Objections into each and every specific response and objection set forth below. Plaintiff objects to these requests on the ground that discovery and investigations in this matter are ongoing and that Plaintiff does not currently have in his possession, custody or control all facts or information necessary to answer each and every request for production of documents propounded. Plaintiff further objects to each and every request propounded by Defendant: (1) insofar as it seeks an admission of a fact or genuineness of documents or other tangible items not in this responding party's possession, custody or control and (2) insofar as it seeks information or documents that were prepared for or in anticipation of litigation, constitute attorneys' work product, contain or pertain to attorney/client communications, or are otherwise privileged.

////

**<u>REQUEST FOR PRODUCTION NO. 1:</u>**

All DOCUMENTS, including photographs or videotapes showing YOUR injuries or limitations from the INCIDENT.

**<u>Plaintiff's Response to Request for Production Number One</u>**:

Objection, overbroad and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

San Diego County has the exclusive right to possession, custody, and control of the videotape system from the San Diego County Jail and plaintiff is unsure if there are any photographs that exist depicting his injuries or limitations from the incident. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as new information becomes available.

////

3

Plaintiff's Responses to Request for Production of Documents, Set One

Grizzle v. County of San Diego et al.

Exhibit J

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS showing all medications YOU have been prescribed for the past five years.

**Plaintiff's Response to Request for Production Number Two**:

Objection, HIPAA, unwarranted invasion of privacy, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see my medical records for the medications I've been prescribed for the past 5 years. Discovery is ongoing in this matter and plaintiff reserves the right to correct and/or supplement this response when the information becomes available.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS showing all medical treatment you have received from the five years prior to the incident to the present. (If you do not possess these documents you may instead respond by signing the attached authorization and providing the names of you medical providers).

**Plaintiff's Response to Request for Production Number Three**:

Objection, HIPAA, unwarranted invasion of privacy, and overbroad. Without waiving any right of objection plaintiff responds as follows:

Please see my medical records. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response when more information becomes available.

**REQUEST FOR PRODUCTION NO. 4:**

All medical records relating to YOUR treatment that YOU attribute to the INCIDENT.

**Plaintiff's Response to Request for Production Number Four**:

Objection, HIPAA, unwarranted invasion of privacy, vague, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

Plaintiff's Responses to Request for Production of Documents, Set One

Grizzle v. County of San Diego et al.

Exhibit J

Please see my medical records. The medical records available should be from the San Diego County Jail and the California Department of Corrections and rehabilitation.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS showing YOUR medical expenses or treatment from the INCIDENT.

**Plaintiff's Response to Request for Production Number Five**:

Objection, vague, ambiguous, HIPAA, unwarranted invasion of privacy, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

Please see my medical records. This should be medical records from the San Diego County Jail and medical records from the California Department of corrections and Rehabilitation.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS showing YOUR psychological or emotional distress from the INCIDENT.

**Plaintiff's Response to Request for Production Number Six:**

Objection, vague, ambiguous, calls for legal conclusion, over burdensome, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

The records from the San Diego County Jail and the California Department of Corrections and rehabilitation should have some references to my psychological and emotional distress from the incident. There are various references in the grievances I wrote to my psychological and emotional distress and it is referenced in my letter to Sheriff Gore which was responded to by Sgt. Aaron Boorman.

Plaintiff's Responses to Request for Production of Documents, Set One

Grizzle v. County of San Diego et al.

Exhibit J

Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS showing any expenses incurred by YOU as a result of the INCIDENT.

**Plaintiff's Response to Request for Production Number Seven**:

Objection, vague, ambiguous, over burdensome, and unintelligible. Without waiving any right of objection whatsoever plaintiff responds as follows: Plaintiff does not have an exact tabulation of costs incurred, but responsive documents will be produced as they become available. Discovery in this matter is still ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS referenced in your Rule 26 Disclosures (including your October 22, 2020 initial disclosures).

**Plaintiff's Response to Request for Production Number Eight**:

Objection, vague, ambiguous, over burdensome, duplicative, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows: Plaintiff will provide whatever documentation he can, but discovery in this matter is still ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS or other evidentiary material on which your Computation of Damages in the amount of $272,300 (referenced in your October 22, 2020 initial disclosures) is based, including materials bearing on the nature and extent of injuries suffered.

6

**Plaintiff's Responses to Request for Production of Documents, Set One**

Grizzle v. County of San Diego et al.

**<u>Plaintiff's Response to Request for Production Number Nine</u>**:

Objection, vague, ambiguous, calls for legal conclusion, and work product.
Without waiving any right of objection whatsoever plaintiff responds as follows:
California provides for $100 per day for wrongly convicted persons and, as a
pretrial detainee, the calculation of damages was based on the number of days
plaintiff was confined as a pretrial detainee multiplied by $100 per day. The
calculation is a rough estimate. Discovery in this matter is ongoing and plaintiff
reserves the right to correct and/or supplement this response as the information
becomes available.

<u>REQUEST FOR PRODUCTION NO. 10:</u>

All grievances that you have submitted to the San Diego County Jail or its staff
regarding any of the events mentioned in your COMPLAINT.

**<u>Plaintiff's Response to Request for Production Number Ten</u>**:

Objection, over burdensome. Without waiving any right of objection whatsoever
plaintiff responds as follows:

Plaintiff has some copies of grievances submitted, but the County should have
copies of all grievances submitted. Hence, responsive documents will be produced
however, the County already has copies of all grievances plaintiff filed or they
should if they do not already. Discovery in this matter is ongoing and this response
will be corrected and/or supplemented as more information becomes available.

<u>REQUEST FOR PRODUCTION NO. 11:</u>

All inmate requests that you have submitted to the San Diego County Jail or its
staff regarding any of the events mentioned in your COMPLAINT.

**<u>Plaintiff's Response to Request for Production Number Eleven</u>**:

7

**Plaintiff's Responses to Request for Production of Documents, Set One**

Grizzle v. County of San Diego et al.

Exhibit J

Objection, vague, ambiguous, over burdensome, overbroad, and the County should have copies already. Without waiving any right of objection whatsoever the plaintiff responds as follows:

The inmate request forms were submitted to the County and are within the county's exclusive possession, custody, and control. Plaintiff cannot be expected to turn over documents, which are maintained by the County of San Diego. To the extent plaintiff cannot produce any documents they will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 12:**

All correspondence that you submitted to the San Diego County Jail or its staff regarding any of the events mentioned in your COMPLAINT.

**Plaintiff's Response to Request for Production Number Twelve:**

Objection, vague, ambiguous, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Plaintiff does not have possession, custody, and control of all correspondence submitted to the San Diego County Jail or its staff regarding the events mentioned in the complaint. Whatever documents plaintiff may have that can be construed as submitted correspondence to the San Diego County Jail or its staff regarding events in the complaint will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response when more information becomes available.

**REQUEST FOR PRODUCTION NO. 13:**

All appeals that you submitted to the San Diego County Jail or its staff regarding any of the events mentioned in your COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirteen:**

8

Plaintiff's Responses to Request for Production of Documents, Set One
Grizzle v. County of San Diego et al.

Exhibit J

Objection, over burdensome. Without waiving any right of objection plaintiff responds as follows:

San Diego County would be the entity maintaining any appeals for grievances submitted. Plaintiff will produce whatever responsive documents that may constitute a copy of an appeal. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that you contend evince or show that you attempted to submit grievances or appeals regarding the INCIDENT to the San Diego County Jail or its staff.

**Plaintiff's Response to Request for Production Number Fourteen**:

Objection, over burdensome. Plaintiff cannot be expected to keep all documents that show he attempted to submit a grievance or appeal. Without waiving any right of objection whatsoever plaintiff responds as follows:

San Diego County maintains all of the records for grievances and appeals at the jail and it is their duty to maintain those records. Discovery in this matter is ongoing plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all DOCUMENTS related to your contention that you were a "pretrial detainee" during the events in the COMPLAINT as stated in paragraph 3 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Fifteen:**

Objection, calls for a legal conclusion, vague, ambiguous, overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Plaintiff's Responses to Request for Production of Documents, Set One

Grizzle v. County of San Diego et al.

Exhibit J

Court documents will show that at all times during the relevant time of plaintiff's confinement at the San Diego County Jail he had not been convicted of any crime that he was being housed for trial upon. Whatever responsive documents plaintiff as will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response when more information becomes available.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all DOCUMENTS related to your contention "Boorman knew that the Ad-Seg routine resulted in the deprivation of at least one basic human need of every inmate in Ad-Seg" as stated in paragraph 8 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Sixteen**:

Objection, vague, ambiguous, and unintelligible. Without waiving any right of objection whatsoever plaintiff responds as follows:

Boorman's response letter states that the administrative segregation unit routine, as stated in plaintiff's letter to Sheriff Gore, was correct. It states that plaintiff is forced to choose between sleep and exercise. This put Boorman on notice that the 1:30 AM to 3:30 AM time for exercise because an unavoidable conflict between two basic human needs. Whatever documents plaintiff has will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more cremation becomes available.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all DOCUMENTS related to your contention you were never "served a copy of the segregated housing order" as stated in paragraph 9 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Seventeen**:

Plaintiff's Responses to Request for Production of Documents, Set One

Grizzle v. County of San Diego et al.

Exhibit J

Objection, this is within the county's exclusive possession, custody, and control. Without waiving any right of objection whatsoever plaintiff responds as follows: responsive documents will be produced, if any. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response when more information becomes available.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all DOCUMENTS related to your contention that "Defendant Lovelace was aware of the constitutionally deficient Ad-Seg program at the San Diego County Central Jail" as stated in paragraph 9 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Eighteen**:

Objection, vague, ambiguous, unintelligible. Without waiving any right of objection whatsoever plaintiff responds as follows:

Whatever responsive documents plaintiff may have will be produced, however plaintiff is puzzled how he was supposed to produce documents that were never given to him.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all DOCUMENTS related to your contention that Defendant Lovelace "failed to provide Plaintiff adequate due process" as stated in paragraph 9 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Nineteen**:

Objection, calls for a legal conclusion. Without waiving any right of objection whatsoever plaintiff responds as follows:

If Lovelace was the deputy that classified plaintiff then Lovelace had knowledge that plaintiff wasn't given proper hearing in order to be classified properly, there was a denial of periodic reviews, as well as many other factors. Any responsive documents that plaintiff has will be produced. Discovery in this matter is ongoing

Plaintiff's Responses to Request for Production of Documents, Set One

Grizzle v. County of San Diego et al.

and plaintiff reserves the right to correct and/or supplement this response when more information becomes available.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all DOCUMENTS related to your contention that Defendant Lovelace failed "to provide a reason for Ad-Seg classification" as stated in paragraph 9 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty**:

Objection, vague, ambiguous, overbroad, burdensome, and redundant. Without waiving any right of objection whatsoever plaintiff responds as follows: Plaintiff cannot produce a copy of the segregation order because he was not given one and plaintiff was not told the reason he was being placed in administrative segregation. Whatever documents plaintiff may have will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all DOCUMENTS related to your contention that you "received no response" to your "August 4, 2016 . . . inmate grievance" as stated in paragraph 20 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty-One**:

Objection, how is plaintiff's supposed to prove that he got no response. Without waiving any right of objection whatsoever plaintiff responds as follows: Plaintiff will produce whatever documents he has, but this should be something on file with the county. Responsive documents to be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

////

12

Exhibit J

**REQUEST FOR PRODUCTION NO. 22:**

Produce all DOCUMENTS related to your contention that "Plaintiff immediately began having trouble sleeping" after placement in the Ad Seg unit on August 3, 2016 as stated in paragraph 21 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty-Two**:

Objection, vague, ambiguous, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

Plaintiff will produce whatever documents possible, but it is unclear what documents would prove that a person has trouble sleeping. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all DOCUMENTS related to your contention that "Plaintiff actually did not have a period of longer than one hour for uninterrupted sleep" during the period at issue in the COMPLAINT as stated in paragraph 26 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty-Three**:

Objection, vague, ambiguous, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Deputies at the San Diego County Jail would conduct hourly safety walks and their keys would rattle and they would check on the inmate through the slot door, which caused and awakening sound. Whatever responsive documents plaintiff has will be produced. Discovery in this matter is still ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

////

////

13

Exhibit J

**REQUEST FOR PRODUCTION NO. 24:**

Produce all DOCUMENTS related to your contention that "mentally ill inmates . . . constantly screamed, yelled, loudly beat and banged on the cell doors, toilets, and metal bunk beds" during the period at issue in the COMPLAINT as stated in paragraph 27 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty-Four**:

Objection, this information would be within the county's exclusive possession, custody, and control. Without waiving any right of objection whatsoever plaintiff responds as follows:

Plaintiff is unclear what documents which show that the mentally ill inmates constantly screamed, yelled, loudly beat and banged on the cell doors, toilets, and metal bunkbeds, however the county may have write ups for individuals that were caught disturbing the peace. Any responsive documents will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 25:**

Produce all DOCUMENTS related to your contention that you "pleaded with each floor Deputy to intervene, but all refused to do so, despite the obvious harm it was causing Plaintiff" as stated in paragraph 28 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty-Five**:

Objection, vague, ambiguous, and document speak for themselves. Without waiving any right of objection whatsoever plaintiff responds as follows:

Plaintiff will produce whatever responsive documents possible, but grievances and Boorman's response or the best evidence presently available. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

14

Plaintiff's Responses to Request for Production of Documents, Set One
Grizzle v. County of San Diego et al.

Exhibit J

**REQUEST FOR PRODUCTION NO. 26:**

Produce all DOCUMENTS related to your contention that you "immediately began experiencing headaches, muscle aches, and an inability to focus and think clearly, feeling high levels of stress and anxiety, eye pain, high blood pressure, lowered immune system functioning causing Plaintiff to get sick, suffer severe lethargy and fatigue, infections, impaired motor and cognitive functions, as well as a number of other physical and psychological injuries" as stated in paragraph 29 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty-Six**:

Objection, vague, ambiguous, calls for professional opinion, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows: Whatever responsive documents plaintiff may have will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all DOCUMENTS related to your contention that you "Within the first week of . . . confinement in Ad-Seg . . . filled out and submitted a grievance form objecting to . . . placement in Ad-Seg and the complete denial of due process in the form of notice, a hearing, and/or periodic reviews" as stated in paragraph 30 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty-Seven**:

Objection, the County should already possess the grievance submitted. Without waiving any right of objection whatsoever plaintiff responds as follows: Plaintiff will produce whatever documents are responsive, but plaintiff would refer defendants to his medical records. Discovery in this matter is still ongoing and

Plaintiff's Responses to Request for Production of Documents, Set One

Grizzle v. County of San Diego et al.

Exhibit J

plaintiff reserves the right to correct and/or supplement this response when more information becomes available.

**REQUEST FOR PRODUCTION NO. 28:**

Produce all DOCUMENTS related to your contention that you "requested immediate release from Ad-Seg. . . . on numerous occasions verbally, as well as in writing via inmate requests submitted on at least a weekly basis and addressed to "classification."" as stated in paragraph 30 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty-Eight**:

Objection, vague, ambiguous, duplicative, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Plaintiff will produce whatever responsive documents are in his possession, custody, or control. However, the County should have record of the inmate grievances. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as the information becomes available.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all DOCUMENTS related to your contention that you "also submitted a Second grievance that first week objecting to the chronic sleep deprivation from the program described above, as well as forcing Plaintiff to choose between sleep and Yard Time" as stated in paragraph 32 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty-Nine**:

Objection, vague, ambiguous, duplicative, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

Plaintiff will produce whatever responsive documents are in his possession, custody, or control. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

16

Exhibit J

**REQUEST FOR PRODUCTION NO. 30:**

Produce all DOCUMENTS related to your contention that you "began to verbally protest . . . Ad-Seg Placement, lack of due process, sleep deprivation and denial of Yard Time. . . . to floor deputies, corporals, sergeants, and lieutenants" as stated in paragraph 34 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirty:**

Objection, vague, ambiguous, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

It is unclear how plaintiff was supposed to prove that he began to verbally protest to the various jail employees when the protests were verbal and this question asks to produce any documents evidencing verbal protests. Whatever possible documents plaintiff has that would be responsive will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 31:**

Produce all DOCUMENTS related to your contention that you "On March 30, 2017 . . . submitted three grievances" as stated in paragraph 38 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirty-One:**

Objection, vague, ambiguous, over burdensome, and duplicative. Without waiving any right of objection whatsoever plaintiff responds as follows:

San Diego County should have copies of all three grievances submitted. Whatever responsive documents plaintiff has will be produced. Discovery in this matter is still ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

17

Exhibit J

**REQUEST FOR PRODUCTION NO. 32:**

Produce all DOCUMENTS related to your contention that you submitted a grievance for failure to respond to grievances as stated in paragraph 39 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirty-Two**:

Objection, vague, ambiguous, over burdensome, overbroad, and duplicative. Without waiving any right of objection whatsoever plaintiff responds as follows: Whatever responsive documents plaintiff has will be produced. Boorman's response to plaintiff's letter references the failure of San Diego County deputies to respond adequately to grievances. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 33:**

Produce all DOCUMENTS related to your contention that from April 11, 2017 you "repeatedly ask[ed] every deputy on both shifts until April 14, 2017" to sign your grievance as stated in paragraph 39 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirty-Three**:

Objection, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

Any responsive documents plaintiff has will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 34:**

Produce all DOCUMENTS related to your contention that "Sgt. Boorman's reply to Plaintiff's letter to Sheriff William Gore effectively exhaust[ed] all administrative remedies" as stated in paragraph 40 of the COMPLAINT.

18

Exhibit J

**Plaintiff's Response to Request for Production Number Thirty-Four**:

Objection, vague, ambiguous, over burdensome, overbroad, and duplicative. Without waiving any right of objection whatsoever plaintiff responds as follows: Whatever responsive documents plaintiff has will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all DOCUMENTS related to your contention that you were not offered yard from April 24, 2017 through the end of the period listed in your Complaint as stated in paragraph 41 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirty-Five**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: Whatever responsive documents plaintiff has will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all DOCUMENTS related to your contention that you were placed "in Ad-Seg at the San Diego County Jail without any notice, written or otherwise, as to the reason for [] placement in an indefinite Ad-Seg term, den[ied] . . . a hearing with anyone, including the "critical decision maker," den[ied] . . . any opportunity to rebut the charges, whatever they may be, den[ied] . . . any periodic review of . . . placement and refus[ed] to inform Plaintiff of what, if anything, he could do to obtain release from Ad-Seg" as stated in paragraph 44 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirty-Six**:

Plaintiff's Responses to Request for Production of Documents, Set One

Grizzle v. County of San Diego et al.

Exhibit J

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: Whatever responsive documents plaintiff has will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 37:**

Produce all DOCUMENTS related to your contention that "The County of San Diego maintains an "administrative segregation" policy that allows for placement in administrative segregation without notice, a hearing, an opportunity to rebut the charges, and periodic reviews" as stated in paragraph 45 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirty-Seven**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: Whatever responsive documents plaintiff has will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 38:**

Produce all DOCUMENTS related to your contention that your "fourteenth and eighth amendment rights to sleep" were violated as stated in paragraph 53 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirty-Eight:**

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: Whatever responsive documents plaintiff has will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**Plaintiff's Responses to Request for Production of Documents, Set One**

Grizzle v. County of San Diego et al.

Exhibit J

**REQUEST FOR PRODUCTION NO. 39:**

Produce all DOCUMENTS related to your contention that "sleep deprivation described herein was caused by defendant's program as a policy of San Diego County and its Sheriff William Gore" as stated in paragraph 57 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirty-Nine**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: Whatever responsive documents plaintiff has will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 40:**

Produce all DOCUMENTS related to your contention that your "fourteenth and eighth amendment right to exercise" were violated as stated in paragraph 62 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Forty**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: Whatever responsive documents plaintiff has will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 41:**

Produce all DOCUMENTS related to your contention that "denial of Yard Time was a custom, practice, policy, or long-standing procedure of San Diego County" as stated in paragraph 66 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Forty-One**:

21

Plaintiff's Responses to Request for Production of Documents, Set One

Grizzle v. County of San Diego et al.

Exhibit J

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: Whatever responsive documents plaintiff has will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 42:**

Produce all DOCUMENTS related to your contention that Defendants had "knowledge that Plaintiff was suffering psychological and physical harm from denial of Yard Time" as stated in paragraph 65 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Forty-Two**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: Whatever responsive documents plaintiff has will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 43:**

Produce all DOCUMENTS related to your contention that "Defendants violated [your] fourteenth and eighth amendment rights by forcing [you] to choose between two constitutionally protected rights; the right to sleep and exercise" as stated in paragraph 70 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Forty-Three**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: Whatever responsive documents plaintiff has will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

Plaintiff's Responses to Request for Production of Documents, Set One

Grizzle v. County of San Diego et al.

Exhibit J

**REQUEST FOR PRODUCTION NO. 44:**

Produce all DOCUMENTS related to your contention that "If Plaintiff chose to sleep, he would be deprived of the basic human need of exercise" as stated in paragraph 71 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Forty-Four**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: Whatever responsive documents plaintiff has will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 45:**

Produce all DOCUMENTS related to your contention that "If Plaintiff . . . chose to exercise, he would be deprived of the basic human need of sleep" as stated in paragraph 71 of the COMPLAINT.

**Plaintiff's Response to Request to Production Number Forty-Five**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: Whatever responsive documents plaintiff has will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 46:**

Produce all DOCUMENTS related to your contention that "County of San Diego through its Sheriff William Gore maintained this policy, custom, or practice" of forcing Plaintiff to choose between sleep and exercise as stated in paragraph 75 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Forty-Six**:

Exhibit J

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: Whatever responsive documents plaintiff has will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 47:**

Produce all DOCUMENTS related to your contention that Defendant Lovelace acted "with deliberate indifference to obvious known risks and consequences" during the INCIDENT as stated in paragraph 11 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Forty-Seven**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: Whatever responsive documents plaintiff has will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 48:**

Produce all DOCUMENTS related to your contention that Defendant Boorman acted "with deliberate indifference to obvious known risks and consequences" during the INCIDENT as stated in paragraph 11 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Forty-Eight**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: Whatever responsive documents plaintiff has will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

*////*

Plaintiff's Responses to Request for Production of Documents, Set One

Grizzle v. County of San Diego et al.

Exhibit J

1  Dated this January 23, 2021

2

3                                                    __/s/Kevin Macnamara_____

                                                     Kevin Macnamara, Esq.

4                                                    Attorney for

5                                                    Elliott Scott Grizzle

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                    25

28

**Plaintiff's Responses to Request for Production of Documents, Set One**

Grizzle v. County of San Diego et al.

Exhibit J

## VERIFICATION

I, Elliott Scott Grizzle, am the plaintiff in the above-entitled action, and I have reviewed the foregoing responses and know them to be true based upon my own personal knowledge or information that I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this ⟨18⟩ day of ⟨feb⟩ 2020, at ⟨Jamestown⟩, California.


_____
Elliott Scott Grizzle

26

**Plaintiff's Responses to Request for Production of Documents, Set One**

Grizzle v. County of San Diego et al.

Exhibit J

EXHIBIT "K"



Kevin Macnamara, Esq. (SBN # 279691)
kevin.macnamara.esq@gmail.com
Law Office of Kevin Macnamara
5281 Pembury Drive
La Palma CA 90623
Tel: (714) 858-1109
Fax: (866) 506-3448
Attorney for Plaintiff: Elliott Scott Grizzle

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Elliott Scott Grizzle,                      )   Case No.: 3:17-cv-00813-JLS-RBM
                                            )
                    Plaintiff,              )
                                            )   PLAINTIFF'S RESPONSES TO
          vs.                               )   REQUEST FOR PRODUCTION OF
                                            )   DOCUMENTS, SET ONE
County of San Diego et al.                  )   SUPPLEMENT A
                                            )
                    Defendant               )
_____            )

REQUESTING PARTY: DEFENDANT COUNTY OF SAN DIEGO
RESPONDING PARTY: PLAINTIFF ELLIOTT SCOTT GRIZZLE
SET NUMBER: ONE
          Pursuant to Federal Rules of Civil Procedure, Rule 34, Plaintiff Elliott Scott
Grizzle ("Plaintiff") responds to Defendant County of San Diego ("Defendant")
First Request for Production of Documents (Set One) as follows:

**<u>INTRODUCTORY STATEMENT</u>**

          Plaintiff's responses are made in the spirit of discovery, but without waiving

any right of objection to the admissibility of the responses contained herein, and

without waiving the right to object to the discoverability of the responses indicated

herein. Plaintiff further reserves the right to supplement these responses as further

**Plaintiff's Responses to Request for Production of Documents, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit K

investigation and discovery reveal different and/or additional facts, information, knowledge, documents or other tangible items.

## **PRELIMINARY STATEMENT**

These responses are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, admissibility) which would require exclusion of any statement contained herein if these requests were asked of, or any statements contained herein were made by, a witness present and testifying in court. All such objections and grounds are therefore reserved and may be interposed at the time of trial or any other comparable proceeding.

The party on whose behalf these responses are given has not yet completed his or her discovery and investigation of the facts relating to this action and has not yet completed preparation for the trial of this action. Thus, the following responses are based on information presently known and available to the responding party and should not be construed as prejudicing, infringing, or waiving the responding party's right to produce all evidence, whenever discovered, relating to proof of facts subsequently discovered to be material. Except for facts explicitly admitted herein, no incidental or implied admission of any nature whatsoever is intended thereby. The fact that any request herein has been answered should not be taken as an admission, acceptance, or concession of the existence of any facts thus set forth or assumed. All questions, which assume facts, are provided without waiving such objections. The fact that the parties on whose behalf these responses are given have answered part or all of the requests is not intended and should not be construed as a waiver by the responding party of all or any objection to the request for admission.

////

2

**Plaintiff's Responses to Request for Production of Documents, Set One Supplement A**

Grizzle v. County of San Diego et al.

Exhibit K

## GENERAL OBJECTIONS

Plaintiff incorporates the following General Objections into each and every specific response and objection set forth below. Plaintiff objects to these requests on the ground that discovery and investigations in this matter are ongoing and that Plaintiff does not currently have in his possession, custody or control all facts or information necessary to answer each and every request for production of documents propounded. Plaintiff further objects to each and every request propounded by Defendant: (1) insofar as it seeks an admission of a fact or genuineness of documents or other tangible items not in this responding party's possession, custody or control and (2) insofar as it seeks information or documents that were prepared for or in anticipation of litigation, constitute attorneys' work product, contain or pertain to attorney/client communications, or are otherwise privileged.

## REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS, including photographs or videotapes showing YOUR injuries or limitations from the INCIDENT.

## Plaintiff's Response to Request for Production Number One:

Objection, overbroad and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. San Diego County has the exclusive right to possession, custody, and control of the videotape system from the San Diego County Jail and plaintiff is unsure if there are any photographs that exist depicting his injuries or limitations from the incident. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as new information becomes available.

3

Exhibit K

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS showing all medications YOU have been prescribed for the past five years.

**Plaintiff's Response to Request for Production Number Two**:

Objection, HIPAA, unwarranted invasion of privacy, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Please see my San Diego County Jail and CDCR medical records for the medications I've been prescribed for the past 5 years. Discovery is ongoing in this matter and plaintiff reserves the right to correct and/or supplement this response when the information becomes available.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS showing all medical treatment you have received from the five years prior to the incident to the present. (If you do not possess these documents you may instead respond by signing the attached authorization and providing the names of you medical providers).

**Plaintiff's Response to Request for Production Number Three**:

Objection, HIPAA, unwarranted invasion of privacy, and overbroad. Without waiving any right of objection plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Please see my San Diego County Jail and CDCR medical records. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response when more information becomes available.

////

Plaintiff's Responses to Request for Production of Documents, Set One Supplement A

Grizzle v. County of San Diego et al.

Exhibit K

**REQUEST FOR PRODUCTION NO. 4:**

All medical records relating to YOUR treatment that YOU attribute to the INCIDENT.

**Plaintiff's Response to Request for Production Number Four**:

Objection, HIPAA, unwarranted invasion of privacy, vague, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Please see my medical records. The medical records available should be from the San Diego County Jail and the California Department of Corrections and rehabilitation.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS showing YOUR medical expenses or treatment from the INCIDENT.

**Plaintiff's Response to Request for Production Number Five**:

Objection, vague, ambiguous, HIPAA, unwarranted invasion of privacy, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Please see my medical records. This should be medical records from the San Diego County Jail and medical records from the California Department of corrections and Rehabilitation.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS showing YOUR psychological or emotional distress from the INCIDENT.

Plaintiff's Responses to Request for Production of Documents, Set One Supplement A
Grizzle v. County of San Diego et al.

Exhibit K

**Plaintiff's Response to Request for Production Number Six:**

Objection, vague, ambiguous, calls for legal conclusion, over burdensome, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. The records from the San Diego County Jail and the California Department of Corrections and rehabilitation should have some references to my psychological and emotional distress from the incident. There are various references in the grievances I wrote to my psychological and emotional distress and it is referenced in my letter to Sheriff Gore which was responded to by Sgt. Aaron Boorman. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS showing any expenses incurred by YOU as a result of the INCIDENT.

**Plaintiff's Response to Request for Production Number Seven**:

Objection, vague, ambiguous, over burdensome, and unintelligible. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Plaintiff does not have an exact tabulation of costs incurred, but responsive documents will be produced as they become available. Discovery in this matter is still ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

////

**Plaintiff's Responses to Request for Production of Documents, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit K

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS referenced in your Rule 26 Disclosures (including your October 22, 2020 initial disclosures).

**Plaintiff's Response to Request for Production Number Eight**:

Objection, vague, ambiguous, over burdensome, duplicative, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is still ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS or other evidentiary material on which your Computation of Damages in the amount of $272,300 (referenced in your October 22, 2020 initial disclosures) is based, including materials bearing on the nature and extent of injuries suffered.

**Plaintiff's Response to Request for Production Number Nine**:

Objection, vague, ambiguous, calls for legal conclusion, and work product. Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. California provides for $100 per day for wrongly convicted persons and, as a pretrial detainee, the calculation of damages was based on the number of days plaintiff was confined as a pretrial detainee multiplied by $100 per day. The calculation is a rough estimate. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as the information becomes available.

7

Plaintiff's Responses to Request for Production of Documents, Set One Supplement A

Grizzle v. County of San Diego et al.

Exhibit K

**REQUEST FOR PRODUCTION NO. 10:**

All grievances that you have submitted to the San Diego County Jail or its staff regarding any of the events mentioned in your COMPLAINT.

**Plaintiff's Response to Request for Production Number Ten:**

Objection, over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Plaintiff has some copies of grievances submitted, but the County should have copies of all grievances submitted. Hence, responsive documents will be produced however, the County already has copies of all grievances plaintiff filed or they should if they do not already. Discovery in this matter is ongoing and this response will be corrected and/or supplemented as more information becomes available.

**REQUEST FOR PRODUCTION NO. 11:**

All inmate requests that you have submitted to the San Diego County Jail or its staff regarding any of the events mentioned in your COMPLAINT.

**Plaintiff's Response to Request for Production Number Eleven:**

Objection, vague, ambiguous, over burdensome, overbroad, and the County should have copies already. Without waiving any right of objection whatsoever the plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. The inmate request forms were submitted to the County and are within the county's exclusive possession, custody, and control. Plaintiff cannot be expected to turn over documents, which are maintained by the County of San Diego. Discovery

8

---

**Plaintiff's Responses to Request for Production of Documents, Set One Supplement A**

Grizzle v. County of San Diego et al.

in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 12:**

All correspondence that you submitted to the San Diego County Jail or its staff regarding any of the events mentioned in your COMPLAINT.

**Plaintiff's Response to Request for Production Number Twelve**:

Objection, vague, ambiguous, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Plaintiff does not have possession, custody, and control of all correspondence submitted to the San Diego County Jail or its staff regarding the events mentioned in the complaint. Whatever documents plaintiff may have that can be construed as submitted correspondence to the San Diego County Jail or its staff regarding events in the complaint will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response when more information becomes available.

**REQUEST FOR PRODUCTION NO. 13:**

All appeals that you submitted to the San Diego County Jail or its staff regarding any of the events mentioned in your COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirteen**:

Objection, over burdensome. Without waiving any right of objection plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing.

Plaintiff's Responses to Request for Production of Documents, Set One Supplement A
Grizzle v. County of San Diego et al.

Exhibit K

San Diego County would be the entity maintaining any appeals for grievances submitted. Plaintiff will produce whatever responsive documents that may constitute a copy of an appeal. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that you contend evince or show that you attempted to submit grievances or appeals regarding the INCIDENT to the San Diego County Jail or its staff.

**Plaintiff's Response to Request for Production Number Fourteen:**

Objection, over burdensome. Plaintiff cannot be expected to keep all documents that show he attempted to submit a grievance or appeal. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. San Diego County maintains all of the records for grievances and appeals at the jail and it is their duty to maintain those records. Discovery in this matter is ongoing plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all DOCUMENTS related to your contention that you were a "pretrial detainee" during the events in the COMPLAINT as stated in paragraph 3 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Fifteen:**

Objection, calls for a legal conclusion, vague, ambiguous, overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

10

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Court documents will show that at all times during the relevant time of plaintiff's confinement at the San Diego County Jail he had not been convicted of any crime that he was being housed for trial upon. Whatever responsive documents plaintiff as will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response when more information becomes available.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all DOCUMENTS related to your contention "Boorman knew that the Ad-Seg routine resulted in the deprivation of at least one basic human need of every inmate in Ad-Seg" as stated in paragraph 8 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Sixteen:**

Objection, vague, ambiguous, and unintelligible. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Boorman's response letter states that the administrative segregation unit routine, as stated in plaintiff's letter to Sheriff Gore, was correct. It states that plaintiff is forced to choose between sleep and exercise. This put Boorman on notice that the 1:30 AM to 3:30 AM time for exercise because an unavoidable conflict between two basic human needs. Whatever documents plaintiff has will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more cremation becomes available.

////

////

11

**Plaintiff's Responses to Request for Production of Documents, Set One Supplement A**

Grizzle v. County of San Diego et al.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all DOCUMENTS related to your contention you were never "served a copy of the segregated housing order" as stated in paragraph 9 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Seventeen**:

Objection, this is within the county's exclusive possession, custody, and control. Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response when more information becomes available.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all DOCUMENTS related to your contention that "Defendant Lovelace was aware of the constitutionally deficient Ad-Seg program at the San Diego County Central Jail" as stated in paragraph 9 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Eighteen**:

Objection, vague, ambiguous, unintelligible. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response when more information becomes available. However plaintiff does not know how he is supposed to produce unreceived documents.

////

////

////

**Plaintiff's Responses to Request for Production of Documents, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit K

**REQUEST FOR PRODUCTION NO. 19:**

Produce all DOCUMENTS related to your contention that Defendant Lovelace "failed to provide Plaintiff adequate due process" as stated in paragraph 9 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Nineteen**:

Objection, calls for a legal conclusion. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. If Lovelace was the deputy that classified plaintiff then Lovelace had knowledge that plaintiff wasn't given proper hearing in order to be classified properly, there was a denial of periodic reviews, as well as many other factors. Any responsive documents that plaintiff has will be produced. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response when more information becomes available.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all DOCUMENTS related to your contention that Defendant Lovelace failed "to provide a reason for Ad-Seg classification" as stated in paragraph 9 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty**:

Objection, vague, ambiguous, overbroad, burdensome, and redundant. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Plaintiff cannot produce a copy of the segregation order because he was not given one and plaintiff was not told the reason he was being placed in administrative

**Plaintiff's Responses to Request for Production of Documents, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit K

segregation. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all DOCUMENTS related to your contention that you "received no response" to your "August 4, 2016 . . . inmate grievance" as stated in paragraph 20 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty-One**:

Objection, how is plaintiff's supposed to prove that he got no response. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Plaintiff will produce whatever documents he has, but this should be something on file with the county. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all DOCUMENTS related to your contention that "Plaintiff immediately began having trouble sleeping" after placement in the Ad Seg unit on August 3, 2016 as stated in paragraph 21 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty-Two**:

Objection, vague, ambiguous, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. It is unclear what documents would prove that a person has trouble sleeping.

Plaintiff's Responses to Request for Production of Documents, Set One Supplement A
Grizzle v. County of San Diego et al.

Exhibit K

Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all DOCUMENTS related to your contention that "Plaintiff actually did not have a period of longer than one hour for uninterrupted sleep" during the period at issue in the COMPLAINT as stated in paragraph 26 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty-Three**:

Objection, vague, ambiguous, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Deputies at the San Diego County Jail would conduct hourly safety walks and their keys would rattle and they would check on the inmate through the slot door, which caused an awakening sound. Discovery in this matter is still ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all DOCUMENTS related to your contention that "mentally ill inmates . . . constantly screamed, yelled, loudly beat and banged on the cell doors, toilets, and metal bunk beds" during the period at issue in the COMPLAINT as stated in paragraph 27 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty-Four**:

Objection, this information would be within the county's exclusive possession, custody, and control. Without waiving any right of objection whatsoever plaintiff responds as follows:

**Plaintiff's Responses to Request for Production of Documents, Set One Supplement A**
Grizzle v. County of San Diego et al.

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Plaintiff is unclear what documents which show that the mentally ill inmates constantly screamed, yelled, loudly beat and banged on the cell doors, toilets, and metal bunkbeds, however the county may have write ups for individuals that were caught disturbing the peace. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 25:**

Produce all DOCUMENTS related to your contention that you "pleaded with each floor Deputy to intervene, but all refused to do so, despite the obvious harm it was causing Plaintiff" as stated in paragraph 28 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty-Five:**

Objection, vague, ambiguous, and document speak for themselves. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Plaintiff's grievances and Boorman's response are the best evidence presently available. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all DOCUMENTS related to your contention that you "immediately began experiencing headaches, muscle aches, and an inability to focus and think clearly, feeling high levels of stress and anxiety, eye pain, high blood pressure, lowered immune system functioning causing Plaintiff to get sick, suffer severe lethargy and fatigue, infections, impaired motor and cognitive functions, as well as a number of

16

**Plaintiff's Responses to Request for Production of Documents, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit K

other physical and psychological injuries" as stated in paragraph 29 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty-Six**:

Objection, vague, ambiguous, calls for professional opinion, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response when more information becomes available.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all DOCUMENTS related to your contention that you "Within the first week of . . . confinement in Ad-Seg . . . filled out and submitted a grievance form objecting to . . . placement in Ad-Seg and the complete denial of due process in the form of notice, a hearing, and/or periodic reviews" as stated in paragraph 30 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty-Seven**:

Objection, the County should already possess the grievance submitted. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Plaintiff would refer defendants to his medical records. Discovery in this matter is still ongoing and plaintiff reserves the right to correct and/or supplement this response when more information becomes available.

**REQUEST FOR PRODUCTION NO. 28:**

Produce all DOCUMENTS related to your contention that you "requested immediate release from Ad-Seg. . . . on numerous occasions verbally, as well as in

17

Exhibit K

writing via inmate requests submitted on at least a weekly basis and addressed to "classification."" as stated in paragraph 30 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty-Eight**:

Objection, vague, ambiguous, duplicative, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. However, the County should have record of the inmate grievances. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as the information becomes available.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all DOCUMENTS related to your contention that you "also submitted a Second grievance that first week objecting to the chronic sleep deprivation from the program described above, as well as forcing Plaintiff to choose between sleep and Yard Time" as stated in paragraph 32 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Twenty-Nine**:

Objection, vague, ambiguous, duplicative, and overbroad. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all DOCUMENTS related to your contention that you "began to verbally protest . . . Ad-Seg Placement, lack of due process, sleep deprivation and denial of

18

Exhibit K

Yard Time. . . . to floor deputies, corporals, sergeants, and lieutenants" as stated in paragraph 34 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirty**:

Objection, vague, ambiguous, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. It is unclear how plaintiff was supposed to prove that he began to verbally protest to the various jail employees when the protests were verbal and this question asks to produce any documents evidencing verbal protests. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 31:**

Produce all DOCUMENTS related to your contention that you "On March 30, 2017 . . . submitted three grievances" as stated in paragraph 38 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirty-One**:

Objection, vague, ambiguous, over burdensome, and duplicative. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. San Diego County should have copies of all three grievances submitted. Discovery in this matter is still ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

////

////

19

**Plaintiff's Responses to Request for Production of Documents, Set One Supplement A**

Grizzle v. County of San Diego et al.

Exhibit K

**REQUEST FOR PRODUCTION NO. 32:**

Produce all DOCUMENTS related to your contention that you submitted a grievance for failure to respond to grievances as stated in paragraph 39 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirty-Two**:

Objection, vague, ambiguous, over burdensome, overbroad, and duplicative. Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Boorman's response to plaintiff's letter references the failure of San Diego County deputies to respond adequately to grievances. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 33:**

Produce all DOCUMENTS related to your contention that from April 11, 2017 you "repeatedly ask[ed] every deputy on both shifts until April 14, 2017" to sign your grievance as stated in paragraph 39 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirty-Three**:

Objection, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

////

////

20

**Plaintiff's Responses to Request for Production of Documents, Set One Supplement A**
Grizzle v. County of San Diego et al.

**REQUEST FOR PRODUCTION NO. 34:**

Produce all DOCUMENTS related to your contention that "Sgt. Boorman's reply to Plaintiff's letter to Sheriff William Gore effectively exhaust[ed] all administrative remedies" as stated in paragraph 40 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirty-Four**:

Objection, vague, ambiguous, over burdensome, overbroad, and duplicative. Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all DOCUMENTS related to your contention that you were not offered yard from April 24, 2017 through the end of the period listed in your Complaint as stated in paragraph 41 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirty-Five**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all DOCUMENTS related to your contention that you were placed "in Ad-Seg at the San Diego County Jail without any notice, written or otherwise, as to the reason for [] placement in an indefinite Ad-Seg term, den[ied] . . . a hearing with

21

Exhibit K

anyone, including the "critical decision maker," den[ied] . . . any opportunity to rebut the charges, whatever they may be, den[ied] . . . any periodic review of . . . placement and refus[ed] to inform Plaintiff of what, if anything, he could do to obtain release from Ad-Seg" as stated in paragraph 44 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirty-Six:**

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 37:**

Produce all DOCUMENTS related to your contention that "The County of San Diego maintains an "administrative segregation" policy that allows for placement in administrative segregation without notice, a hearing, an opportunity to rebut the charges, and periodic reviews" as stated in paragraph 45 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirty-Seven:**

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

////

////

////

**Plaintiff's Responses to Request for Production of Documents, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit K

**REQUEST FOR PRODUCTION NO. 38:**

Produce all DOCUMENTS related to your contention that your "fourteenth and eighth amendment rights to sleep" were violated as stated in paragraph 53 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirty-Eight:**

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 39:**

Produce all DOCUMENTS related to your contention that "sleep deprivation described herein was caused by defendant's program as a policy of San Diego County and its Sheriff William Gore" as stated in paragraph 57 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Thirty-Nine:**

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

////

////

////

**Plaintiff's Responses to Request for Production of Documents, Set One Supplement A**
Grizzle v. County of San Diego et al.

Exhibit K

**REQUEST FOR PRODUCTION NO. 40:**

Produce all DOCUMENTS related to your contention that your "fourteenth and eighth amendment right to exercise" were violated as stated in paragraph 62 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Forty**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 41:**

Produce all DOCUMENTS related to your contention that "denial of Yard Time was a custom, practice, policy, or long-standing procedure of San Diego County" as stated in paragraph 66 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Forty-One**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 42:**

Produce all DOCUMENTS related to your contention that Defendants had "knowledge that Plaintiff was suffering psychological and physical harm from denial of Yard Time" as stated in paragraph 65 of the COMPLAINT.

24

Plaintiff's Responses to Request for Production of Documents, Set One Supplement A
Grizzle v. County of San Diego et al.

Exhibit K

**Plaintiff's Response to Request for Production Number Forty-Two**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 43:**

Produce all DOCUMENTS related to your contention that "Defendants violated [your] fourteenth and eighth amendment rights by forcing [you] to choose between two constitutionally protected rights; the right to sleep and exercise" as stated in paragraph 70 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Forty-Three**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 44:**

Produce all DOCUMENTS related to your contention that "If Plaintiff chose to sleep, he would be deprived of the basic human need of exercise" as stated in paragraph 71 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Forty-Four**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows:

25

Exhibit K

After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 45:**

Produce all DOCUMENTS related to your contention that "If Plaintiff . . . chose to exercise, he would be deprived of the basic human need of sleep" as stated in paragraph 71 of the COMPLAINT.

**Plaintiff's Response to Request to Production Number Forty-Five**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome.

Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 46:**

Produce all DOCUMENTS related to your contention that "County of San Diego through its Sheriff William Gore maintained this policy, custom, or practice" of forcing Plaintiff to choose between sleep and exercise as stated in paragraph 75 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Forty-Six**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome.

Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing.

Plaintiff's Responses to Request for Production of Documents, Set One Supplement A

Grizzle v. County of San Diego et al.

Exhibit K

Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 47:**

Produce all DOCUMENTS related to your contention that Defendant Lovelace acted "with deliberate indifference to obvious known risks and consequences" during the INCIDENT as stated in paragraph 11 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Forty-Seven**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 48:**

Produce all DOCUMENTS related to your contention that Defendant Boorman acted "with deliberate indifference to obvious known risks and consequences" during the INCIDENT as stated in paragraph 11 of the COMPLAINT.

**Plaintiff's Response to Request for Production Number Forty-Eight**:

Objection, vague, ambiguous, duplicative, overbroad, and over burdensome. Without waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all unobjectionable documents currently in his possession, custody, or control with objections as stated in writing. Discovery in this matter is ongoing and plaintiff reserves the right to correct and/or supplement this response as more information becomes available.

////

////

27

**Plaintiff's Responses to Request for Production of Documents, Set One Supplement A**

Grizzle v. County of San Diego et al.

Exhibit K

Dated this March 8, 2021

                             __/s/Kevin Macnamara_____

                             Kevin Macnamara, Esq.

                             Attorney for

                             Elliott Scott Grizzle

## **VERIFICATION**

I, Elliott Scott Grizzle, am the plaintiff in the above-entitled action, and I have reviewed the foregoing responses and know them to be true based upon my own personal knowledge or information that I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this _____ day of _____ 2021, at_____, California.


_____

Elliott Scott Grizzle

**Plaintiff's Responses to Request for Production of Documents, Set One Supplement A**

Grizzle v. County of San Diego et al.

Exhibit K