UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT SCOTT GRIZZLE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 17-cv-00813-JLS-RBM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY**<br><br>**[Doc. 137]** |

## I. INTRODUCTION

On September 27, 2019, Plaintiff Elliot Scott Grizzle ("Plaintiff"), through his counsel, filed a Third Amended Complaint ("TAC") pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Doc. 110.) Plaintiff asserts claims against the County of San Diego ("County"), Sheriff William Gore ("Sheriff Gore"), Lieutenant Lena Lovelace ("Lieutenant Lovelace"), and Aaron Boorman ("Sergeant Boorman") (collectively "Defendants").[1] (*Id.*)

On April 14, 2021, Defendants filed a Motion to Compel ("MTC") further responses to written discovery, wherein they seek to have their Requests for Admission ("RFA"), Set

---

[1] On August 17, 2020, the Court dismissed all causes of action against Defendant Eric Froistad without prejudice. (*See* Doc. 120 at 9.)

1

One, be deemed admitted and seek to compel further responses to their Interrogatories, Set One, and Requests for Production ("RFP"), Set One. In addition, Defendants request that the Court award reasonable expenses in the amount of $1,442.10 for recovery of attorney's fees incurred in bringing this motion. (Doc. 137-1 at 2.) Plaintiff filed an Opposition to the MTC ("Opposition") on April 28, 2021. (Doc. 139.) Defendants filed a Reply on May 5, 2021. (Doc. 140.)

For the reasons outlined below, Defendants' MTC is **GRANTED IN PART** and **DENIED IN PART**.

## II.    FACTUAL & PROCEDURAL BACKGROUND

### A.    Surviving Causes of Action in TAC

The claims in this case are based on Plaintiff's placement in Administrative Segregation ("Ad-Seg") between August 3, 2016 through August 27, 2017 at the San Diego Central Jail ("SDCJ") while he was a pretrial detainee. (Doc. 110.) This case had a lengthy initial pleading stage which ultimately concluded after the Court issued a ruling on Defendants' motion to dismiss and strike portions of the TAC. (Docs. 111, 116, 120.) The TAC's surviving causes of action are as follows: the first cause of action alleges Fourteenth Amendment due process violations against the County and Lieutenant Lovelace as to Plaintiff's Ad-Seg placement while housed at SDCJ; the second, third, and fourth causes of action allege Fourteenth and Eighth Amendment violations against all Defendants with regard to sleep deprivation, prevention from exercising and being forced to choose between sleep and exercise. (Doc. 110 at ¶¶ 43-76; *see also* Docs. 116, 120.) Although the Court dismissed Plaintiff's requests for injunctive and declaratory relief, the TAC seeks recovery of compensatory and punitive damages, costs, and fees. (Doc. 110 at 22; *see also* Docs. 116, 120.)

### B.    Instant Motion

The instant MTC is based on Plaintiff's alleged failure to provide complete responses to Defendants' first set of written discovery requests originally served on November 24, 2020, including RFAs, Interrogatories, and RFPs. (Docs. 137-1 at 3; Doc.

137-2, Defs.' Ex. A at 9, Defs.' Ex. E at 40, Defs.' Ex. I at 101.) After extensive meet and confer efforts via telephone and email, three sets of supplemental responses served by Plaintiff,[2] and an informal telephonic discovery conference with the undersigned,[3] Defendants filed the instant motion on April 14, 2021 at 3:57pm. (Doc. 137.) Hours later, on April 14, 2021 at 10:25pm, Plaintiff served final verified supplemental responses to Defendants via email. (Doc. 139 at 1, Pl.'s Ex. A at 4, Pl.'s Ex. C at 9–60.) Despite Plaintiff's April 14, 2021 supplemental responses, Defendants contend Plaintiff's responses to Interrogatories and RFPs remain deficient. (Doc. 140.)

### III. LEGAL STANDARD

A party is entitled to seek discovery of any non-privileged matter that is relevant to his claims and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). "The party seeking to compel discovery has the burden of establishing that his request satisfies the relevancy requirements of Rule 26(b)(1)." *Bryant v. Ochoa*, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995)). District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

---

[2] Plaintiff provided "preliminary" unverified responses to the RFAs, Interrogatories, and RFPs on January 23, 2021, and later produced verification pages on February 25, 2021. (Doc. 137-1 at 3; Doc. 137-2, Defs.' Ex. B at 11–17, Defs.' Ex. F at 42–54, Defs.' Ex. J at 103–128.) On March 8, 2021, Plaintiff served unverified supplemental responses to the foregoing discovery. (Doc. 137-2 at Defs.' Ex. D at 19–25, Defs.' Ex. G at 55–71.) After an informal discovery conference with the undersigned's chambers on March 10, 2021, Plaintiff served another set of unverified supplemental responses to the RFAs, Interrogatories, and RFPs. (Doc. 137-2 at 2, ¶ 8; *see also* Defs.' Ex. E at 27–32, Defs.' Ex. H at 73–90, Defs.' Ex. K at 130–157.)

[3] On March 10, 2021, the parties contacted the undersigned's chambers for an informal discovery conference. (Doc. 133.) The Court set a telephonic discovery conference for March 16, 2021. (Doc. 136.) At the conference, the parties stipulated to Plaintiff's production of verified responses to the RFAs and Interrogatories and amended responses to the RFPs on or before April 2, 2021. (Doc. 136.) Plaintiff did not timely serve verified and amended discovery per the parties' stipulation. (Doc. 137-2 at 3, ¶ 11.) Plaintiff's counsel alleges he timely notified Defendants' counsel of the delay in production, which he contends was caused by mail delays. (Doc. 139 at 1.)

"Thereafter, the party opposing discovery has the burden of showing that discovery should be prohibited, and the burden of clarifying, explaining[,] or supporting its objections." *Bryant*, 2009 WL 1390794, at *1 (citing *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. Aug. 14, 2002)). District courts have broad discretion to limit discovery, where the discovery sought, is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C).

## IV.  DISCUSSION

### A.  Meet & Confer Efforts

Pursuant to Civil Local Rule 26.1(a), the Court will not entertain a motion to compel made under Federal Rules of Civil Procedure 26–37 unless the parties have previously met and conferred concerning all discovery disputes. CivLR 26.1(a). As outlined above, the parties extensively met and conferred and attempted to resolve their discovery dispute at an informal discovery conference before the undersigned. *See supra*, pp. 2–3. As such, the MTC will be considered on the merits.

### B.  Plaintiff's Responses to RFAs, Set One

The opening brief of Defendant's MTC requested that the Court deem RFA Nos. 1–5 admitted based upon Plaintiff's failure to provide unqualified admissions or denials. (Doc. 137-1 at 4–8.) However, Defendants' Reply stipulates that "the issues involving . . . [RFA Nos. 1–5] [are] resolved." (Doc. 140 at 2.) Therefore, Defendants' request to deem RFA Nos. 1–5 admitted is **DENIED AS MOOT**.

### C.  Plaintiff's Responses to Interrogatories, Set One

As to the Interrogatories served on November 24, 2020 (Doc. 137-2, Defs.' Ex. E at 34–40), Defendants contend Plaintiff failed to fully respond to Interrogatory Nos. 1–6, 8–9, 11–12, 14–15, 17–18, 20–21, and 23–24, despite Plaintiff's verified supplemental responses dated April 2, 2021 and served via email on April 14, 2021 (Doc. 139, Pl. Ex. C at 43–60). (Doc. 137-1 at 8; Doc. 140 at 2.) Plaintiff's Opposition does not respond to the discovery deficiencies raised by Defendants, nor does he reassert any objections to the

underlying Interrogatories. (Doc. 139.) Rather, Plaintiff contends the MTC is moot because he served supplemental responses where necessary. (*Id.* at 2.)

Rule 33 of the Federal Rules of Civil Procedure governs interrogatory practice. FED. R. CIV. P. 33. As to an interrogatory's scope, it "may relate to any matter that may be inquired into under Rule 26(b)." FED. R. CIV. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." FED. R. CIV. P. 33(b).

When considering motions to compel, courts in this district "generally consider[] only those objections that have been timely asserted in the initial response to the discovery request and that are subsequently reasserted and relied upon in response to the motion to compel." *See SolarCity Corp. v. Doria*, No. 16cv3085, 2018 WL 467898, at *3 (S.D. Cal. Jan. 18, 2018); *Sherwin-Williams Co. v. Earl Scheib of Cal., Inc.*, No. 12cv2646-JAH-JMA, 2013 WL 12073836, at *2 n.1 (S.D. Cal. Mar. 4, 2013) (deeming objections raised in response to discovery request but not raised in discovery motion as moot or waived).

Since Plaintiff did not reassert any objections to any Interrogatory in his Opposition to the MTC, these objections are deemed waived. As such, the Court will only analyze the completeness of each Interrogatory response. *See* FED. R. CIV. P. 33(b).

*i.  Interrogatory Nos. 1, 2, 3, 4, and 6*

Defendants raise several issues with Plaintiff's responses to Interrogatory Nos. 1, 2, 3, 4, and 6. (Doc. 137-1 at 9.) Defendants contend the responses improperly refer to records, some of which the County does not possess which makes it impossible to extract information from the referenced records. (*Id.*) Plaintiff's verified responses to these Interrogatories dated April 2, 2021 solely refer to medical records from SDJC and the California Department of Corrections and Rehabilitation ("CDCR"). (Doc. 139, Pl.'s Ex. C at 45–50.) However, in reviewing Plaintiff's response to RFP No. 3 (i.e., requesting all documents for medical treatment Plaintiff received from five years prior to the incident to present), Plaintiff produced these referenced records to Defendants. (Doc. 139, Pl.'s Ex.

1  C at 18.) Therefore, Defendants' argument as to the lack of access to the referenced records
2  is not well-taken.
3      For Interrogatory Nos. 1–3, Defendants ask Plaintiff to "describe any physical,
4  emotional, or mental condition" Plaintiff experienced before and after the incident. (Doc.
5  137-2, Defs.' Ex. E at 35.) Plaintiff provided detailed, responsive information as to his
6  conditions and he alleges the symptoms subsided "once Plaintiff left the custody of the
7  [SDCJ]." (Doc. 139, Pl.'s Ex. C at 45–47.) For these reasons, Defendants' MTC as to
8  Interrogatory Nos. 1–3 is **DENIED**.
9      In Interrogatory No. 4, Defendants ask Plaintiff to "identify all health care or mental
10 health providers YOU received treatment from for injuries YOU attribute to this
11 INCIDENT." (Doc. 137-2, Defs.' Ex. E at 36.) Instead of identifying any specific
12 providers, Plaintiff referred to his SDCJ and CDCR medical records, which were
13 concurrently produced in response to RFP No. 3. (Doc. 139, Pl.'s Ex. C at 18.) Rule 33(d)
14 provides that if an answer may be ascertained from a party's business records, and if the
15 burden of ascertaining the answer will be substantially the same for either party, the
16 responding party may answer by specifying the records to be reviewed or giving the
17 interrogating party a reasonable opportunity to examine the records. But even when Rule
18 33(d) may be utilized, the responding party must specify the records that must be reviewed
19 "in sufficient detail to enable the interrogating party to locate and identify them as readily
20 as the responding party could[.]" *See* FED. R. CIV. P. 33(d)(1). While Defendants are
21 already in possession of Plaintiff's medical records from SDCJ and CDCR, Plaintiff's
22 response is deficient because it solely refers to medical records without providing any detail
23 for purposes of enabling Defendants to ascertain the treatment Plaintiff obtained *for which*
24 *he attributes to the claims at issue. See* FED. R. CIV. P. 33(d)(1); *see also Vaught v. Clark*,
25 No. 2:09-cv-3422 MCE CKD P, 2012 WL 5381518, at *3 (E.D. Cal. Oct. 31, 2012)
26 (granting motion to compel answer to interrogatory seeking contact information of
27 providers when pro se prisoner's responses solely referred to medical records); *McClellan*
28 *v. Kern Cnty. Sheriff's Office*, No. 1:10-cv-0386-LJO-MJS (PC), 2015 WL 4598871, at *5

(E.D. Cal. July 28, 2015) (granting motion to compel response to interrogatory requesting identification of health care providers that treated pro se prisoner while at CDCR and Kern County Sheriff's Department); *Shorter v. Baca*, No. CV 12-7337-JVS-AGR, 2013 WL 12133826, at *3 (C.D. Cal. Nov. 1, 2013) (compelling plaintiff to disclose witnesses she may use to support her claims). For these reasons, Defendants' MTC as to Interrogatory No. 4 is **GRANTED**.

In Interrogatory No. 6, Defendants ask Plaintiff to "identify any and all health care providers, including mental health and substance abuse providers that have treated [him] in the last ten years." (Doc. 137-2, Defs.' Ex. E at 36.) After again referring to SDCJ and CDCR records, Plaintiff responds he was "treated by various San Diego County doctors, nurses, nurse practitioners, psychiatrists, psychologists, and other health care professionals" including CDCR and jail staff. (Doc. 139, Pl.'s Ex. C at 49–50.) The Interrogatory is not limited to Plaintiff's time as a pretrial detainee (i.e., from August 3, 2016 and August 27, 2017)—it seeks identification of all providers from 2011 through 2021. (Doc. 137-2, Defs.' Ex. E at 36.) Because Plaintiff is claiming physical, mental, and emotional injuries as a result of his confinement, the requested information is relevant and necessary for Defendants to prepare their defense. (*See* Doc. 110 at 10, ¶ 29); *see also* FED. R. CIV. P. 26(b)(1). Additionally, seeking identification of these providers for the last decade is sufficiently limited in scope, as it seeks records pre-dating his confinement by five years. *McClellan*, 2015 WL 4598871, at *5 (compelling answer to interrogatory seeking identification of health care providers for last ten years); *see also Baca*, 2013 WL 12133826, at *2 (compelling answer to interrogatory seeking identity of health care providers and diagnoses within the five-year period preceding the incident). Therefore, Defendants' MTC as to Interrogatory No. 6 is **GRANTED**.

  *ii. Interrogatory No. 5*

In Interrogatory No. 5, Defendants ask Plaintiff to "describe all grievances, inmate request[s], or other correspondence or appeals [he] submitted to the [SDCJ] or its staff regarding the [incident]." (Doc. 137-2, Defs.' Ex. E at 36.) In response, Plaintiff provides

7

a lengthy list of grievances, including the date and content of the grievance, submitted while Plaintiff was in custody. (Doc. 139, Pl.'s Ex. C at 47–49.) He supplemented his response stating, "I also submitted a substantial number of grievances relating to being placed in segregation/solitary confinement without expl[a]nation or cause, not being allowed yard or outdoor recreation [and] being kept awake or woken frequently that went unanswered." (*Id.* at 49.) Plaintiff's response refers Defendants to his "JIMS log for further details on grievances submitted and any possible response given."[4] (*Id.* at 47.) While Defendants contend Plaintiff's response is incomplete, they offer no explanation as to how the burden of ascertaining the answer through examination of Plaintiff's JIMS records is not substantially the same for either party. *See* FED. R. CIV. P. 33(d); *see also Fresenius Med. Care Holding Inc. v. Baxter Int'l., Inc.*, 224 F.R.D. 644, 650 (N.D. Cal. 2004) ("In order for a party to take advantage of the alternative procedure set forth in Rule 33(d) the burden of deriving or ascertaining the answer must be substantially the same for the party serving the interrogatory as for the party served . . ."). For these reasons, Defendants' MTC as to Interrogatory No. 5 is **DENIED**.

       *iii.   Interrogatory Nos. 8, 11, 14, 17, 20, and 23*

In Interrogatory Nos. 8, 11, 14, 17, 20, and 23, Defendants ask Plaintiff to identify any documents that support his alleged claims, therefore, they are addressed together for purposes of this MTC. (Doc. 137-2, Defs.' Ex. E at 36–38.) Plaintiff refers Defendants to his JIMS records, which consist of copies of grievances submitted while in custody. (Doc. 139 at 52–59.) Additionally, Plaintiff references his letter to Sheriff Gore regarding Plaintiff's complaint with the conditions of his confinement and Sergeant Boorman's response. (*Id.*) In Interrogatory Nos. 8, 11, 14, 17, 20, and 23, Plaintiff inappropriately cross-references his response to Interrogatory No. 5 which details all grievances, inmate requests, and other correspondence or appeals Plaintiff submitted to SDJC. *See* FED. R. CIV. P. 33(b)(3) (answers to interrogatories must be answered separately and *fully*); *see*

---

[4] JIMS refers to the jail information management system.

*McClellan*, 2015 WL 4598871, at *5 (finding response to interrogatory cross-referencing previous interrogatory insufficient based upon Rule 33(b)(3)'s completeness requirement). Without consideration to the inappropriate cross-reference to Interrogatory No. 5, Plaintiff specifies the records that must be reviewed in sufficient detail to enable Defendants to ascertain the answer to the Interrogatories. *See* FED. R. CIV. P. 33(d); *see also Fresenius Med. Care Holding Inc.*, 224 F.R.D. at 650. For these reasons, Defendants' MTC as to Interrogatory Nos. 8, 11, 14, 17, 20, and 23 is **DENIED**.

      *iv. Interrogatory Nos. 9, 12, 15, 18, 21, and 24*

In Interrogatory Nos. 9, 12, 15, 18, 21, and 24, Defendants ask Plaintiff to identify all witnesses that have knowledge of any facts that support Plaintiff's claims, therefore, they are addressed together. (Doc. 137-2, Defs.' Ex. E at 36–38.) In response, Plaintiff states the identification of the other inmates and deputies present during the relevant time frame is readily accessible to Defendants through JIMS records and/or jail housing logs and personnel schedules. (Doc. 139, Pl. Ex. C at 51–60.) Additionally, in response to Interrogatory No. 12's request for identification of witnesses who may have knowledge of Plaintiff's claim that he exhausted administrative remedies, Plaintiff explains "when deputies did sign for grievances they listed their badge numbers instead of their names at times and [P]laintiff cannot identify those individuals by name . . ." (*Id.* at 52–53.)

With respect to identifying SDCJ deputies that may have knowledge of facts that support Plaintiff's claims, Plaintiff specifies the records that must be reviewed in sufficient detail to enable Defendants to ascertain the answer. FED. R. CIV. P. 33(d). However, Plaintiff should supplement his responses to affirmatively state whether he can identify witnesses other than SDCJ employees who may have knowledge of facts to support Plaintiff's claims. *See Jones v. Walinga*, No. 1:19-cv-396-DAD-HBK, 2021 WL 2474500, at *2 (E.D. Cal. June 17, 2021) (compelling answer to interrogatory seeking identities of plaintiff's inmate witnesses who support plaintiff's claims). Therefore, Defendants' MTC as to Interrogatory Nos. 9, 12, 15, 18, 21, and 24 is **GRANTED IN PART AND DENIED IN PART**. Plaintiff must supplement his responses no later than **August 24, 2021**.

     D.    <u>Plaintiff's Responses to RFPs, Set One</u>

As to RFP Nos. 1–48 served on November 24, 2020 (Doc. 137-2, Defs.' Ex. I at 101), Defendants contend Plaintiff failed to unequivocally respond whether he produced all items in his possession, custody, or control. (Doc. 137-1 at 10.) Defendants took issue with the phrasing of Plaintiff's March 8, 2021 supplemental responses which stated, "[w]ithout waiving any right of objection plaintiff responds as follows: After diligent search and inquiry plaintiff produced all *unobjectionable* documents currently in his possession, custody, or control *with objections as stated in writing.*" (Doc. 137-1 at 10; *see also* Defs.' Ex. K at 132–156 (emphasis added).) Plaintiff's April 14, 2021 supplemental responses are phrased slightly differently as follows, "[w]ithout waiving any right of objection whatsoever plaintiff responds as follows: After diligent search and inquiry plaintiff produced all documents currently in his possession, custody, or control *with objections as stated in writing.*" (Doc. 139, Pl.'s Ex. C at 15–42.) Despite the revised phrasing, Defendants contend the responses are still evasive and imply items are being withheld. (Doc. 140 at 3.)

A party may request the production of any document within the scope of Rule 26(b). FED. R. CIV. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). An objection must state whether any responsive materials are being withheld on the basis of that objection. FED. R. CIV. P. 34(b)(2)(C). An objection to part of a request must specify the part objected to and permit inspection or production of the rest. *Id.* The responding party is responsible for the production of all items in "the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1).

Plaintiff's qualified responses stating "with objections as stated in writing" is evasive because it does not indicate whether any responsive materials are being withheld on the basis of that objection. *See* FED. R. CIV. P. 34(b)(2)(C). For this reason, Defendants'

/ / /

MTC as to RFP Nos. 1–48 is **GRANTED**. Plaintiff must serve amended responses no later than **August 24, 2021**.

### E. Reasonable Expenses

Defendants request the Court award them reasonable expenses incurred in bringing this MTC, which comprise of attorney's fees in the amount of $1,442.10. (Doc. 137 at 2.) The Declaration of Jennifer Martin alleges counsel spent 5.7 hours preparing the MTC at an hourly rate of $253.00. (Doc. 137-2 at 4.) Plaintiff asks the Court to deny any request for sanctions as Plaintiff served verified supplemental responses. (Doc. 139 at 2.) Other than the foregoing statement, Plaintiff does not specifically address Defendants' request for reasonable expenses incurred. (*Id.*) However, Plaintiff alleges he "acted as diligently as possible in relaying the written discovery between the County and [his] client." (*Id.*)

In determining the reasonableness of a party's request for payment of expenses, including attorney's fees, courts must consider whether circumstances exist that make an award of expenses unjust. FED. R. CIV. P. 37(a)(5)(A)(iii). If the motion is granted in part and denied in part, the court "*may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C) (emphasis added).

Given that this motion was granted in part and denied in part, the Court, in its discretion, declines to apportion reasonable expenses, including attorney's fees. *See Williams v. Cnty. of San Diego*, No. 17-cv-00815-MMA (JLB), 2019 WL 2330227, at *11 (S.D. Cal. May 31, 2019) (court declined to apportion reasonable expenses because motion to compel granted and denied in part). Additionally, the underlying circumstances of this discovery dispute would make an award of expenses unjust. Viewing Plaintiff's discovery responses in totality, Plaintiff made a good-faith effort to provide responsive information and supplement discovery when requested. Although the meet and confer process and supplemental productions of discovery spanned over the course of several months, Plaintiff is a prisoner and his counsel dealt with delays in transmitting information to his client. (*See* Doc. 139 at 1.) Considering all of the foregoing, Defendants' request for payment of expenses is **DENIED**.

## V. **CONCLUSION**

For the foregoing reasons and as outlined in detail above, the undersigned **GRANTS IN PART AND DENIES IN PART** Defendants' MTC. **IT IS HEREBY ORDERED**:

(1) The MTC as to RFA Nos. 1–5 is **DENIED AS MOOT**;

(2) The MTC as to Interrogatory Nos. 1–3, 5, 8, 11, 14, 17, 20, and 23 is **DENIED**;

(3) The MTC as to Interrogatory No. 4 and 6 is **GRANTED**;

(4) The MTC as to Interrogatory Nos. 9, 12, 15, 18, 21, and 24 is **GRANTED IN PART AND DENIED IN PART**. Plaintiff must supplement his responses no later than **August 24, 2021**;

(5) The MTC as to RFP Nos. 1–48 is **GRANTED**. Plaintiff must serve amended responses no later than **August 24, 2021**;

(6) Defendants' request for reasonable expenses incurred in bringing this MTC, comprising of attorney's fees in the amount of $1,442.10, is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 10, 2021

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE