UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT SCOTT GRIZZLE,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>    Defendants. | Case No.: 17-cv-00813-JLS-RBM<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANTS' MOTION FOR BIFURCATION, EXPEDITED EVIDENTIARY HEARING, AND ENTRY OF JUDGMENT; AND**<br><br>**(2) DENYING AS MOOT DEFENDANTS' MOTION TO VACATE OR CONTINUE THE PRETRIAL DEADLINES**<br><br>**[Docs. 144, 145]** |

On December 13, 2021, Defendants, County of San Diego, William Gore, Lena Lovelace, and Aaron Boorman (collectively, "Defendants") filed a motion for bifurcation, expedited evidentiary hearing, and entry of judgment on the affirmative defense of failure to exhaust ("Motion for Bifurcation"). (Doc. 144.) Defendants seek to bifurcate trial by holding an early evidentiary hearing on the issue of exhaustion claiming bifurcation "is

appropriate to expedite and economize trial." (Doc. 144–1 at 2.) Additionally, Defendants request the Court to enter judgment in their favor at the conclusion of the requested expedited evidentiary hearing. (*Id.* at 7.)

Following Defendants' Motion for Bifurcation, Defendants filed an ex parte motion to vacate or continue the pretrial deadlines ("Motion to Vacate") pending the outcome of Defendants' Motion for Bifurcation. (Doc. 145.) Defendants request the Court to vacate all remaining pretrial dates in the fourth amended scheduling order (Doc. 142) or in the alternative, continue all dates and deadlines by 90 to 120 days. (Doc. 145 at 2.) Defendants claim "it would be a waste of resources for the parties to complete the pretrial work . . . if the case is disposed of at the preliminary hearing requested in the Defendants' Motion for Bifurcation . . . ." (*Id.* at 2.)

For the reasons discussed below, Defendants' Motion for Bifurcation is **DENIED** and Defendants' Motion to Vacate is **DENIED AS MOOT**.

A.   Motion for Bifurcation

"Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). The Ninth Circuit has held that "the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA . . . is a motion for summary judgment under Rule 56." *Id.* at 1168.

Defendants claim a preliminary evidentiary hearing is appropriate in the instant case as "Plaintiff intentionally created factual issues to avoid summary judgment" and "testified in a manner designed to avoid summary judgment." (Doc. 144–1 at 5.) However, Defendants recently filed a motion for summary judgment ("MSJ") (Doc. 148) on January 5, 2022, but they did not address exhaustion in their MSJ briefing. Therefore, the Court *sua sponte* grants Defendants **fourteen (14) calendar days** to file supplemental briefing, if any, should Defendants wish to address exhaustion. An order setting a briefing schedule on the supplemental briefing, if any, response to the MSJ, and reply is forthcoming. Because Defendants may raise the issue of exhaustion in their summary judgment motion,

2

17-cv-00813-JLS-RBM

bifurcation of trial and an expedited evidentiary hearing are unnecessary. For the foregoing reasons, Defendants' request for bifurcation, expedited evidentiary hearing, and entry of judgment on the affirmative defense of exhaustion is **DENIED**.

B. Motion to Vacate

A scheduling order may be modified only upon a showing of good cause and with the judge's consent. FED. R. CIV. P. 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (stating, "the focus of [the good cause] inquiry is upon the moving party's reasons for seeking modification.").

As to the request to vacate or otherwise continue the remaining pretrial dates pending the outcome of Defendants' request for bifurcation of trial, evidentiary hearing, and entry of judgment, the Motion to Vacate is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: January 10, 2022

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE