UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT SCOTT GRIZZLE,<br><br>                  Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                  Defendants. | Case No.: 17-cv-00813-JLS-RBM<br><br>**ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE DEFENDANTS' EX PARTE APPLICATION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; AND**<br><br>**(2) DENYING WITHOUT PREJUDICE DEFENDANTS' EX PARTE APPLICATION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**<br><br>[Docs. 146, 151] |

Defendants, County of San Diego, William Gore, Lena Lovelace, and Aaron Boorman (collectively, "Defendants") have filed two ex parte applications to file documents under seal which support Defendants' motion for summary judgment and

supplemental briefing (collectively "MSJ").[1] The first ex parte application was filed on January 5, 2022 ("First Motion"). (Docs. 146, 148, 151, 153.) The second ex parte application was filed on January 24, 2022 ("Second Motion"). (Doc. 151.) Defendants seek to file under seal "portions of the Undisputed Material Facts, the Points and Authorities, and the entirety of Exhibit A [Plaintiff's deposition]" in support of Defendants' MSJ. (Doc. 146 at 1; Doc. 151 at 1–2.) Defendants allege Plaintiff's deposition is marked as "confidential" under the protective order filed on December 2, 2020 (Doc. 126), "which requires the parties to request filing under seal." (Doc. 146 at 1.) Plaintiff's counsel has not filed a brief in opposition to Defendants' First Motion or Second Motion to seal.

For the reasons outlined below, Defendants' First Motion and Second Motion to file documents under seal are **<u>DENIED WITHOUT PREJUDICE</u>**.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*citing Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (*quoting U.S. v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

When a party moves to file under seal a motion or documents attached to a motion, the focus is on the underlying motion and whether it is "more than tangentially related to

---

[1] The undersigned's January 10, 2022 order denying Defendants' motion for bifurcation provided Defendants fourteen (14) calendar days to file supplemental briefing in support of their motion for summary judgment, if any, on the issue of exhaustion. (Doc. 150 at 2.)

the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. If the underlying motion is more than tangentially related to the merits, like here, the movant must show "compelling reasons" for overcoming the presumption in favor of public access. *Id.* at 1096–98.

Here, Defendants move to file under seal the entirety of Exhibit A and portions of Defendants' MSJ, which reference Exhibit A. Because Defendants' underlying motion is more than tangentially related to the merits of the instant case, Defendants must "articulate reasons supported by specific factual findings" to warrant sealing supporting documents related to a dispositive motion, such as a motion for summary judgment. *See Kamakana*, 447 F.3d at 1178; *see also Vaughn v. Parker*, No.: 18-cv-2098-JAH-MDD, 2019 WL 4393716, at *2 (S.D. Cal. Sept. 12, 2019) (finding that the movant must articulate compelling reasons where the underlying motion was a motion for summary judgment).

Defendants' First Motion and Second Motion do not comply with the law of this circuit, requiring the party moving for a sealing order to make a particularized showing of compelling reasons. *Kamakana*, 447 F.3d at 1172; *Mendell v. Am. Med. Response Inc.*, No. 19-cv-01227-BAS-KSC, 2021 WL 398486, at *2 (S.D. Cal. Feb. 3, 2021); *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 586 (N.D. Cal. Mar. 9, 2020). Defendants' one-page motions solely rely on the parties' December 2, 2020 protective order (Docs. 126, 146, 151) to support their contention that sealing is appropriate; the motions do not identify or explain why any particular statements or portions of Exhibit A may warrant sealing. A protective order itself is insufficient to supply "a legal basis to curtail the public's access to judicial records." *See Mendell*, 2021 WL 398486, at *2 (court denied the parties' motion to file documents under seal where the parties solely relied on a stipulated protective order and non-opposition by opposing counsel); *see also In re Ferrero Litig.*, No. 11-cv-205 H(CAB), 2011 WL 3360443, at *2 (S.D. Cal. Aug. 3, 2011) (court denied motion to file under seal holding that protective order itself does not satisfy the standard for a sealing order). Therefore, Defendants have not met their burden to show compelling reasons that would support their motions to file documents under seal.

Accordingly, Defendants' First Motion and Second Motion to file documents under

seal in support of their MSJ are **DENIED WITHOUT PREJUDICE**. The parties may reapply for a sealing order **on or before March 1, 2022**. Should the parties elect to do so, the parties must meet and confer to coordinate any request to seal the same material and avoid duplicative filings. Any motion for a sealing order must fully address the "compelling reasons" supporting the sealing of the relevant information.

**IT IS SO ORDERED.**

Dated: February 8, 2022

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE