UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT SCOTT GRIZZLE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 17-cv-00813-JLS-RBM<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART JOINT MOTION TO VACATE OR CONTINUE PRETRIAL DEADLINES; AND**<br><br>**(2) FIFTH AMENDED SCHEDULING ORDER**<br><br>[Doc. 156] |

　　　Before the Court is Plaintiff Elliot Scott Grizzle ("Plaintiff") and Defendants County of San Diego, Sheriff William Gore, Lieutenant Lena Lovelace, and Sergeant Aaron Boorman's (collectively "Defendants") joint motion to vacate or continue specific pretrial deadlines ("Joint Motion") while Defendants' motion for summary judgment ("MSJ") is pending a ruling. (Doc. 156.) The Joint Motion requests that the Court vacate, or in the alternative, continue by 120 days specific pretrial deadlines set forth in the undersigned's June 21, 2021 fourth amended scheduling order ("Scheduling Order"). (Doc. 142.) This

1

is the parties' sixth request for a continuance. (Docs. 125, 130, 134, 141, 145, 156.) The parties allege good cause exists to vacate dates because "it would be a waste of resources for the parties to complete the pretrial work as well as a waste of the Court's resources to go forward with the upcoming pretrial conferences while there is an unresolved possibility the case may be disposed of through summary judgment." (Doc. 156 at 2.)

The undersigned's Scheduling Order set the pretrial disclosures deadline on **April 14, 2022**, meet and confer deadline on **April 21, 2022**, proposed final pretrial conference order deadline on **May 5, 2022**, and the final pretrial conference on **May 12, 2022**. (Doc. 142 at 4–5.)

A scheduling order may be modified only upon a showing of good cause and with the judge's consent. FED. R. CIV. P. 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (stating, "the focus of [the good cause] inquiry is upon the moving party's reasons for seeking modification.").

This case was in the initial pleading stage from 2017 until 2020. (Docs. 1–121.) However, the parties have acted diligently since Defendants answered the third amended complaint in August 2020, and they have attempted to comply with scheduling order deadlines. (*See* Docs. 123, 128, 132–133, 136–137.) Defendants' MSJ will not be fully briefed until March 7, 2022, and it is has been referred to the undersigned for a report and recommendation ("R&R") which will include an objection period. (Doc. 156 at 2.) Absent a continuance of the scheduling order dates, the parties would likely have to proceed with pretrial disclosures given the MSJ briefing and R&R objection period. In the interests of judicial economy, good cause exists to grant a continuance of time. Accordingly, Defendants' Joint Motion is **GRANTED IN PART** and **DENIED IN PART**. The Scheduling Order (Doc. 142) is hereby **AMENDED AS FOLLOWS**:

1. A Mandatory Settlement Conference shall be conducted on **April 6, 2022** at **1:30 p.m.** in the chambers of **Magistrate Judge Ruth Bermudez Montenegro, 2003 W. Adams Ave., Suite 220, El Centro, California 92243**. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers by

**March 25, 2022**.  All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

2. If Plaintiff is incarcerated in a penal institution or other facility, the Plaintiff's presence is not required at conferences before **Magistrate Judge Ruth Bermudez Montenegro**, and the Plaintiff may appear by telephone.  In that case, defense counsel is to coordinate the Plaintiff's appearance by telephone.

3. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Civil Local Rule 16.1(f)(2) by **August 12, 2022**.

4. Counsel shall comply with the pre-trial disclosure requirements of FED. R. CIV. P. 26(a)(3) by **August 12, 2022**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under FED. R. CIV. P. 37.

5. Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) by **August 19, 2022**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Civil Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under FED. R. CIV. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

6. Counsel for Plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **August 26, 2022**, Plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with Plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

7. The Proposed Final Pretrial Conference Order, including objections to any other parties' FED. R. CIV. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **September 2, 2022**, and shall be in the form

prescribed in and comply with Civil Local Rule 16.1(f)(6).

8. The Final Pretrial Conference is scheduled on the calendar of the **Honorable Janis L. Sammartino** on <u>**September 8, 2022**</u> at <u>**1:30 p.m.**</u>

9. The parties must review the chambers' rules for the assigned magistrate judge.

10. A post trial settlement conference before a magistrate judge may be held within thirty days of verdict in the case.

11. The dates and times set forth herein will not be modified except for good cause shown.

12. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

13. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: February 15, 2022

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE