UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOTT SCOTT GRIZZLE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 17-CV-813-JLS-WVG<br><br>**ORDER ON PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** |

　　　　Pending before the Court is Plaintiff's Response to this Court's June 21, 2022 Order to Show Cause ("OSC"), which was prompted by Plaintiff's counsel's failure to appear for the June 21, 2022 Video Mandatory Settlement Conference ("MSC"). (Doc. No. 176.) Plaintiff's counsel, Kevin Macnamara, contends his absence from the MSC was due to a medical emergency, specifically profuse sweating that developed after Mr. Macnamara was discharged from La Palma Intercommunity Hospital on or about June 20, 2022. (*Id.*, 2:1-8.) The Court has reviewed Plaintiff's Response to the OSC as well as Mr. Macnamara's pertinent medical records that Plaintiff attached as "Exhibit A" to his Response. Having considered Plaintiff's submissions, the Court declines to impose sanctions upon Plaintiff for Mr. Macnamara's non-compliance. The Court elaborates below.

Courts "unquestionably" possess the inherent power to assess sanctions for disobedience of a court order. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). This District's Civil Local Rule 83.1 emphasizes the point in providing that non-compliance with court orders, the Local Rules, or the Federal Rules of Civil or Criminal Procedure may be grounds for the Court to impose "any and all sanctions... including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions. Civ. L.R. 83.1(a)-(b). "When choosing among possible sanctions, the court should consider a sanction designed to: (1) penalize those whose conduct may be deemed to warrant such a sanction; (2) deter parties from engaging in the sanctioned conduct; (3) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (4) restore a prejudiced party to the same position he or she would have been in absent the wrongdoing." *Robinson v. City of San Diego*, 2013 WL 525679, at *4 (S.D. Cal. Feb. 8, 2013) (citing *Palmer v. Stassinos*, 2007 WL 2288119, 3 (N.D. Cal. Aug.6, 2007).); *see also* Fed. R. Civ. P. 16(f) (stating "on motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A) (ii)-(vii)" for a party's failure to appear at a scheduling or pretrial conference.)

Undoubtedly, Mr. Macnamara violated the Court's April 20, 2022 Order when he failed to appear for the June 21, 2022 MSC. Although Plaintiff's Response does not explicitly state so, it appears Mr. Macnamara had an opportunity to alert the Court of his medical emergency prior to the MSC but failed to do so. In Plaintiff's Response, Mr. Macnamara indicates he "began to sweat profusely" after he left La Palma Intercommunity Hospital, and his hospital visit took place at least one day prior to the MSC. (*Id*., 2:1-8.) Even so, Mr. Macnamara declined to provide advance notice to the Court of his fear of "execut[ion] by electrocution" due to his profuse sweating and quadriplegic state, which was the apparent cause of Mr. Macnamara's absence from the MSC. (*Id*., 1:20; 2:14-17.) Mr. Macnamara exacerbated his non-compliance by failing to respond to Chambers' June

21, 2022 voicemail message, two follow-up phone calls, and two emails inquiring about his availability to participate in the MSC that afternoon.

Mr. Macnamara's reticence is not well taken. Leading up to and during the MSC, Mr. Macnamara had ongoing opportunities to inform the Court that he was experiencing a medical issue necessitating a continuance of the MSC. Nonetheless, Mr. Macnamara declined to contact Chambers during this span of time. Moreover, the Court's orders to appear for the MSC were just that- orders and not suggestions. All attorneys, including Mr. Macnamara were expected to appear. Mr. Macnamara's failure to appreciate this requirement both hampers this action's progress and undermines the Court's objective to manage its cases efficiently. Nevertheless, the Court declines to impose sanctions onto Mr. Macnamara. Concurrently, the Court cautions Mr. Macnamara it will not tolerate future non-compliance, particularly the kind that disrupts this litigation or the Court's docket. Mr. Macnamara is reminded to make every effort to comply with the Court's orders and all applicable rules to avoid the risk of non-compliance and the imposition of sanctions.

Dated: July 11, 2022

_____
Hon. William V. Gallo
United States Magistrate Judge